# Valli Kane & Vagnini
### Attorneys at Law

600 Old Country Road  
St. 519  
Garden City, New York 11530

Tel: 516-203-7180  
Fax: 516-706-0248  
www.vkvlawyers.com

April 12, 2019

**VIA ECF**  
The Honorable Deborah A. Batts, U.S.D.J.  
United States District Court  
Southern District of New York  
500 Pearl Street, Room 2510  
New York, New York 10007

Re:   *Dorce et al. v. City of New York et al,*  
       Case No. 1:19-cv-02216 (DAB)

Dear Judge Batts:

      We represent the plaintiffs in the above-referenced action and write to address the correspondence dated April 9, 2019, sent by the City Law Department under the signature of Andrea B. Feller, Esq. (the "City") to Your Honor and the letter submitted today by Brian Markowitz, Esq., counsel for defendants Neighborhood Restore Housing Development Fund Corporation, i/s/h/a Neighborhood Restore Housing Development Fund Co. Inc. ("NR") and BDSC Kings Covenant Housing Development Fund Company, Inc. ("BSDC") (collectively, "Defendants").

      We oppose Defendants' application for an extension of time to respond to plaintiffs' complaint in the action because it is both improper and premature. Consequently, plaintiffs respectfully request that this Court either disregard Defendants' letters 2019 and/or deny their requests for relief for the following reasons:

      *First*, pursuant to the Federal Rules of Civil Procedure ("FRCP"), Defendants' should have made a *motion* for their requested relief, rather than a letter application. FRCP Rule 7(b)(1) states:
> *In General.* A request for a court order must be made by motion. The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought.

Fed. R. Civ. P. 7(b)(1). Nothing in the Local Rules of the Southern District of New York or in Your Honor's Individual Rules ("Rules") of Practice abrogates the requirement contained in

Hon. Deborah A. Batts, U.S.D.J.
April 12, 2019
Page 2

Rule 7(b)(1) that a request for relief be made in the form of a *motion*.[1] For this reason *alone*, the request should be denied.

*Second*, the application is unnecessary as Plaintiffs have already consented to a thirty (30) day extension of the City's time to answer plaintiffs' complaint. Specifically, service was effected on the City on March 26, 2019. On Friday, April 5, 2019, the City requested a 60-day extension to file its answer. Plaintiffs agreed to extend the professional courtesy of an additional thirty (30) days in addition to the statutorily provided 20-day response period (i.e. extending the time to answer or otherwise respond to May 15, 2019). Similarly, Mr. Markowitz contacted the undersigned this week and made an analogous request on behalf of Defendant BDSC. Plaintiffs' counsel extended him the same professional courtesy given to the City, agreeing to an extension to May 15, 2019.

Accordingly, plaintiffs have already consented to provide these Defendants until May 15, 2019 to submit their answers or responsive motions. However, instead of forwarding a stipulation to the undersigned for signature and submission into the docket, without advance notice[2], in an *ex parte* communication to the Court, the City's counsel submitted an improper letter application to your Honor, which was followed by Mr. Markowitz's request, filed today.

*Third*, the City, by its improper letter application, seeks to litigate the merits of the case, unnecessarily burdening the Court with its characterizations of plaintiffs' pleadings and requests for relief. Plaintiffs do not intend to similarly burden the Court with litigating the merits of the action against Defendants by improper letter submissions between the parties and will do our best to be brief as it pertains to the facts herein.

Relatedly, the City appears to be asking the Court to permit it time to engage in discovery of plaintiffs' claims ***before*** answering plaintiffs' complaint. This request is not only a flagrant violation of the FRCP, it is also unnecessary, disingenuous and prejudicial to plaintiffs' right to move this matter forward in a timely manner before this Court. One of the named plaintiffs in this action (Ms. Murchinson) has been dispossessed from her property and is currently homeless, a situation that Mr. Markowitz mischaracterizes as "squatting" in one of his client's buildings. *See* letter from Brian Markowtiz, Esq., ECF Dkt. No. 19. We advised Mr. Markowitz that we were willing to grant extensions of sixty (60) days, as requested, if he was willing to agree to refrain from bringing landlord-tenant action to secure possession against Ms. Murchinson during the extension period. Instead, he filed his letter.

---

[1] Defendants' letters also appear to be non-compliant with Rule (E) of Your Honor's Rules.

[2] Counsel for the City did notify us by telephone after the City's letter request was filed, and we received a copy of it through the ECF system. Similarly, we received a copy through the ECF system of Mr. Markowitz's request.

Hon. Deborah A. Batts, U.S.D.J.
April 12, 2019
Page 3

      *Fourth*, Defendants are no strangers to the issues presented in the instant action. The City has been actively involved in challenges to the *in rem* foreclosure seizures that are the subject of plaintiffs' complaint in a number of emergency applications presented to New York State Supreme Courts between September 2018 and March 2019 by individuals and entities who previously lost title to their property. In fact, the City is a party to an action in which Kings County Supreme Court Judge Mark Partnow, in a 69-page decision issued on March 28, 2019, which excoriated the City's conduct, which he found shocked the conscience of the Court. In considering, among other things, the nature and extent of the presentations made by the City in opposition to the applications and before the Court, Judge Partnow ruled that nonetheless title should be returned to the owners, and he vacated the City's *in rem* judgments.[3]

      *Fifth*, the undersigned brings to the Court's attention that in addition to the City, the other defendants named in this action are: (a) NR; (b) BDSC; (c) and Maria Torres-Springer (as Commissioner of the New York City Department of Housing Preservation and Development), all of whom have been served. For those defendants who requested an extension of time to answer, we have agreed to an additional thirty (30) days and have no objection to doing so for all defendants who make such a request. Therefore, as of today, the responses to the complaint in the action are due as follows: NR: May 15, 2019; BDSC: May 15, 2019; and Maria-Torres-Springer: April 25, 2019.

      *Finally*, while plaintiffs will not burden the Court with an unnecessary and improperly timed recitation of our complete position in response to Defendants' letters, we would be remiss if we did not clarify that plaintiffs do seek, among other relief sought in their complaint, certain declaratory relief as to the City's local law under which it has orchestrated its *in rem* seizures of private property.

      As Judge Partnow stated in his decision, what is at stake in these matters is the precious asset of property ownership and the parties' constitutional rights in that regard. Relatedly, plaintiffs' action encompasses individuals and parties that have been dispossessed of residency and/or control of their premises, and addresses the City's intent to continue to target and seize the ownership of private property, among other things. Thus, plaintiffs respectfully submit that this Court should not countenance any of defendants' attempts to do an end-run around the FRCP and this Court's Rules, or to embark on unconventional methods and practices that would inevitably result in delaying the parties and this Court's time to address the merits of plaintiffs' action.

Respectfully submitted,

Matthew L. Berman, Esq.

---

[3] A copy of Judge Partnow's decision is attached hereto for the Court's convenience.

Hon. Deborah A. Batts, U.S.D.J.
April 12, 2019
Page 4

                                      **Valli Kane & Vagnini, LLP**
                                      600 Old Country Road, Suite 519
                                      Garden City, New York 10015
                                      *Attorneys for Plaintiffs*

cc:    All counsel of record, via ECF and via email.