

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

ANDREA B. FELLER
Senior Counsel
Commercial and Real Estate Litigation
AFeller@law.nyc.gov
212-356-2565
212-356-2088 (fax)

April 9, 2019

**VIA ECF**
Hon. Deborah A. Batts
United States District Court
Southern District of New York
40 Centre Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/15/19_____

Re:   *McConnell Dorce v. City of New York, et al.*
      1:19-cv-02216 (DAB)

Dear Judge Batts:

GRANTED.
/s/ DAB
4/15/19

Defendant has until May 15, 2019 to answer or otherwise respond to the Complaint.

We represent defendant the City of New York ("City") in the above-captioned matter, in which a summons and complaint was served on the City on March 26, 2019. For the reasons set forth below, the City respectfully requests a 60-day enlargement of time, from April 15, 2019 until June 14, 2019, to answer or otherwise respond to the complaint. This is the City's first request for an extension of time to respond to the complaint. In response to the City's request for plaintiffs' consent to the proposed enlargement of time, plaintiffs' counsel agreed to consent to a 30-day enlargement until on or about May 15, 2019.

There are several reasons for seeking an enlargement of time of 60 days in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, the City needs time to investigate the complex legal and factual allegations set forth in the complaint. The complaint, brought as a class action and seeking both monetary and injunctive relief, asserts Constitutional claims implicating an entire body of law, specifically, the City's modified *in rem* foreclosure law, NYC Administrative Code, Title 11, chapter 4, which the City has been utilizing since its adoption in 1996 and which has been applied to hundreds of properties. Federal claims include due process and just compensation clause violations; supplemental claims include violation of multiple state constitutional, state statutory, and NYC

Administrative Code provisions. The supplemental claims will require research into statutory and legislative history.

Each of the three plaintiffs alleges having been deprived of due process by foreclosure of property pursuant to the law at issue and makes multiple specific allegations about actions that allegedly resulted in such deprivation. Upon information and belief, two of the foreclosures occurred within the past year, while the third foreclosure occurred as much as seven years ago. The City needs time to adequately explore the facts of each of these instances of foreclosure, as well as examine each of the actions leading to foreclosure that plaintiffs allege denied them due process.

In addition, according to the Court's electronic file for this action, defendants Neighborhood Restore Housing Development Fund Corporation and Maria Torres-Springer, former Commissioner of the City's Department of Housing Preservation and Development have not been served with process as of this time. The requested enlargement of time would give plaintiff time to serve the additional parties. Furthermore, if such service is made, time would be necessary to allow this office to decide whether to offer representation to Ms. Torres-Springer, a former City employee, and, assuming such a representation offer is made, would allow Ms. Torres-Springer time to decide whether to accept such representation, which carries conditions, or instead retain private counsel.

Additionally, counsel for the City have several prior commitments involving deadlines in other matters during the time period involved, limiting available time.

Plaintiffs' counsel, Matthew Berman of Valli Kane and Vagnini LLP, advised that he could not agree to the full 60-day extension because one of the plaintiffs, Sherlivia Thomas-Murchison, allegedly has been "dispossessed" and is now homeless. Unfortunate as that may be if correct (and the City needs time, as noted, to explore the facts of all the plaintiffs' situations), inasmuch as plaintiffs are not seeking any form of emergency relief and, in any event, are not seeking restoration of title to property, but rather money damages and an injunction against the City's foreclosure program, an additional 30-day extension to respond beyond the 30 days plaintiffs agreed to would not seem to significantly affect the course of the litigation or Ms. Thomas-Murchison's status.

For the reasons set forth herein, defendant City respectfully requests that its time to answer or otherwise respond to the complaint be extended to June 14, 2019.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/

Andrea B. Feller
*Assistant Corporation Counsel*

cc: Matthew Berman, Esq. (*Via ECF*)

SO ORDERED.

_____
Deborah A. Batts
United States District Judge

4/15/19