**GOLDSTEIN HALL PLLC**
Attorneys for Defendants
*NEIGHBORHOOD RESTORE HOUSING*
*DEVELOPMENT FUND CORPORATION and*
*BSDC KINGS COVENANT HOUSING*
*DEVELOPMENT FUND COMPANY, INC.*
80 Broad Street, Suite 303
New York, New York 10004
(646) 768-4127
By:     Brian J. Markowitz (BM-9640)
        bmarkowitz@goldsteinhall.com
        Matthew Trauner (MT-9113)
        mtrauner@goldsteinhall.com


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
McCONNELL   DORCE,   CECILIA   JONES,
and   SHERLIVIA THOMAS-MURCHINSON, individually and
on behalf of all others similarly situated,                    Case No. 1:19-CV-02216 DAB

                                                Plaintiff,

                        -against-

CITY   OF   NEW   YORK,   NEIGHBORHOOD   RESTORE
HOUSING   DEVELOPMENT   FUND   CO.   INC.,   BSDC
KINGS COVENANT HOUSING DEVELOPMENT FUND
COMPANY,   INC.,   MARIA   TORRES-SPRINGER
(Commissioner of the New York City Housing Preservation
and Development); JOHN DOE #1 to #10, and JANE DOE
#1 to #10,

                                                Defendants.

-----------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS, NEIGHBORHOOD RESTORE
HOUSING       DEVELOPMENT       FUND
CORPORATION   AND   BSDC   KINGS
COVENANT HOUSING DEPARTMENT FUND
COMPANY INC'S MOTION TO DISMISS**

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................. 1

FACTUAL BACKGROUND ...................................................................................... 1

STANDARD OF REVIEW ......................................................................................... 3

      A.   Standard of Review for a 12(b)(1) Motion to Dismiss the Complaint ............................................................. 3

      B.   Standard of Review for a 12(b)(6) Motion to Dismiss the Complaint ............................................................. 4

      C.   Standard of Review for Standing .......................................... 5

ARGUMENT ............................................................................................................... 5

      POINT I ......................................................................................... 5

      THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS ......................................................................................... 5

      A.   This Case Meets the First Rooker-Feldman Factor Because Plaintiffs Lost In State Court .................................... 7

      B.   Plaintiffs' Complaint Satisfies the Second Rooker-Feldman Factor Because the Complaint Is For Injuries Caused By A State Court Decision. ....................................................................... 8

      C.   The Third Rooker-Feldman Factor Is Satisfied Because Plaintiffs' Complaint Invites the District Court to Review the State Court Judgment .......................................................................... 9

      POINT II ....................................................................................... 12

      PLAINTIFFS' JONES AND MURCHINSON LACK STANDING TO BRING THE ACTION .................................... 12

      A.   There Is No Injury-In-Fact ................................................. 13

POINT III ............................................................................................... 15

    THE COMPLAINT FAILS TO STATE A CLAIM
    FOR RELIEF ................................................................... 15

    A.   The First and Second Causes of Action Fail to
        State a Claim against Defendants
        Neighborhood Restore or Bridge Street. ........................................... 15

    B.   The Third and Fourth Causes of Action Fail to
        State a Claim ...................................................................... 16

    C.   The Fifth Cause of Action Fails to State a
        Claim ................................................................................. 17

    D.   The Sixth Cause of Action Fails to State a
        Claim ................................................................................. 17

    E.   The Seventh Cause of Action Complaint Fails
        to State a Claim .................................................................. 19

    F.   The Eighth Cause of Action Fails to State a
        Claim ................................................................................. 20

    G.   The Tenth, Eleventh and Twelfth Causes of
        Action Fail to State a Claim ............................................... 21

CONCLUSION ................................................................................... 21

## TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Aguaiza v. Vantage Props., LLC*
  69 A.D.3d 422, 423 (1st Dep't 2010)…………………………………………………………20

*Andrews v. City of New York*,
  2004 USDistLEXIS 30290, 23-24 (EDNY 2004)……………………………………………17

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd*.,
  493 F.3d 87 (2d Cir. 2007)……………………………………………………………………… 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ………………………………………………………………………… .4

*Bingham v. Zolt*
  66 F.3d 553, 562 (2d Cir.1995)…………………………………………………………………14

*Blakely v. Cardozo*
  No. 07 CIV. 3951 DLC, 2007 WL 2702241 (S.D.N.Y. Sept. 17, 2007………………………13

*Castellano v. JPMorgan Chase Bank N.A.*
  No. 13-CV-03390 (NSR), 2014 WL 988563, at 3 (S.D.N.Y. Mar. 13, 2014)…………………6

*Ceribelli v. Elghanayan*
  990 F.2d 62, 63 (2d Cir.1993)……………………………………………………………….....14

*Cerveceria Modelo, S.A. de C.V. v. USPA Accessories LLC*,
  No. 07-CV-7998, 2008 WL 1710910 (S.D.N.Y. Apr. 10, 2008)…………………………… 4

*Chiste v. Hotels.com* L.P.
  756 FSupp2d 382, 406 (SDNY 2010)……………………………………………………...21

*Church of the Am. Knights of the Ku Klux Klan v. Kerik*
  356 F3d 197, 210 (2d Cir. 2004)………………………………………………………………18

*City of Oklahoma City v. Tuttle*
  471 US 808, 816 (1985)…………………………………………………………………………17

*Cooper v. Ramos*
  704 F.3d 772, 780 (9th Cir. 2012)…………………………………………………………...9

*Cortlandt St. Recovery Corp. v. Hellas Telecomms.*, S.Á.R.L.

   790 F.3d 411, 417 (2d Cir. 2015)……………………………………….………..12

*Darby Trading Inc. v. Shell Int'l Trading & Shipping Co. Ltd.*,

   No. 07-CV-0400, 2008 WL 852787 (S.D.N.Y. Mar. 31, 2008) ................................ 4

*Denney v. Deutsche Bank AG*

   443 F.3d 253, 263 (2d Cir.2006)……………………………………...…….13

*Dusenbery v. United States*

   534 US 161, 167 (2002)……………………………………………………16

*Estler v. Dunkin' Brands, Inc.*,

   2016 USDistLEXIS 137315, 9 (SDNY 2016)………………………………...20

*Exxon Mobil Corp. v. Saudi Basic Industries Corp*

   544 U.S. 280, 284 & 291 (2005) ………………………………………………...5,6

*Facio v. Jones*

   929 F2d 541, 544 (10th Cir 1991)…………………………………………10

*Fullerton Ave. Land Dev. v. Cianciulli*

   48 FedAppx 813, 815 (2d Cir 2002)………………………………………10

*Gaidon v. Guardian Life Ins. Co. of Am.*

   94 N.Y.2d 330, 344 (1999)…………………………………………………20

*Genesco Entertainment, Inc. v. Koch*

   593 FSupp. 743, 751 (SDNY 1984)………………………………………20

*Green v. Mattingly*

   585 F.3d 97 (2d Cir. 2009)……………………………………………………8,9

*Gunn v. Ambac Assur. Corp*

   No. 11 CIV. 5497 1C JLC, 2012 WL 3188849, at 2 (S.D.N.Y. Aug. 6, 2012)………………...6

*Hirsch v. Arthur Andersen & Co.*,

   72 F.3d 1085 (2d Cir. 1995)....................................................................... 4

*Hoblock v. Albany Cnty. Bd. of Elections*

   422 F.3d 77, 85 (2d Cir. 2005)………………………………………………6,9,11

*Kajoshaj v. N.Y.C. Dep't of Educ.*

   2013 USAppLEXIS 20762, 9-10 (2d Cir. 2013)………………………………...19

*Kinkopf v. Triborough Bridge & Tunnel Auth.*

6 Misc3d 73, 74 (App. Term 2d Dep't 2004)……………………………………………………20

*Levy v. New York*

726 FSupp 1446, 1453 (SDNY 1989)……………………………………………………...19

*Lewis v. Casey*

518 U.S. 343, 357, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)…………………………………12

*Lujan v. Defenders of Wildlife*

504 US 555, 560-61 (1992)……………………………………………………………...5,12,13

*Mayer v. City of New Rochelle*

2003 USDistLEXIS 8761, fn16 (SDNY 2003)……………………………………………16

*Magee v. Nassau County Medical Center,*

27 F. Supp.2d 154 (E.D.N.Y. 1998)........................................................................ 4

*Miller v Wells Fargo Bank, N.A.*

994 FSupp2d 542, 558 (SDNY 2014)……………………………………………………...21

*Miner v. Clinton Cty., N.Y.*

541 F.3d 464 (2d Cir. 2008)………………………………………………………………19

*Mosby v. Ligon*

418 F3d 927, 932-33 (8th Cir 2005)……………………………………………………10

*Nelson v. City of New York*

352 U.S. 103, 77 S. Ct. 195, 1 L. Ed. 2d 171 (1956)……………………………………19

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*

85 N.Y.2d 20, 24-25 (1995)……………………………………………………………20

*Rieger v. Drabinsky (In re Livent, Inc. Noteholders Sec. Litig.),*

151 F. Supp. 2d 371 (S.D.N.Y. 2001)........................................................................ 4

*Rooker v. Fidelity Trust Co.*

263 U.S. 413, 416 (1923)……………………………………………………………6

*Public Utilities Comm'n v. Pollak*

343 US 451, 461 (1952)……………………………………………………………16

*Salem v. Paroli*

260 B.R. 246, 254 (S.D.N.Y. 2001), aff'd, 79 F. App'x 455 (2d Cir. 2003)………………....6

*Singer v. Fulton Cnty. Sheriff*

63 F3d 110, 119 (2d Cir. 1995)……………………………………………………...17

*Singh v. NYCTL 2009-A Trust*

    2016 USDistLEXIS 94738, 33 (SDNY 2016)…………………………………………….20

*Shred-It USA, Inc. v. Mobile Data Shred, Inc.*

    228 FSupp2d 455, 465 (SDNY 2002)……………………………………………...20

*Skinner v. Switzer*

    562 U.S. 521 (2011)……………………………………………………………………9

*Spokeo, Inc. v. Robins*, U.S.

    136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016)……………………………………....12

*Tupaz v. Clinton County*

    499 FSupp2d 182, 191 (NDNY 2007)……………………………………………...19

*United States ex rel Kreindler & Kreindler v. United Technologies Corp.*,

    985 F.2d 1148 (2d Cir. 1993)…………………………………………………… 3

*Vossbrinck v. Accredited Home Lenders, Inc.*

    773 F.3d 423, 426 (2d. Cir. 2014)……………………………………………7,8,11

*Warth v. Seldin*

    422 U.S. 490, 518, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)……………………………12

*Weiss v Violet Realty, Inc.*

    160 FAppx 119, 120 (2d Cir. 2005)……………………………………………..21

*Whitmore v. Arkansas*

    495 U.S. 149, 155-56 (1990)……………………………………………………13

*Wilson v. Deutsche Bank Nat'l Trust*

    410 F. App'x 409, 410 (2d Cir.2011) …………………………………………..7

*Winslow v. Stevens*

    632 FedAppx 721, 723-24 (3d Cir 2015)……………………………………………..10

## Statutes

42 U.S.C. Section 1983…………………………………………………………….17

Ad. Code § 11-406………………………………………………………………….15

Fed. R. Civ. P. 8(a)(2)……………………………………………………………...2

Fed. R. Civ. P. 12(b)(1)………………………………………………………… 1,2

Fed. R. Civ. P. 12(b)(6)………………………………………………………… 2,4

Fed. R. Civ. P. 3.................................................................................................................. 11

## PRELIMINARY STATEMENT

Defendants, Neighborhood Restore Housing Development Fund Corporation ("Neighborhood Restore") and BSDC Kings Covenant Housing Development Fund Company, Inc. ("Bridge Street") (collectively "Defendants"), by their attorneys, Goldstein Hall PLLC, respectfully submit this memorandum of law in support of Defendants' motion for an Order pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the complaint of Plaintiffs', McConnell Dorce ("Mr. Dorce"), Cecilia Jones ("Ms. Jones"), and Sherlivia Thomas-Murchinson ("Ms. Murchinson") (collectively, "Plaintiffs"), on the grounds that this Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine. Additionally, Plaintiffs Ms. Jones and Ms. Murchinson lack standing to commence the instant action. Finally, even assuming that this Court has subject matter jurisdiction over Plaintiff's claims, the Complaint fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). The Defendants also adopt and incorporate the arguments and supporting materials in those papers from the City Defendants as they apply to the Defendants herein.

## FACTUAL BACKGROUND

As more fully set forth in the Affirmation of Brian J. Markowitz (the "Markowitz Aff."), submitted in support of the instant motion to dismiss, in 2015, the City of New York (the "City") commenced an in rem tax foreclosure action in Kings County Supreme Court, captioned *In Rem Foreclosure Action No.: 53 Borough of Brooklyn*, Index No.: 8700/15, ("Brooklyn 53") pursuant to Title 11, Chapter 4 of the Administrative Code ("NYC Admin. Code"), as amended by Local Law 37 of 1996 and Title 28, Chapter 28 of the Rules of the City, (a.k.a. "Third-Party Transfer Program"), to foreclose, *inter alia*, on unpaid tax liens filed against certain properties, including the property formerly owned by Mr. Dorce and the Housing Development Fund

Corporation ("HDFC") in which Ms. Jones was allegedly a shareholder. The Court granted the City the in rem Judgment on December 14, 2017. In a deed dated September 6, 2018, pursuant to the Third-Party Transfer Program, the City conveyed these properties to Neighborhood Restore.

Separately, and contrary to the allegations in the complaint, Ms. Murchinson was never a tenant of any building subject to Brooklyn 53, or any previous in rem proceeding. With regards to Ms. Murchinson, on or about 1979, Ms. Murchinson's parents became tenants of unit 4R (the "Apartment") of the building located at 248 Madison Street, Brooklyn, New York 11216, Tax Block: 1656; Tax Lot:48 (the "Building").  Around the same time that Ms. Murchinson's parents became tenants of the Apartment, Ms. Murchinson began periodically and sporadically occupying the Apartment with them. Throughout Ms. Murchinson's occupancy of the Apartment, there was never any landlord-tenant relationship between Ms. Murchinson and the owner of the Building and/or any tenant of the Building.

On April 4, 1995, the Building, owned at the time by the City, was converted into a HDFC, a low-income, limited equity housing cooperative incorporated under Article XI of the New York State Private Housing Finance Law. As part of the conversion process, all of the tenants residing at the Building at the time of the conversion, including Ms. Murchinson's parents, were offered to become shareholders of the HDFC by being offered a stock certificate and a proprietary lease in exchange for a nominal fee. The stock certificate and proprietary lease were in Ms. Murchinson's parents' names only.

Sometime in the 2000's, Ms. Murchinson's parents passed away. Upon information and belief, on or before her parents' death, Ms. Murchinson permanently ceased sporadically occupying the Apartment. Ms. Murchinson never inherited or made any claims of inheritance to the Apartment.

On or about November 2, 2011, the City again obtained ownership of the Building through an in rem tax foreclosure action captioned *In Rem Foreclosure Action No.: 51 Borough of Brooklyn*, Index No.: 8700/07, ("Brooklyn 51").

On or about July 8, 2012, the City transferred the Building to Neighborhood Restore as part of the Third-Party Transfer Program. On or about February 10, 2016, Neighborhood Restore sold the Building to Bridge Street.

Thereafter, on or about May 2, 2016, Ms. Murchinson went to the Building to "claim ownership" of unit 4R. On or about May 16, 2016, Ms. Murchinson mailed a cease and desist letter to Bridge Street and their management company requesting termination of the management company's services and self-proclaiming herself as the lawful shareholder and/or tenant of the Building and threatened Bridge Street and its general contractor. As a result of Ms. Murchinson's actions, Bridge Street sought a temporary restraining order which resulted in an Order from the Honorable Dawn Jiminez-Salta enjoining Ms. Murchinson from entering or coming into contact with the Building and the property in which it sits with the only exception of her being allowed to visit apartments 1L and 1R as a guest on a temporary basis, limited to three times a month and no more than one day at a time. Further, Ms. Murchinson was enjoined from claiming, orally, in writing, or otherwise, ownership rights to the Building, among other restrictions.

## **STANDARD OF REVIEW**

**A.     Standard of Review for a 12(b)(1) Motion to Dismiss the Complaint**

In most cases, the courts consider a 12(b)(1) motion before ruling on any other motions to dismiss, since dismissal of an action for lack of subject matter jurisdiction will render all other accompanying defenses and motions moot. *See United States ex rel Kreindler & Kreindler v. United Technologies Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1993), *cert. denied sub nom, Kreindler & Kreindler v. United Technologies Corp.*, 508 U.S. 973 (1993). Thus, a court

confronted with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) should decide

the jurisdictional question first because "a disposition of a Rule 12(b)(6) motion is a decision on

the merits, and therefore, an exercise of jurisdiction." *Magee v. Nassau County Medical Center*,

27 F. Supp.2d 154, 158 (E.D.N.Y. 1998).

**B.      Standard of Review for a 12(b)(6) Motion to Dismiss the Complaint**

The Court must accept only the well pleaded allegations of the Complaint as true.

*See Cerveceria Modelo, S.A. de C.V. v. USPA Accessories LLC*, No. 07-CV-7998, 2008 WL

1710910, at 2 (S.D.N.Y. Apr. 10, 2008). If Plaintiff failed to "provide the grounds upon which

[its] claim rests through factual allegations sufficient to 'raise a right to relief above the speculative

level,'" the Court should dismiss the Complaint. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd*.,

493 F.3d 87, 98 (2d Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "If

Plaintiff has not nudged its claims across the line from conceivable to plausible, its complaint must

be dismissed." *Darby Trading Inc. v. Shell Int'l Trading & Shipping Co. Ltd.*, No. 07-CV-0400,

2008 WL 852787 (S.D.N.Y. Mar. 31, 2008) (internal quotations omitted). Plainly, Fed. R. Civ. P.

8(a)(2) "does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'" 5

C. Wright & A. Miller, Federal Practice and Procedure § 1202, at 94, 95 (3d ed. 2004).

Moreover, bald assertions and conclusions of law and fact are insufficient to state

a claim for relief; a motion to dismiss is properly granted when a complaint or counterclaim

provides no "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly* 550 U.S. 1964 - 65. "Thus, where more specific allegations of the

complaint contradict such legal conclusions, '[g]eneral, conclusory allegations need not be

credited.'" *Hirsch v. Arthur Andersen & Co.,* 72 F.3d 1085, 1092 (2d Cir. 1995); see also *Rieger*

*v. Drabinsky* (*In re Livent, Inc*. Noteholders Sec. Litig.), 151 F. Supp. 2d 371, 405-06, 441

(S.D.N.Y. 2001) ("[A] court need not feel constrained to accept as truth conflicting pleadings that

make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice.").

**C.     Standard of Review for Standing.**

To satisfy Article III's standing requirements, plaintiff must show that (1) they have "suffered an injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of -- the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court," and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed in a favorable decision. *Lujan v. Defenders of Wildlife*, 504 US 555, 560-61 (1992).

<u>**ARGUMENT**</u>

<u>**POINT I**</u>

<u>**THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS**</u>

Plaintiffs' cause of action seeking damages from the i*n rem* Judgment must be dismissed by this Court pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes federal district courts from exercising subject-matter jurisdiction over actions brought by, "state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284 & 291 (2005). The *Rooker-Feldman* doctrine protects Congress's intent in empowering only the Supreme Court

to exercise appellate authority "'to reverse and modify' a state-court judgment," *Exxon Mobil Corp.,* 544 U.S. at 284, *quoting*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

According to the doctrine, federal district courts are divested of subject matter jurisdiction over actions seeking appellate review of state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284-85 (2005). In order for the *Rooker-Feldman* doctrine to apply, the following elements must be satisfied: (1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state-court judgment; (3) the plaintiff invites the district court's review and rejection of that judgment; and (4) the state-court judgment was rendered before the district court proceedings commenced. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

Moreover, the *Rooker-Feldman* doctrine applies even if the final judgment of the state court was rendered on default. *Salem v. Paroli*, 260 B.R. 246, 254 (S.D.N.Y. 2001), aff'd, 79 F. App'x 455 (2d Cir. 2003) (".. plaintiff's request for an order setting aside the default judgment is denied [under the Rooker-Feldman doctrine]").

Lastly, "[c]ourts in this Circuit have consistently held that a plaintiff who lost possession of his home in a state court foreclosure proceeding is barred by the *Rooker-Feldman* doctrine from attacking the state court judgment in federal district court." *Castellano v. JPMorgan Chase Bank N.A.*, No. 13-CV-03390 (NSR), 2014 WL 988563, at 3 (S.D.N.Y. Mar. 13, 2014); *Gunn v. Ambac Assur. Corp.*, No. 11 CIV. 5497 1C JLC, 2012 WL 3188849, at 2 (S.D.N.Y. Aug. 6, 2012).

Here, as more fully discussed below, the Rooker-Feldman doctrine application bars the Plaintiffs' from commencing the instant action, and therefore the complaint must be dismissed.

**A.**    **This Case Meets the First Rooker-Feldman Factor Because Plaintiffs Lost in State Court.**

The first prong of the *Rooker-Feldman* doctrine is whether the Plaintiffs in the federal case previously lost in the state court. First, in 2017, Plaintiff Dorce failed to appear in connection with Brooklyn 53, and the in rem Judgment was entered against him.  Plaintiff Jones alleges to be a shareholder of a building located at 1197 Dean Street, Brooklyn, NY, which was owned by 585 Nostrand Avenue Housing Development Fund Corp ("585 Nostrand").  Similarly, 585 defaulted in Brooklyn 53, and an in rem judgment of foreclosure was entered against it. Interesting to note, at no time during the pendency of Brooklyn 53 or since the entry of the in rem judgment did 585 Nostrand ever challenge the Brooklyn 53 proceeding or the entry of judgment against it.  With respect to Ms. Murchinson, in 2011, after the death of Ms. Murchinson's parents, the building that Ms. Murchinson's parents formerly occupied an apartment, 248 Madison Street, Brooklyn, NY, defaulted in an *in rem* tax foreclosure action, *In Rem Foreclosure Action No.: 51, Borough of Brooklyn, Index No.: 8700/07* ("Brooklyn 51"), which resulted in the *in rem* Judgment. Again, it is important to note that the building never challenged the entry of the default judgment.

Losing the properties in a foreclosure proceeding constitutes a loss in state court. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d. Cir. 2014) (The Second Circuit Court found the first *Rooker-Feldman* factor was clearly satisfied when plaintiff lost in the state foreclosure action, and the foreclosure judgment was entered before plaintiff filed his first federal complaint); In *re Wilson*, 410 F. App'x 409, 410 (2d Cir. 2011) (The Second Circuit held a foreclosure judgment in favor of defendant indicates that plaintiff lost in state court.)

In *Vossbrinck*, the plaintiff obtained a loan from defendant secured by a mortgage on certain real property. The defendant initiated a foreclosure proceeding against the plaintiff in state court, and the state court entered a judgment of strict foreclosure in favor of defendant.

*Vossbrinck*, 773 F.3d 423, 426. After entry of the state judgment, plaintiff brought a federal action and new state action at the same time. *Vossbrinck*, 773 F.3d 423, 426. The defendant removed the state case to federal court and the plaintiff's two actions were consolidated. *Vossbrinck*, 773 F.3d 423, 426. The combined federal complaint alleged that, "[defendant] violated [certain federal and state laws] in issuing and servicing the [plaintiff's] loan, and the [defendant] committed fraud and misrepresentation before the state court during the foreclosure action." *Vossbrinck*, 773 F.3d 423, 426. "The district court dismissed the complaint ruling that it lacked jurisdiction over plaintiff's claims under the *Rooker-Feldman* doctrine." *Vossbrinck*, 773 F.3d 423, 426.

Applying the first prong of the *Rooker-Feldman* doctrine, it is beyond dispute that the Plaintiffs lost in the state court prior to commencing the federal action. It is beyond dispute that each of the properties at issue herein were the subject of an in rem foreclosure proceeding. In each case, the owner or the property defaulted, and the City was awarded a Judgement. As such, the first prong of the *Rooker-Feldman* doctrine is clearly satisfied.

**B.     Plaintiffs' Complaint Satisfies the Second Rooker-Feldman Factor Because the Complaint is for Injuries Caused by a State Court Decision.**

Second, the injuries alleged by the Plaintiffs are clearly a result of the in rem Judgment – with respect to the loss of the Premises due to its transfer to Neighborhood Restore under the Third-Party Transfer Program, and, ultimately, with respect to one property, to Bridge Street – are the crux of Plaintiffs' instant action – i.e. Plaintiffs seek damages as a result of the in rem Judgment.

When the Plaintiffs complain of injuries that, "did not exist 'prior in time to the state-court proceedings;' rather, they were caused by the court order," then the Plaintiffs' claims satisfy the second *Rooker-Feldman* requirement. *Green v. Mattingly,* 585 F.3d 97 (2d Cir. 2009) (Court found insofar as plaintiff sought to recover injuries sustained during the four-day period in

which her child was removed from her custody, plaintiff's claim met second Rooker-Feldman factor because the alleged injuries from the removal of plaintiff's child did not exist prior in time to the state-court proceedings, rather, they were caused by the Family Court's temporary removal order.) The requirement is also met, even when the complainant appears to complain only of a third party's action, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it. *Hoblock,* 422 F.3d 77, 88 (Court found even though the complaint was ambiguous as to whether the injury the plaintiff sought to have remedied preceded, and thus not produced by, a state-court decision; the state opinion makes it clear that the state court judgment produced the defendant's action which are the very injury of which the plaintiffs complained.).

Plaintiffs' causes of action all pertain to matters that did not exist prior to the commencement of the state in rem foreclosure action, but rather, were the result of the in rem foreclosure proceeding entered in 2011 (Brooklyn 51) or 2017 (Brooklyn 53).

Further, if this Court allowed Plaintiffs' to litigate their complaint in the Southern District Court, it would go against the purpose of 28 U.S.C. § 1257 that, "within the federal system, only the Supreme Court may review state-court decisions." *Mattingly*, 585 F.3d at 101. Therefore, this Court must find that the second Rooker-Feldman factor is satisfied herein.

## C.   The Third Rooker-Feldman Factor is Satisfied Because Plaintiffs' Complaint Invites the District Court to Review the State Court Judgment

Third, the graverman of Plaintiff's complaint seeks this Court to review the validity of the in rem Judgment, as such the motion to dismiss satisfies the third *Rooker-Feldman* requirement. "A state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action. *Skinner v. Switzer*, 562 U.S. 521 (2011), quoting, *Feldman*, 460 U.S., at 487. *Cooper v. Ramos*, 704 F.3d 772, 780 (9th Cir. 2012)

(Court found plaintiff challenged the state court decision and not a statute or rule where his complaint attacked the prosecutor's conduct in his case and the state court's application of the statutory factors governing entitlement to DNA testing).

   The *Rooker-Feldman* exceptions for general constitutional challenges seeking prospective declaratory and injunctive relief (*see Winslow v. Stevens*, 632 FedAppx 721, 723-24 (3d Cir 2015); *Fullerton Ave. Land Dev. v. Cianciulli*, 48 FedAppx 813, 815 (2d Cir 2002)), cannot be invoked here to salvage the forward-looking segment of plaintiffs' suit seeking future relief. First, the challenges are inextricably intertwined with the state court judgments and could not succeed without a conclusion that the judgments were wrong. *See Wilson v. Edmond*, 2011 USDistLEXIS 10928 at 18-22 (DConn 2011). Second, in any event, plaintiffs lack standing to pursue such forward-looking claims. In analyzing forward-looking claim components that might escape Rooker-Feldman, a court must assess whether the complaint alleges sufficient likelihood that the plaintiff will in the future again be harmed by a challenged program to give the plaintiff standing to lodge such a challenge. *Winslow v. Stevens*, *supra*, 632 FedAppx at 723-24. The complaint here contains no allegations establishing such a likelihood. On the contrary, given the huge number of residential buildings in New York City and the small size of the program, no reason appears as to why plaintiffs face any near-term likelihood of again being affected by the program. Accordingly, this Court should dismiss forward-looking components for lack of standing. *Id.; Mosby v. Ligon*, 418 F3d 927, 932-33 (8th Cir 2005); *Facio v. Jones*, 929 F2d 541, 544 (10th Cir 1991).

   Therefore, the third prong of the *Rooker-Feldman* doctrine has been satisfied.

**D.     The Fourth Rooker-Feldman Factor is Satisfied Because Plaintiffs' Filed the Federal Complaint After the State-Court Order Was Issued.**

Lastly, the in rem Judgments that Plaintiffs are seeking review of were granted in 2011 and 2017 respectively– years before Plaintiffs commenced this instant action. As such, *Rooker-Feldman*'s fourth prong is satisfied and the court lacks subject matter jurisdiction. "Timing requirements will usually be straightforward, although federal suits challenging interlocutory state judgments may present [issues]." Hoblock, 422 F.3d at 89. (Fourth requirement is clearly satisfied when the [appellant] lost in the state action, and the judgment was entered before [appellant] filed his first federal complaint.) *Vossbrinck*, 773 F.3d at 427.

It is clear in this case that the state foreclosure judgment was entered before Plaintiffs' filed their complaint. The state foreclosure judgments were entered in 2011 and 2017. Plaintiffs' filed their complaint with the Southern District Court on March 18, 2019. Federal Rule of Civil Procedure Rule 3 provides, "that the filing of the complaint marks the commencement of the action," Fed. R. Civ. P. 3. Therefore, Defendants' motion to dismiss has satisfied the fourth *Rooker-Feldman* doctrine factor, because Plaintiffs' initiated the federal action more than a year after the state-court issued the foreclosure judgment.

For all the reasons stated, the district court must hold that it lacks subject-matter jurisdiction over Plaintiffs' complaint, because the complaint requires the district court to review claims by a state court loser who is complaining of injuries caused by the state-court judgment and asking the district court to review and reverse the state-court's decision.

## POINT II

## PLAINTIFFS' JONES AND MURCHINSON
## LACK STANDING TO BRING THE ACTION

To meet the minimum constitutional threshold, a plaintiff must establish "first, that it has sustained an 'injury in fact' ...; second, that the injury was in some sense caused by the opponent's action or omission; and finally, that a favorable resolution of the case is 'likely' to redress the injury." *Cortlandt St. Recovery Corp. v. Hellas Telecomms*., S.Á.R.L., 790 F.3d 411, 417 (2d Cir. 2015) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). "That a suit may be a class action adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lewis v. Casey*, 518 U.S. 343, 357, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (internal quotation marks and citation omitted). The plaintiff "bears the burden of establishing these elements" and "[w]here ... a case is at the pleading stage, the plaintiff must 'clearly ... allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, U.S., 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)).

**A.      There Is No Injury-In-Fact**

To have standing under Article III of the United States Constitution, "a plaintiff must have suffered an 'injury in fact' that is 'distinct and palpable'; the injury must be fairly traceable to the challenged action; and the injury must be likely redressable by a favorable decision." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir.2006) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "[T]he harm must be 'actual or imminent,' not 'conjectural or hypothetical.' " Id. at 264 (citing *Whitmore v. Arkansas,* 495 U.S. 149, 155-56 (1990)).

In *Blakely v. Cardozo*, No. 07 CIV. 3951 DLC, 2007 WL 2702241 (S.D.N.Y. Sept. 17, 2007), Plaintiff Dr. Delois Blakely brought an action against various officials of the City of New York (the "City"), alleging that the City had violated her federal statutory and constitutional rights by initiating an *in rem* tax foreclosure action against 477 West 142nd Street, New York, New York (the "Property"), a property owned by the 477 West 142nd Street Housing Development Fund Corporation (the "HDFC"), of which Blakely claims to be a shareholder.

In Blakely, the HFDC, duly organized as a corporation under the New York Private Housing Finance Law, purchased the Property at 477 West 142nd Street from the City in 1982 and covenanted with the City to operate the premises solely as a housing project for persons or families of low income. Blakely lived on the property and claimed to be a shareholder in the HDFC. On January 9, 2004, the City commenced an *in rem* tax foreclosure action against certain delinquent tax parcels, including 477 West 142nd Street. *See In Rem Tax Foreclosure Action No. 46, Borough of Manhattan,* Index No. 580001/04 (*"Manhattan 46"*). As of that date, the outstanding taxes and other charges against the property amounted to $302,370.03; as of September 21, 2006, this figure had increased to $475,172.96. HDFC answered in *Manhattan 46* on April 29, 2004, resulting in the severance of the property from the foreclosure action. *See N.Y. City Admin. Code*

*§11-409.* Thereafter, the City obtained summary judgment against the HDFC (without opposition), and obtained an in rem Judgment.

The Court found that because the property at 477 West 142nd Street was the object of the City's *in rem* foreclosure action, only the property's legal owner, the HDFC, can be alleged to have suffered the requisite injury to confer **s**tanding. Blakely, a shareholder of the HDFC, is "injured only as a result of the injury to another, *i.e.,* the corporation, and therefore generally lacks standing." *Bingham v. Zolt,* 66 F.3d 553, 562 (2d Cir.1995). Because she has not alleged that the City "has violated an independent duty" to her as a shareholder in the HDFC, *Ceribelli v. Elghanayan,* 990 F.2d 62, 63 (2d Cir.1993), she lacks standing to pursue this action.

Here, Plaintiff Jones alleges to have owned shares in an HDFC cooperative that, in turn, owned the property located at 1197 Dean Street in Brooklyn, New York 11216, also known as 585 Nostrand Avenue (Kings County Block #1207, Lot #72). Compl. ¶ 96. Further, Plaintiff Murchinson alleges she owned shares in an HDFC cooperative, that, in turn, owned property located at 248 Madison Street, in Brooklyn, New York (Kings County Block #1823, Lot #29). Compl[1]. ¶ 113. Because the property known as 585 Nostrand Avenue and 248 Madison Street was the object of the City's *in rem* foreclosure action, only the property's legal owner, the HDFC, can be alleged to have suffered the requisite injury to confer standing. Plaintiffs' Jones and Murchinson, alleged shareholders of their respective HDFC's, are "injured only as a result of the injury to another, *i.e.*, the corporation, and therefore generally lacks standing." *Bingham v. Zolt*, 66 F.3d 553, 562 (2d Cir.1995).

---

[1] Incorrectly referred to in the Complaint as 248 Madison Dean Street, an address which does not exist in the City of New York.

Upon examining the allegations in Plaintiffs' complaint, it is clear that Plaintiffs' Jones and Murchinson do not allege any actual injury tied to Neighborhood Restore or Bridge Street's actions, and the action should therefore be dismissed for lack of standing as to those Plaintiffs.

## POINT III

## THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF

Notwithstanding the fact that this Court lacks subject matter jurisdiction, and that Plantiff's Jones and Murchinson lack standing to even bring any causes of action, the Complaint simply fails to properly allege any causes of action and therefore must be dismissed.

**A.     The First and Second Causes of Action Fail to State a Claim against Defendants Neighborhood Restore or Bridge Street.**

Plaintiffs fail to state a claim against Defendants Neighborhood Restore or Bridge Street for violation of due process provided in the US Constitution or the State Constitution. Compl. ¶ 146, 153.[2]  Specifically, Plaintiffs' allege the City instituted the *in rem* proceedings against property owners, "without issuing them notice reasonably calculated to inform them of the proceeding" and that the City had "actual knowledge that it was not providing notice reasonably calculated to inform property owners of the proceeding." Compl. ¶ 144, 145, 151, 152.

The Plaintiffs' do not allege Defendants Neighborhood Restore or Bridge Street failed to provide notice. Further, there is no requirement for Defendants Neighborhood Restore or Bridge Street to provide any such notice. This burden rests with the City.

---

[2] Plaintiffs' second cause of action should be dismissed as improperly pled, as there is no "14th Amendment to the New York State Constitution." Compl. ¶ 153.

Upon commencement of an in rem action by the filing of a List of Delinquent Taxes in the relevant County Clerk's office,[3] the City must publish and post notice of foreclosure and mail notice to owners at a specific address requested by the owner or, in the event an owner has not made such a request, to the name and address, if any, appearing in the latest annual record of assessed valuations (the assessment roll). Ad. Code § 11-406.  Upon information and belief, the City has fully and completely complied with all relevant notice requirements, requirements that have been upheld by the State Courts.  *In Rem Tax Foreclosure Action No. 51*, *915 St. Mark's Ave*, Index No. 8700/07 (Sup. Ct., Kings Co. February 26, 2013), *citing In rem Tax Foreclosure No. 35*, ("The mailing of notice under these provisions satisfies due process, even though a property owner may not receive actual notice of the foreclosure").

However, to the extent that the Court may deem the allegations in these causes of action to be against Neighborhood Restore and Bridge Street, Defendants Neighborhood Restore and Bridge Street adopt and incorporate the City's arguments which demonstrate the City did comply with notice requirements. For the foregoing reasons, Plaintiffs' first and second causes of action should be dismissed.

**B.      The Third and Fourth Causes of Action Fail to State a Claim**

Plaintiffs' third cause of action alleges "violation of rights under the Fifth Amendment of the Constitution of the United States of America." However, the 5th Amendment to the US Constitution is applicable only against federal officials. *See, e.g.*, *Public Utilities Comm'n v. Pollak,* 343 US 451, 461 (1952); *Dusenbery v. United States*, 534 US 161, 167 (2002); *Mayer v. City of New Rochelle*, 2003 USDistLEXIS 8761, fn16 (SDNY 2003).

---

[3] Annexed as Exhibit B to the Feller Decl. are copies of the relevant pages of the Lists of Delinquent Taxes filed in the County Clerk's office upon commencement of the subject *in rem* actions at issue

Defendants Neighborhood Restore and Bridge Street are not federal officials and therefore, the 5th Amendment does not apply.

The fourth cause of action, for "violation of rights to pursuant to the Fifth Amendment of the [state] Constitution" is improperly pled as there is no 5th Amendment to New York's Constitution.[4]

Since the pleadings of the third and fourth Causes of action are defective, they must be dismissed. Even giving Plaintiffs the maximum benefit of a doubt, that they meant to allege violation of due process pursuant to the 14th Amendment of the US Constitution, which applies to state and local governments, those allegations also fail to state a claim as a matter of law, as Defendants Neighborhood Restore and Bridge Street are not state or local government entities.

## C.     The Fifth Cause of Action Fails to State a Claim

Section 1983 does not grant plaintiffs any substantive rights, but rather provides a vehicle to recover for alleged constitutional violations. *See Singer v. Fulton Cnty. Sheriff*, 63 F3d 110, 119 (2d Cir. 1995); *Andrews v. City of New York*, 2004 USDistLEXIS 30290, *23-24 (EDNY 2004) (*citing City of Oklahoma City v. Tuttle*, 471 US 808, 816 (1985)). Since Plaintiffs fail to allege the violation of any federal right in their § 1983 claim, their fifth cause of action should be dismissed as improperly pled.

## D.     The Sixth Cause of Action Fails to State a Claim

Plaintiffs fail to identify which 14th Amendment provision they invoke, and instead, vaguely state that "Defendants, by their actions, have accordingly violated the civil rights of, and denied constitutional liberties to, Plaintiffs and those similarly situated." Compl. ¶ 183.

---

[4]  In any event, the body of this cause of action inconsistently claims "a violation of the Fifth Amendment to the Constitution of the *United States of America.*" Compl. ¶ 173 (emphasis added).

Accordingly, Plaintiffs' sixth cause of action, for "violation of the Fourteenth Amendment of the United States Constitution," should be dismissed as improperly pled.

However, assuming *arguendo* that Plaintiffs mean to invoke the 14th Amendment's equal protection provision (since their first cause of action invokes the 5th Amendment's due process clause), such claim still cannot lie.

First, nowhere in the Complaint do Plaintiffs claim to be members of a constitutionally-protected class. Instead, Plaintiffs allege only that the subject properties were located "in a community predominately populated by African Americans, Caribbean Americans, Hispanic Americans and Middle Eastern Americans (in other words, a community of color)." Compl. ¶¶ 79, 96 and 113.

"Where, as here, a plaintiff does not claim to be a member of a constitutionally protected class, he may bring an Equal Protection claim pursuant to one of two theories: (1) selective enforcement, or (2) 'class of one.'" *Vaher v. Town of Orangetown*, 916 FSupp2d 404, 433-34 (SDNY 2013). Assuming that Plaintiffs in their class action suit are not bringing a 'class of one' claim, to state a viable equal protection claim on a theory of selective enforcement, they must show that: (1) "[they], compared with others similarly situated, [were] selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, or to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the [plaintiffs]." *Id*. (dismissing the plaintiff's equal protection claim because "[p]laintiff does not allege that he was treated differently from any identified individuals, let alone individuals who he claims were similarly situated to him in any respect"). *See also Church of the Am. Knights of the Ku Klux Klan v. Kerik*, 356 F3d 197, 210 (2d Cir. 2004).

As set forth by the City, the subject properties were included in their respective in rem actions based on their tax arrears. (See Exhibit B to the Feller Decl.). Plaintiffs offer no plausible allegations of discriminatory intent to target their properties as opposed to those owned by similarly-situated individuals. "Where, as here, plaintiff is counseled, and the pleadings indicate more-plausible, non-discriminatory explanations for defendants' complained-of actions, a bare allegation of discriminatory animus is not enough to render an equal protection claim plausible." *Kajoshaj v. N.Y.C. Dep't of Educ.*, 2013 USAppLEXIS 20762, *9-10 (2d Cir. 2013). Plaintiffs' vague assertions of "civil rights violations" are the essence of "bare" allegations, which alone do not sufficiently plead selective treatment or discriminatory intent by the City.

In *Nelson v. City of New York*, 352 U.S. 103, 77 S. Ct. 195, 1 L. Ed. 2d 171 (1956), the Supreme Court upheld, *inter alia*, dismissal of an equal protection claim because, with regard to a property included an in rem action, the City is statutorily required to also foreclose on all buildings delinquent for the statutorily-prescribed period of time within that property's tax map section. Indeed, as stated in Nelson, "[t]he aim is to prevent precisely the kind of discrimination of which appellants complain." Courts have consistently dismissed equal protection claims brought by former property owners in the context of in rem actions. *See Miner v. Clinton County*, 541 F3d at 474 (2d Cir. 2008); *Tupaz v. Clinton County*, 499 FSupp2d 182, 191 (NDNY 2007); *Levy v. New York*, 726 FSupp 1446, 1453 (SDNY 1989).

For these reasons, the Court must dismiss Plaintiffs' sixth cause of action.

**E.      The Seventh Cause of Action Fails to State a Claim**

Plaintiffs' seventh cause of action fails to state a claim against Defendants Neighborhood Restore or Bridge Street. Specifically, Plaintiffs' allege "the City Defendants' conduct constitutes *ultra vires* activity exceeding the lawful authority expressly, actually, or implicitly granted to the City by New York State's Legislature." Compl. ¶¶ 187. As such,

Plaintiffs' seventh cause of action must be dismissed as to Defendants Neighborhood Restore and Bridge Street for failure to state a claim as such cause of action is, on its face, not directed against Neighborhood Restore and Bridge Street.

**F.      The Eighth Cause of Action Fails to State a Claim**

"The typical violation contemplated by [New York General Business Law ("GBL") § 349] involves "an individual consumer who falls victim to misrepresentations made by a seller of consumer goods usually by way of false and misleading advertising." *Shred-It USA, Inc. v. Mobile Data Shred, Inc.*, 228 FSupp2d 455, 465 (SDNY 2002), *aff'd*, 2004 USAppLEXIS 3530 (2d Cir. 2004) (citing *Genesco Entertainment, Inc. v. Koch*, 593 FSupp. 743, 751 (SDNY 1984)). As held by the New York Court of Appeals, a claim sounding in deceptive business practices "must be predicated on a deceptive act or practice that is 'consumer oriented.'" *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 344 (1999), *citing Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,* 85 N.Y.2d 20, 24-25 (1995); *see also Aguaiza v. Vantage Props., LLC*, 69 A.D.3d 422, 423 (1st Dep't 2010) (upholding lower court's dismissal of cause of action for deceptive business practices because plaintiff's allegations failed to allege "consumer-oriented conduct aimed at the public at large, as required by the statute")

Governmental action related to tax collection, however, is not consumer-oriented. *See, e.g., Kinkopf v. Triborough Bridge & Tunnel Auth.,* 6 Misc3d 73, 74 (App. Term 2d Dep't 2004) ("Inasmuch as the tolls are in essence a use tax, the collection of the same is not a consumer oriented transaction and therefore not subject to [GBL § 349].") (internal citations omitted); *Estler v. Dunkin' Brands, Inc.*, 2016 USDistLEXIS 137315, *9 (SDNY 2016) ("Collection of a sales tax constitutes "merely a ministerial act," and thus is not consumer-oriented."); *Singh v. NYCTL 2009-A Trust*, 2016 USDistLEXIS 94738, *33 (SDNY 2016) (dismissing GBL § 349 claims because

"the collection of mandatory water, sewer and tax charges likewise is not a consumer oriented transaction").

Since Plaintiffs do not, and cannot, allege that the City's *in rem* tax foreclosure program or Neighborhood Restore and Bridge Street's Third-Party Transfer Program are "consumer oriented," their eighth cause of action should be dismissed.[5]

## G.    The Tenth,[6] Eleventh and Twelfth Causes of Action Fail to State a Claim

The tenth, eleventh and twelfth causes of action allege, respectively, that plaintiffs are entitled to declaratory judgment, an injunction and attorneys' fees.  However, these are remedies, not causes of action and should be dismissed. *See*, e.g., *Miller v Wells Fargo Bank, N.A.*, 994 FSupp2d 542, 558 (SDNY 2014) ("Declaratory judgments and injunctions are remedies, not causes of action.") (*citing Chiste v. Hotels.com* L.P., 756 FSupp2d 382, 406 (SDNY 2010); *Weiss v Violet Realty, Inc.,* 160 FAppx 119, 120 (2d Cir. 2005) (noting that attorneys' fees are a remedy and not a cause of action).

Even assuming that these were valid causes of action, which they are not, Plaintiffs fail to allege any basis for these claims, as the Court lacks subject matter jurisdiction over all of the claims in this action, Plaintiffs Jones and Murchinson lack standing to bring any claims, and the remaining causes of action each fail to state a claim upon which relief may be granted.

## CONCLUSION

For all of the reasons stated above and in the Markowitz Aff., Neighborhood Restore and Bridge Street respectfully requests that this Court dismiss Plaintiffs' Complaint in its

---

[5] Plaintiff Dorce alleges making tax payments to Finance after the transfer of his property. Compl. ¶ 95. Finance returned to Dorce certain tax payments made after the transfer, as shown by the copy of a Finance check that Dorce deposited, annexed to the Feller Decl. as Exhibit G.

[6] The Complaint lacks a "Ninth Cause of Action."

entirety with prejudice, and award such other and further relief as the Court deems just, proper and

equitable.

Dated:          New York, New York
                May 15, 2019

                              **GOLDSTEIN HALL PLLC**


                    By:     /S/Brian J. Markowitz
                            **BRIAN J. MARKOWITZ, ESQ**
                            **MATTHEW TRAUNER, ESQ.**
                            Attorneys for Defendants
                            *NEIGHBORHOOD RESTORE HOUSING*
                            *DEVELOPMENT FUND CORPORATION*
                            *and BSDC KINGS COVENANT HOUSING*
                            *DEVELOPMENT FUND COMPANY, INC.*
                            80 Broad Street, Suite 303
                            New York, New York 10004
                            (646) 768-4127