UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MCCONNELL DORCE *et al.*,

                Plaintiffs,

vs.

CITY OF NEW YORK *et al.*,

                Defendants.

CIVIL ACTION NO. 1:19-cv-02216 (JGK) (SLC)

**CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that constitutes or contains trade secrets, competitively sensitive financial information, sensitive non-public personal information, or other information entitled to protection under Fed. R. Civ. P. 26(c)(1)(G); provided, however, that Municipal Defendants may designate information as confidential only where, in addition to meeting the criteria above, such information would be subject to exemption/withholding under the New York Freedom of Information Law. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the

       litigation;

   c.     Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   d.     The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5.     Prior to disclosing or displaying the Confidential Information to any person (other than counsel for the parties, as defined in paragraph 4, or the Court), counsel must:

   a.     Inform the person of the confidential nature of the information or documents;

   b.     Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c.     Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6.     The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8.     Pursuant to Federal Rule of Evidence 502, the production of privileged[1] or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance,

---

[1] "Privileged" shall be defined as referring to any information or material that is protected by attorney-client privilege, work-product protection, or any other privilege or protection recognized by law.

responsiveness and/or segregation of privileged and/or protected information beforeproduction.

9. Any party wishing to file material designated as "CONFIDENTIAL" with the Court shall proceed in accordance with Section VI(a)(2) of the Individual Practices of Judge John G. Koeltl or the applicable Individual Practices of such other United States District Judge as may be assigned to the case.

10. Any information designated "CONFIDENTIAL" and designated in advance by any party as proposed trial exhibits, either pursuant to applicable pretrial procedures or otherwise, may be offered into evidence in open court unless the party that designated such information as "CONFIDENTIAL" obtains an appropriate protective order from the Court. Any such protective order shall be sought prior to the deadline for the parties to submit their motions *in limine*, if any, prior to trial. Prior to seeking a protective order, the parties shall first meet and confer in good faith.

11. After ninety (90) days following the termination of this Action, including final appellate action or the expiration of time to appeal or seek further review, any Confidential Information produced in this Action will de deemed non-confidential (except for personally identifiable information, which shall remain confidential, unless (i) the Parties agree to continued confidential treatments of such materials; or (ii) a Party requests continued confidential treatment of such materials from the Court. In the event a Party makes such an application to the Court, Confidential materials shall continue to be treated in accordance with this Order until the Court rules on such application.

12. This Court shall retain jurisdiction over all persons subject to this Stipulation and Order for so long as such persons have Confidential Material and to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

**OFFICE OF THE
CORPORATION COUNSEL**

By: */s/ Andrea B. Feller*
   Andrea B. Feller
   Rachel B. Kane
   100 Church Street
   New York, New York 10007

*Attorneys for the Municipal Defendants*

Dated: New York, New York
      March 31, 2022

**GOLDSTEIN HALL PLLC**

By: */s/ Brian Markowitz*
   Brian Markowitz
   80 Broad Street, Suite 303
   New York, NY 10004

*Attorneys for Defendants Neighborhood Restore Housing Development Fund and BSDC Kings Covenant Housing Development Fund Co.*

Dated: New York, New York
      March 31, 2022

By: */s/ Matthew L. Berman*
   Matthew L. Berman
   Robert J. Valli, Jr.
   Yolande I. Nicholson, Esq. *Co-Counsel*
   VALLI KANE & VAGNINI LLP
   600 Old Country Road
   Garden City, NY 11530
   (516) 203-7180

*Attorneys for Plaintiffs*

Dated: New York, New York
      March 31, 2022

**ROPES & GRAY LLP**

By: */s/ Gregg L. Weiner*
   Gregg L. Weiner
   Alexander B. Simkin
   Phillip Kraft
   ROPES & GRAY LLP
   1211 Avenue of the Americas
   New York, NY 10036
   (212) 596-9000

   Daniel A. Yanofsky (admitted *pro hac vice*)
   ROPES & GRAY LLP
   Prudential Tower, 800 Boylston Street
   Boston, MA 02199-3600
   (617) 508-4600

*Attorneys for Plaintiffs McConnell Dorce and Sherlivia Thomas-Murchison*

Dated: New York, New York
      March 31, 2022

By: */s/ Keith H. Wofford*
   Keith H. Wofford
   WHITE & CASE LLP
   1221 Avenue of the Americas
   New York, NY 10020-1095
   (212) 819-7595

*Attorneys for Plaintiffs McConnell Dorce and Sherlivia Thomas-Murchison*

Dated: New York, New York
      March 31, 2022

Dated: New York, New York
       April 4, 2022

SO ORDERED.

*Sarah L. Cave* (signature)

SARAH L. CAVE
United States Magistrate Judge

**Exhibit A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____
Signed in the presence of:

_____
(Attorney)