UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| McCONNELL DORCE, et al.,<br><br>             Plaintiffs,<br><br>   -v-<br><br>CITY OF NEW YORK, et al.,<br><br>             Defendants. | CIVIL ACTION NO.: 19 Civ. 2216 (JGK) (SLC)<br><br>**ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court are (i) Plaintiffs' request for an order compelling certain discovery from Defendants The City of New York, Louise Carroll, and Sherif Soliman (the "City Defendants") (ECF No. 153 (the "Request as to the City Defendants")) and (ii) Plaintiffs' request for an order compelling Defendants Neighborhood Restore Housing Development Fund Corporation ("Neighborhood Restore") and BSDC Kings Covenant Housing Development Fund Company, Inc. ("BSDC") (Neighborhood Restore and BSDC together, the "Transferee Defendants") to comply with the Court's May 5, 2022 Order (ECF No. 150 (the "May 3 Order")), and for an award of attorneys' fees incurred in having to seek the Transferee Defendants' compliance (ECF No. 154 (the "Request as to the Transferee Defendants")).  Having reviewed the parties' submissions, and having heard the parties' arguments during the discovery conference held today, June 16, 2022 (the "Conference"), the Court orders as follows:

1. Plaintiffs' Request as to the City Defendants

   a. Documents "Concerning" the City's Policies and Procedures: The City Defendants represented at the Conference that they will include in their document production any non-privileged documents concerning the criteria

by which the City Defendants determine which properties are subject to seizure pursuant to the Third Party Transfer ("TPT") Program. Accordingly, Plaintiffs' request for an order compelling the City Defendants to produce these documents is DENIED as moot and without prejudice to Plaintiffs' right to challenge the sufficiency of any such production.

b. <u>Additional Custodians</u>:

   i. Plaintiffs' request for an order compelling the City Defendants to add four additional custodians from the City's Department of Housing Preservation and Development ("HPD") is GRANTED IN PART to the extent that Maria Torres-Springer must be added as a custodian, and is otherwise DENIED.

   ii. Plaintiffs' request for an order compelling the City Defendants to add eight additional custodians from the City's Department of Finance ("DOF") is DENIED without prejudice.

   iii. During the Conference, the City Defendants agreed that their email-collection search will include a search for the term "de Blasio" within 25 words of the terms "Third Party Transfer" or "TPT." Accordingly, Plaintiffs' request for an order compelling the City Defendants to add former Mayor Bill de Blasio as a custodian is DENIED as moot;

   iv. The City Defendants shall promptly commence the collection of emails from the HPD custodians (the "HPD Collection").

2

      v. Plaintiffs and the City Defendants shall promptly meet and confer and, by **June 23, 2022**, file a joint letter (the "Letter") not exceeding three pages in length regarding the status of their ability to agree on the search terms to be used for the collection of emails from the DOF custodians. If the parties are unable to agree on the collection search terms, the Letter shall include each party's proposed terms. In the Letter, the City Defendants shall also provide an update on the status of the HPD Collection and a projected timeframe for completion.

   c. <u>Production from Uncontested Custodians</u>: Plaintiffs' request for an order compelling the City Defendants to produce documents from the uncontested custodians is DENIED without prejudice.

2. <u>Plaintiffs' Request as to the Transferee Defendants</u>

   a. <u>Enforcement of the May 3 Order</u>: Plaintiffs' request for an order compelling the Transferee Defendants to comply with the May 3 Order is GRANTED IN PART and DENIED IN PART as follows:

      i. The Transferee Defendants shall promptly search for all quarterly reports that Neighborhood Restore sent to the City with respect to the TPT Program since 2008.

      ii. The Transferee Defendants shall promptly search for any appraisals performed with respect to the 248 Madison Street property (<u>see</u> ECF No. 91 ¶ 17). As discussed at the Conference, any such appraisal are relevant and shall be produced.

   i. Plaintiffs shall promptly re-serve their interrogatory seeking a list of BSDC's affiliates that own or previously owned properties seized through the TPT Program. The Transferee shall respond to the interrogatory within **two weeks** of service.

   b. <u>Attorneys' Fees</u>: Plaintiffs' request for an award attorneys' fees incurred in bringing the Request as to the Transferee Defendants is DENIED.

The parties are directed to order a transcript of today's conference.

The Clerk of Court is respectfully directed to close ECF No. 153.

Dated:    New York, New York
          June 16, 2022

                                         SO ORDERED.

                                         *[signature]*
                                         **SARAH L. CAVE**
                                         **United States Magistrate Judge**