

Brian J. Markowitz
(646) 768-4127
bmarkowitz@GoldsteinHall.com

July 1, 2022

**VIA ECF**
HONORABLE JOHN G. KOELTL
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:  **McConnell Dorce et. Al., v. City of New York, et. al.
Docket No. 19-CV-2216 (JGK)**

Hon. Judge Koeltl:

      This office represents Defendants, Neighborhood Restore Housing Development Fund Corporation ("Neighborhood Restore") and BSDC Kings Covenant Housing Development Fund Company, Inc. ("BSDC") (collectively "Defendants") in the above referenced action currently pending before your Honor.  We are in receipt of your Honor's Opinion and Order (the "Order"), filed June 24, 2022.  We write to respectfully request that your honor issue a certification, pursuant to 28 U.S.C. § 1292(b), and FRAP § 5 that the Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation".

      Respectfully, Defendants believe that the Order is incorrect on several grounds.  Specifically, Defendants believes that the Court incorrectly, and without any evidence or grounds, held that Defendants were state actors and as such, that the Complaint properly stated a claim against the Defendants  This holding stems from a fundamental disconnect as to the nature of the Defendants involvement in the Third Party Transfer Program ("TPT Program"), and an incorrect belief that both Neighborhood Restore and BSDC performed the same functions and had the same involvement as the City of New York in the TPT Program.  While Plaintiffs have alleged that the Defendants were state actors, they have failed to present any proof or evidence, or set forth any facts, that the Defendants were state actors.  Indeed, the sole "proof" presented by the Plaintiffs were conclusory allegations, devoid of any actual facts.  Bald assertions and conclusions of law and fact, such as those presented by Plantiffs. are insufficient to state a claim for relief a motion to dismiss is properly granted when a complaint or counterclaim provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

      As set forth in the Order, the Plaintiffs allege that Defendants were state actors with respect to four actions.  Specifically, as set forth in the Order:

> The plaintiffs here allege that the TPT Defendants violated their constitutional rights by (1) taking and retaining the plaintiffs' surplus equity without



Page **2** of **3**

compensation, (2) targeting the plaintiffs on the basis of their race for inclusion in the TPT Program and for seizure of their surplus equity, (3) failing to provide the plaintiffs with proper process in regard to the defendants' taking of their surplus equity, and (4) excessively fining the plaintiffs for their tax liability by seizing their surplus equity.

Plaintiff's first contention, taking and retaining the plaintiffs' surplus equity without compensation, there is nothing in the record, other than Plaintiffs' own naked allegation that Defendants were involved in the taking of the Plaintiffs' surplus equity without compensation. The undisputed facts of this case show that the City of New York was the sole entity to commence any action against the properties, to wit, the In Rem Foreclosure proceedings. Defendants were not parties to that action. The judgment of foreclosure following the In Rem Foreclosure Judgment was in favor of the City of New York and not in favor of either Neighborhood Restore or BSDC. Following the City of New York obtaining the Judgment, it is thereafter transferred to Neighborhood Restore. BSDC, then became then eventually became the property manager for one of the properties at issue herein, prior to its acquisition of that property from Neighborhood Restore. Again, neither Neighborhood Restore or BSDC are involved with the In Rem Foreclosure action and cannot be deemed to be state actors.

Plaintiffs' second and third allegations, targeting the plaintiffs on the basis of their race for inclusion in the TPT Program and for seizure of their surplus equity and failing to provide the plaintiffs with proper process in regard to the defendants' taking of their surplus equity are again only "proven" by naked self serving allegations that are unsubstantiated by the facts or law. Defendants herein are not involved in the In Rem Foreclosure property selection. The City of New York creates the list of properties for inclusion in the TPT Program, based on outstanding taxes, violations, etc. The record is void of any substantiated allegations that Defendants were involved in that process. Moreover, the In Rem Foreclosure statute specifically provides how the City of New York is to include properties in to the TPT Program, and how the City of New York is to give due process notice to the property owners. Here again, neither Neighborhood Restore or BSDC are involved in that process. Clearly, these allegations are nothing more than the Plaintiffs laying forth "labels and conclusions, and a formulaic recitation of the elements of a cause of action" as the *Twonbly* Court disregarded.

Lastly, the allegation of "excessively fining the plaintiffs for their tax liability by seizing their surplus equity" is once again directed at actions that the City of New York, if true, was solely responsible for. Here again, the Defendants are not involved in fining the Plaintiffs or of seizing their property. Again, the City of New York was the sole party that was involved in the In Rem Proceeding. The judgment obtained therein was obtained by the City of New York, not

Goldstein Hall PLLC
New York City Office: 80 Broad Street, Suite 303, New York, NY 10004
Hudson Valley Office: 175 Huguenot Street, Suite 229, New Rochelle, NY 10801
NYC 646.768.4100  HV 914.713.6402  F 646.219.2450  E info@goldsteinhall.com  W www.goldsteinhall.com



Client Focused. Results Driven.

Page **3** of **3**

Defendants. As such, here again, Defendants are not state actors and any allegation of such should have been disregarded by the Court.

        Accordingly, Plaintiff respectfully requests that your Honor issue a certification, pursuant to 28 U.S.C. § 1292(b), and FRAP § 5 that the Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation"

        Very truly yours,

        S/ *Brian J. Markowitz*
        Brian J. Markowitz

CC:    ALL ATTORNEYS VIA PACER

Goldstein Hall PLLC
New York City Office: 80 Broad Street, Suite 303, New York, NY 10004
Hudson Valley Office: 175 Huguenot Street, Suite 229, New Rochelle, NY 10801
NYC 646.768.4100  HV 914.713.6402  F 646.219.2450  E info@goldsteinhall.com  W www.goldsteinhall.com