

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

July 12, 2022

Gregg L. Weiner
T +1 212 596 9396
gregg.weiner@ropesgray.com

**BY ECF**

The Honorable John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Dorce, et al. v. City of New York, et al.*, No. 1:19-cv-02216 (JGK)

Dear Judge Koeltl:

  We write on behalf of Plaintiffs pursuant to the Court's July 5, 2022 order (ECF No. 171) and in response to TPT Defendants' July 1, 2022 letter-motion (ECF No. 170) (the "Letter-Motion"), which requests that the Court certify for interlocutory appeal under 28 U.S.C. § 1292(b) its ruling on TPT Defendants' motion to dismiss (ECF No. 166) (the "Order").[1]  TPT Defendants do not even address, let alone come close to satisfying, the high threshold required for Section 1292(b) certification.  *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014) ("The proponents of an interlocutory appeal have the burden of showing" "(1) that such order involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) that an immediate appeal from [that] order may materially advance the ultimate termination of the litigation." (citing 28 U.S.C. § 1292(b))).

  *First*, TPT Defendants do not identify a "controlling question of law" they propose the Second Circuit would address.  It is black letter law that "[t]he 'question of law' certified for interlocutory appeal must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record."  *Stone v. Patchett*, 2009 WL 1544650, at *2 (S.D.N.Y. June 3, 2009) (internal citation marks omitted).  TPT Defendants' argument here is that "the Court incorrectly, and without any evidence or grounds, held that Defendants were state actors and as such, that the Complaint properly stated a claim against the Defendants."  Letter-Motion at 1.  The essence of this argument is, like defendant's in *Stone*, "that the Court incorrectly applied the law to the facts presented."  2009 WL 1544650, at *2.  In other words, the issue TPT Defendants aim to pursue before

---

[1] Neighborhood Restore Housing Development Fund Corporation ("Neighborhood Restore") and BSDC Kings Covenant Housing Development Fund Company, Inc. ("BSDC," and collectively with Neighborhood Restore, "TPT Defendants") refer to themselves as "Defendants" in the Letter-Motion but move only on their own behalf, and are not joined by the Municipal Defendants.

ROPES & GRAY LLP

The Honorable John G. Koeltl            - 2 -            July 12, 2022

the Second Circuit is a question regarding application of the appropriate law to the relevant facts, which is quintessentially "not appropriate for interlocutory review." *See id.*; *see also In re Facebook*, 986 F. Supp. 2d at 536 ("[Q]uestions regarding application of the appropriate law to the relevant facts are generally not suitable for certification under § 1292(b).").

    *Second*, the Order does not concern a question of law as to which there is a substantial ground for difference of opinion, which only exists "where (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *In re Goldman Sachs Grp., Inc. Sec. Litig.*, 2014 WL 5002090, at *3 (S.D.N.Y. Oct. 7, 2014) (internal citation marks omitted). The "joint action test" (a/k/a the "close nexus test") that the Court applied to determine whether the "actions of a nominally private entity are attributable to the state," Order at 30–32, is well-established and TPT Defendants do not identify any "conflicting authority" or contend that it is an issue of "first impression" in the Second Circuit. *See, e.g.*, *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (articulating standard); *Sybalski v. Indep. Grp.*, 546 F.3d 255, 257 (2d Cir. 2008) (same); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982) (Supreme Court has "consistently held that a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment.").

    Instead, the TPT Defendants appear to fault the Court for deciding their motion to dismiss based on the allegations in the Amended Complaint, rather than "any proof or evidence." *See* Letter-Motion at 1. The Court was plainly correct in doing so. *See Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020) ("The court, in deciding a Rule 12(b)(6) motion to dismiss a complaint, is required to accept all 'well-pleaded factual allegations' in the complaint as true."). TPT Defendants' argument that Plaintiffs' detailed 384-paragraph Amended Complaint consists of "no more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is not accurate, *see* Order at 31, and, in any event, is simply an argument that the Court's thorough 55-page Order was wrong, which is not sufficient grounds to certify an interlocutory appeal to the Second Circuit. *See S.E.C. v. Gruss*, 2012 WL 3306166, at *4 (S.D.N.Y. Aug. 13, 2012) (motion to certify for interlocutory appeal may not be used to simply "repeat arguments made in [a] motion to dismiss").

    *Third*, TPT Defendants do not explain how an interlocutory appeal will "materially advance the ultimate termination of the litigation." *See id.* at *5 ("[I]t is not enough that the interlocutory appeal would not delay the action; it must 'advance the time for trial or . . . shorten the time required for trial.'"); *see also Isra Fruit Ltd. v. Agrexco Agr. Export Co. Ltd.*, 804 F.2d 24, 25–26 (2d Cir.1986) (rejecting interlocutory appeal because even if some claims "were eliminated at [the motion to dismiss] stage of the litigation, there [was] scant basis for believing that trial of the latter claims would be concluded with any appreciable savings of time"); *Gottesman v. Gen. Motors Corp.*, 268 F.2d 194, 196 (2d Cir. 1959) ("It would seem axiomatic that appeals challenging pre-trial rulings upholding pleadings against demurrer could not be effective in bringing nearer the termination of litigation; on the contrary, they only stimulate the parties to more and greater pre-trial sparring apart from the merits."). Even if the "state actor" causes of action were dismissed against the TPT Defendants, they

ROPES & GRAY LLP

The Honorable John G. Koeltl — - 3 - — July 12, 2022

would still remain as defendants on the federal conspiracy claim (and even if all causes of action against them were dismissed, they would still need to participate in discovery as witnesses). *See* Order at 51–53. There is thus no basis to conclude that an interlocutory appeal would materially advance the timing of the trial in this case.

Conversely, any further delay to this litigation would unduly harm Plaintiffs, who are natural persons who have had their homes taken from them without any compensation for the substantial surplus equity they owned above and beyond any tax liens, and who have already been litigating this case for over three years. The potential prejudice to Plaintiffs of further delay would thus "counsel against" certification in the exercise of the Court's "unfettered discretion" "[e]ven where the three legislative criteria of section § 1292(b) appear to be met." *See In re Facebook*, 986 F. Supp. 2d at 530.

In sum, the Court's well-reasoned and supported conclusion as to the adequacy of Plaintiff's allegations regarding TPT Defendants' potential liability as "state actors" is not the type of "exceptional case[]" for which the "especially rare" mechanism of interlocutory review should be used to "depart[] from the basic policy of postponing appellate review until after the entry of a final judgment." *See id.* at 531, 533.

Respectfully submitted,

| | |
|---|---|
| */s/ Gregg L. Weiner* | */s/ Matthew L. Berman* |
| Gregg L. Weiner | Matthew L. Berman |
| ROPES & GRAY LLP | VALLI KANE & VAGNINI LLP |
| 1211 Avenue of the Americas | 600 Old Country Road |
| New York, NY 10036 | Garden City, NY 11530 |
| (212) 596-9000 | (516) 203-7180 |
| | |
| *Attorneys for Plaintiffs McConnell Dorce and Sherlivia Thomas-Murchison* | *Attorneys for Plaintiffs* |

cc:    Counsel of Record (via ECF)