

Brian J. Markowitz
(646) 768-4127
bmarkowitz@GoldsteinHall.com

July 15, 2022

**VIA ECF**
HONORABLE JOHN G. KOELTL
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

   Re: **McConnell Dorce et. Al., v. City of New York, et. al.
     Docket No. 19-CV-2216 (JGK)**

Hon. Judge Koeltl:

   This office represents Defendants, Neighborhood Restore Housing Development Fund Corporation ("Neighborhood Restore") and BSDC Kings Covenant Housing Development Fund Company, Inc. ("BSDC") (collectively "Defendants") in the above referenced action currently pending before your Honor. This letter is submitted in further support of Defendants' request that your honor issue a certification, pursuant to 28 U.S.C. § 1292(b), and FRAP § 5 that the Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation".

   First, Plaintiffs incorrectly state that Defendants have not presented a controlling issue of law for the Second Circuit to address. They claim that this request is more like that presented in *Stone v. Patchett,* 2009 WL 1544650, claiming that Defendants are alleging a misapplication of the facts to the law. The issue presented in this request for certification is more basic than that. The issue is actually did the District Court err in holding that the Plaintiffs' allegations, which are nothing more than mere labels and conclusions and should not have been accepted by this Court. As in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), Plaintiffs cannot state a claim, and motion to dismiss should be granted, where as here, the complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Indeed, the situation is more akin to that as held in *In re Goldman Sachs Grp., Inc. Sec. Litig.*, 2014 WL 5002090, at *1 (S.D.N.Y. Oct. 7, 2014) wherein the court held "Defendants seek the Second Circuit's opinion on whether, under Second Circuit precedent which has already been applied to the facts here, Goldman's statements are actionable."



Client Focused. Results Driven.

Page **2** of **3**

   Here, the allegations against the Defendants are nothing more than mere conclusions. Indeed, the Amended Complaint goes through great lengths of hundreds of paragraphs alleging wrongdoing against the Municipal Defendants.  It then in a mere few sentences, without any specific allegations, alleges that the Defendants colluded with the Municipal Defendants.  Indeed, there is not a specific allegation against the Defendants.  Indeed, these conclusory allegations are included in a vein attempt to address one of the fatal flaws in the original complaint, that there were no allegations against the Defendants, Defendants were named as a nominal party, but the complaint was not against the real property, but rather changed, last second at the appellate level, to be against alleged surplus equity.  When Plaintiffs amended their complaint, following the Second Circuit's decision to only reinstate certain claims, they have attempted to shoe-horn in Defendants into their claims against the Municipal Defendants.  This Court should not have deemed those claims as true, had was incorrect in holding that Defendants were state actors.  As a matter of law, these claims should have been disregarded and Defendants' motion to dismiss granted on the law.  Accordingly, Defendants have stated a controlling question of law for certification to the second circuit.

   Plaintiffs next address whether there is a substantial ground for differences of opinion.  Here Plaintiffs again wrongly view this as an application of the facts to the law and self-servingly determine that the Court correctly held that Defendants were state actors.  However, Plaintiffs again misplace the request for certification.  The issue is whether the Court should have accepted the facts in the complaint as true.  Based on the pleadings, as well as based on the facts, the Court should not have accepted the ill-pleaded allegations against the Defendants and had no basis for its basing its determination of the motion to dismiss on the state actions.  Indeed, the allegations in the amended complaint go through great detail of the actions that the City and its departments are alleged to have taken with respect to determining which properties where included in the TPT Program, was responsible for the Notice to the TPT Program owners, was responsible for bringing the In Rem Foreclosure Proceeding, was responsible for recording the Judgment and for recording the new deed.  Then summarily, the Plaintiffs say Neighborhood Restore colluded with the City.  Such improper pleading should not have been accepted by the Court.  In fact the Plaintiffs are correct.  There is no difference of opinion on this issue – based on the case law, the underlying motion to dismiss should have been granted.

   Lastly, the Plaintiffs allege that certification will not materially advance the ultimate termination of the litigation.  First, removing substantive claims from a party to this litigation would in fact advance the ultimate termination of the litigation.  If the appeal is successful, many, of not all of the claims against the Defendants would be removed, substantially removing claims for the Court's review.  This would limit the claims that ultimately will be briefed on summary judgment, will limit trial time, and will limit pre-trial disclosure, by removing large claims from the scope of the disclosure process.  Further, permitting the appeal will not delay the action, as the Court does not have to grant a stay, as it didn't during the pendency of the motions to dismiss, of the pre-trial process, and that process can continue during the pendency of the appeal.

Goldstein Hall PLLC
New York City Office: 80 Broad Street, Suite 303, New York, NY 10004
Hudson Valley Office: 175 Huguenot Street, Suite 229, New Rochelle, NY 10801
**NYC** 646.768.4100  **HV** 914.713.6402  **F** 646.219.2450  **E** info@goldsteinhall.com  **W** www.goldsteinhall.com



Client Focused. Results Driven.

Page **3** of **3**

Accordingly, Plaintiff respectfully requests that your Honor issue a certification, pursuant to 28 U.S.C. § 1292(b), and FRAP § 5 that the Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation"

Respectfully submitted,

S/ *Brian J. Markowitz*
Brian J. Markowitz

CC:    ALL ATTORNEYS VIA PACER

Goldstein Hall PLLC
New York City Office: 80 Broad Street, Suite 303, New York, NY 10004
Hudson Valley Office: 175 Huguenot Street, Suite 229, New Rochelle, NY 10801
NYC 646.768.4100  HV 914.713.6402  F 646.219.2450  E info@goldsteinhall.com  W www.goldsteinhall.com