UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

MCCONNELL DORCE ET AL.,

                     Plaintiffs,

       - against -

CITY OF NEW YORK ET AL.,

                     Defendants.

_____

19-cv-2216 (JGK)

MEMORANDUM OPINION AND
ORDER

JOHN G. KOELTL, District Judge:

Two defendants, Neighborhood Restore Housing Development Fund Co. Inc. ("Neighborhood Restore") and Bridge Street Kings Covenant Housing Development Fund Company, Inc. ("Bridge Street") (together, the "Defendants"), request that the Court issue a certification, pursuant to 28 U.S.C. § 1292(b), that this Court's Opinion and Order dated June 24, 2022, "involves a controlling question of law as to which there is a substantial difference of opinion and that an immediate appeal from the [Opinion and Order] may materially advance the ultimate termination of the litigation." The Defendants seek a certification of the portion of this Court's Opinion and Order that denied their motion to dismiss. The Court found that there were sufficient factual allegations in the complaint that the Defendants' "conduct constitutes state action within the meaning of § 1983." ECF No. 31-32. The Defendants contend that the factual allegations were insufficient and simply conclusory

1

allegations that should have been disregarded under Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The Defendants have failed to identify a controlling

question of law as to which there is a substantial difference of

opinion. There is no question that Twombly is controlling law.

Whether the factual allegations in the complaint are sufficient

under Twombly is not a controlling question of law but rather

the application of the facts in the complaint to the question of

law. Moreover, an interlocutory appeal would not materially

advance the ultimate termination of the litigation. If

insufficient facts were alleged, then the plaintiffs would be

given the opportunity to file an amended complaint with more

specific factual allegations. That would produce yet more

pleadings in a case that has already been subject to one appeal

to the Court of Appeals. A certification of an interlocutory

appeal would not materially advance the ultimate termination of

the litigation. If the Defendants are correct that there are

insufficient facts to show that their conduct constituted state

action, then the appropriate remedy is a motion for summary

judgment after discovery.

3

 

The motion for a certification for an interlocutory appeal is denied. The Clerk is directed to close Docket No. 170.

**SO ORDERED.**

Dated:     **New York, New York**
               **July 18, 2022**

                                              **John G. Koeltl**
                               **United States District Judge**