UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

McCONNELL DORCE, et al.,

                        Plaintiffs,

   -v-

                                                     CIVIL ACTION NO.: 19 Civ. 2216 (JGK) (SLC)

CITY OF NEW YORK, et al.,                              **ORDER**

                        Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

      Before the Court is Plaintiffs' request (the "Request") for an order compelling Defendants Neighborhood Restore Housing Development Fund Corporation ("Neighborhood Restore") and BSDC Kings Covenant Housing Development Fund Company, Inc. ("BSDC") (Neighborhood Restore and BSDC together, the "Transferee Defendants") to comply with the Court's June 16, 2022 Order directing them "to respond to Plaintiffs' interrogatory 'seeking a list of BSDC's affiliates that own or previously owned properties seized through the TPT Program[,]'" and for an award of costs and attorneys' fees associated with making the Request. (ECF No. 181 at 1 (quoting ECF No. 160)). The Transferee Defendants oppose the Request, arguing that they have provided the requested information, and that, to the extent Plaintiffs seek clarification, they may do so at BSDC's deposition. (ECF No. 183). For the reasons explained below, the Request is DENIED.

      By way of background, on May 3, 2022, the Court directed the Transferee Defendants to "notify Plaintiffs whether they will voluntarily produce a list of BSDC's affiliates that own or previously owned properties seized through the TPT Program[,]" and ordered that, "[i]f the Transferee Defendants decline to produce the list, Plaintiffs may serve an interrogatory seeking

that information[.]"  (ECF No. 150 ¶ 5).  On June 7, 2022, Plaintiffs advised the Court that the Transferee Defendants had failed to indicate whether they would voluntarily produce the list, and that, on May 20, 2022, Plaintiffs had served an interrogatory (the "Interrogatory") seeking the information.  (ECF No. 154 at 2 & n.3).  On June 10, 2022, the Transferee Defendants advised the Court that they had:

> provided a multipage, OCR PDF document, entitled "TPT Historic Inventory" listing each and every property address transferred to Neighborhood Restore, the Status of the property in the inventory, the date transferred to Neighborhood Restore, The Developer assigned to the property, the Managing Agent of the property, the date it was transferred out of Neighborhood Restore to the Developer and the name of the final entity that took ownership of the property.

(ECF No. 157 at 1–2 (the "List")).  On June 13, 2022, Plaintiff acknowledged receipt of the List, but argued that it was "not a substitute for BSDC identifying its affiliates that took property pursuant to the TPT Program seizures[.]"  (ECF No. 158 at 2).  Neither the Transferee Defendants nor Plaintiffs submitted the List to the Court.

On June 16, 2022, the Court held a telephone conference (the "Conference"), at which the List was discussed.  Plaintiffs again acknowledged receipt of the List, but noted that "it's from Neighborhood Restore" only and did not include information "from the other defendant BSDC." (ECF No. 163 at 41).  The Transferee Defendants indicated that, under the TPT Program, "all the properties go to Neighborhood Restore first" before being transferred to a developer, and that the List reflected "all the properties that were transferred for all the rounds" of the TPT Program. (Id. at 43–44).  They further indicated that all properties transferred to BSDC or a BSDC affiliate included "Bridge Street or BSDC or some [other] indication" in the name of the entity.  (Id. at 45–46).  Regarding the Transferee Defendants' failure to respond to the Interrogatory, counsel claimed that he "did not receive" it. (Id. at 46).  The Court directed Plaintiffs to promptly re-serve

2

the Interrogatory and the Transferee Defendants to respond within two weeks of service. (ECF No. 160 at 4).

On July 5, 2022, Transferee Defendants served a response to the Interrogatory. (ECF No. 181-2). Specifically, they objected to the Interrogatory as "improper" for seeking information already provided in the List. (Id. at 5).

On July 26, 2022, Plaintiffs filed the Request. (ECF No. 181). Plaintiffs described the List as "a twenty-page spreadsheet produced by Neighborhood Restore (not [BSDC]) in discovery" and claim that it "is the same document . . . that the Court found not sufficient to identify [BSDC] affiliates who received property through the TPT Program." (Id. at 2). Plaintiffs included a "screenshot of the first page" of the List, but did not submit the List in its entirety. (Id. at 2–3). Plaintiffs claim that the List "does not identify which companies are [BSDC] affiliates[,]" but acknowledge that they "can perhaps make an educated guess from the names of the entities identified as transferees[.]" (Id. at 3). As an example, Plaintiffs cite a List entry showing that "570 Willoughby Housing Development Fund appears to be affiliated with [BSDC] because it has [BSDC] indicated as the developer," but note that the company "does not have BS or BSDC in its name." (Id.)

On August 4, 2022, the Transferee Defendants opposed the Request. (ECF No. 183). They included in their opposition "the relevant portions" of the List, which shows that BSDC is listed at the "Developer" for 18 properties, and that "BSDC Neighborhood Homes Housing Development Fund" is listed as the "Developer Entity" for fourteen of those properties. (Id. at 3–4). Of the remaining four properties for which BSDC is the listed Developer, one lists 570 Willoughby

3

Housing Development Fund as the Developer Entity (<u>i.e.</u>, the entry listed in the Request), and three list no Developer Entity.  (<u>Id.</u>)

The Court finds that the Transferee Defendants have produced information sufficient to identify "BSDC's affiliates that own or previously owned properties seized through the TPT Program."  (ECF No. 150 ¶ 5).  As a threshold issue, contrary to Plaintiffs' claim in the Request, the Court did not determine at the Conference that the List was "not sufficient to identify [BSDC] affiliates who received property through the TPT Program."  (ECF No. 181 at 2).  Indeed, the Court could not have made such a ruling, as neither party submitted the List for review at that time.  Having now reviewed the relevant portions of the List, the Court finds that it is sufficient to identify the relevant BSDC affiliates.  Accepting the Transferee Defendants' representations as to its completeness, the List identifies all properties that were transferred to BSDC.  For nearly all of those properties, the listed Developer Entity has "BSDC" in its name.  (ECF No. 183 at 3–4).  While there are four properties with Developer Entities that do not have BS or BSDC (or, for three of those properties, any information at all) in their name, Plaintiffs may inquire at BSDC's deposition as to the relationship, if any, between BSDC and the related Developer Entity.

Accordingly, the Request is DENIED.  The Clerk of Court is respectfully directed to close ECF No. 181.

Dated:    New York, New York
          September 7, 2022

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**