

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

February 23, 2023

Leon Kotlyar
T +1 212 596 9217
leon.kotlyar@ropesgray.com

**BY ECF**

Hon. Sarah L. Cave
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Dorce, et al. v. City of New York, et al.*, No. 1:19-cv-02216 (JLR) (SLC)

Dear Judge Cave:

Plaintiffs, Municipal Defendants,[1] and Transferee Defendants[2] write pursuant to this Court's Order (ECF No. 240) to report on the status of document discovery. The parties respectfully suggest that they submit a joint letter in two weeks' time on the status of document discovery.

**Plaintiffs' Productions**

Plaintiffs' Statement:

Plaintiffs' document production is substantially complete. On January 31, 2023, Plaintiffs disclosed to Defendants that Plaintiffs have not withheld responsive documents on the basis of privilege, and accordingly have no privileged documents to log. *See* Amended Case Management Plan (ECF No. 232).

**Municipal Defendants' Productions**

Municipal Defendants' Statement:

Municipal Defendants (MDs) produced their privilege log on February 17. In the course of preparing the log, MDs identified some documents that had been incorrectly withheld. MDs will make a supplemental production containing these documents.

---

[1] "Municipal Defendants" refers to defendants the City of New York (the "City"), Louise Carroll, former Commissioner of the City's Department of Housing Preservation and Development ("HPD"), and Sherif Soliman, former Commissioner of the City's Department of Finance ("DOF").

[2] "Transferee Defendants" are BSDC Kings Covenant Housing Development Fund Company, Inc. ("BSDC") and Neighborhood Restore Housing Development Fund Corp. ("Neighborhood Restore").

With respect to Plaintiffs' January 17 request for documents "concerning" a TPT Working Group convened in September 2019, MDs advised Plaintiffs that MDs had considered the request and determined that it is overbroad and unduly burdensome, and unlikely to lead to the discovery of admissible evidence. In addition to the objections set forth in MDs' objections to Plaintiffs' document requests, the Working Group was not convened until after the events at issue in the litigation. Moreover, the purpose of the Working Group and the conclusions it reached, as well as the process that was followed and the discussions that were held, are all set forth in the TPT Working Group Final Report dated November 8, 2021, which (along with its appendices) is available on the City's website at https://www.nyc.gov/site/hpd/services-and-information/multifamily-disposition-and-finance-programs.page. Specifically, the Final Report explains the Working Group's purpose, process and conclusions. The appendices include the slides used at each of the Working Group sessions, as well as the discussion notes from each session. Subject to the objections set forth above and in the written objections to Plaintiffs' document requests, MDs agreed to produce drafts and segments of the Report and appendices that were disseminated to the Working Group.

During the course of MDs document review, MDs identified a number of voluminous spreadsheets that required significant review and redaction. Using analytics MDs determined that many of the spreadsheets were textual near-duplicates (above 90% similarity). MDs grouped the spreadsheets into near-duplicate groups and for each near-duplicate group, identified the most recent version. The most recent version of each near-duplicate group was redacted and produced. On February 9, Plaintiffs disputed MDs' redaction of personal phone numbers contained in these spreadsheets as personally identifying information (PII) and requested that MDs reproduce 15 redacted spreadsheets without PII redactions. Plaintiffs also requested that MDs redact and produce the 108 near duplicate versions of these spreadsheets (setting aside the dispute regarding PII, the spreadsheets require redactions for privilege). MDs are evaluating these requests and will respond to Plaintiffs.

MDs and Plaintiffs have scheduled a meet-and-confer to discuss these issues on February 28.

Plaintiffs' Statement:

Plaintiffs and Municipal Defendants have scheduled a meet-and-confer for February 28 to discuss Plaintiffs' requests that Municipal Defendants produce (i) documents concerning the TPT Working Group and (ii) certain produced spreadsheets without redactions and other spreadsheets that Municipal Defendants have categorically withheld.

The TPT Working Group was formed as a result of the TPT Program seizures at issue in this lawsuit to address, and seek to rectify, the widespread notice issues and other problems with the TPT Program seizures. Communications with the TPT Working Group appear to show that Municipal Defendants internally recognized that numerous property owners failed to receive proper advance notice of the TPT Program seizures. This evidence is, of course, directly relevant to Plaintiffs' Due Process claims (Counts III and VIII). The fact that Municipal Defendants acknowledgements came

after the seizures (but before the Amended Complaint) makes them more relevant, not less. Indeed, it would be impossible for such assessment to have been done in advance.

As to the spreadsheets, Municipal Defendants are withholding admittedly responsive and relevant information because they claim it is too burdensome to redact the phone numbers of putative class members. But there is no basis to redact these phone numbers and, even if there were, it should not be burdensome to do so. Municipal Defendants describe the admittedly-responsive non-duplicative spreadsheets they are withholding as "near-duplicates" because the forms are the same, but the property-specific information (*e.g.,* detailing Municipal Defendants' rationales for selecting or excluding properties from the TPT Program—which goes directly to Plaintiffs' Equal Protection Claims (Counts II and VII)) appears likely to be different across the withheld spreadsheets.

On February 17, Municipal Defendants provided Plaintiffs with a 55-page privilege log reflecting that they have withheld 910 responsive documents. While there are certain facially obvious defects on the privilege log, Plaintiffs are in the process of assessing the privilege log so as to raise privilege log issues with Municipal Defendants in an orderly and structured fashion. Plaintiffs are also continuing to review Municipal Defendants' document production to assess Municipal Defendants' position that their production is substantially complete, and await Municipal Defendants' supplemental production of documents incorrectly withheld as privileged.

**Transferee Defendants' Productions**

Transferee Defendants' Statement:

Non-municipal Defendants are in the process of preparing their next rolling production of documents to Plaintiffs. To date, Non-Municipal Defendants have produced more than 23,000 documents, and approximately 120,000 pages. We remain on track to meet the Court's production schedule but still anticipate that we will need additional time for production of privilege and redacted documents. We will meet and confer with Plaintiffs' counsel regarding privilege and redacted documents as the Court's schedule deadline approaches.

Plaintiffs' Statement:

On January 18, Transferee Defendants stated that they expect to produce "between 29,000 and 72,000 additional responsive documents," which they would provide on a rolling basis approximately every two weeks. ECF No. 237. Transferee Defendants have since made two productions—on February 8 and shortly after 1pm today—totaling 4,322 additional documents. The deadline for Transferee Defendants to substantially complete document production is March 7 (in 12 days). ECF No. 238.

Hon. Sarah L. Cave                                                                                                February 23, 2023

Respectfully submitted,

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| **ROPES & GRAY LLP** | **OFFICE OF THE CORPORATION COUNSEL** |
| By: */s/ Leon Kotlyar* <br> Gregg L. Weiner <br> Alexander B. Simkin <br> Leon Kotlyar <br> Phillip G. Kraft <br> 1211 Avenue of the Americas <br> New York, NY 10036 <br> (212) 596-9000 | By: */s/ Andrea B. Feller* <br> Andrea B. Feller <br> Rachel B. Kane <br> 100 Church Street <br> New York, NY 10007 <br><br> *Attorneys for the Municipal Defendants* |
| Daniel A. Yanofsky (admitted *pro hac vice*) <br> Prudential Tower <br> 800 Boylston Street <br> Boston, MA 02199-3600 <br> (617) 508-4600 | **GOLDSTEIN HALL PLLC** <br><br> By: */s/ Brian J. Markowitz* <br> Brian J. Markowitz <br> 80 Broad Street, Suite 303 <br> New York, NY 10004 <br> (646) 768-4100 |
| *Attorneys for Plaintiffs McConnell Dorce and Sherlivia Thomas-Murchison* | *Counsel for Defendants Neighborhood Restore Housing Development Fund and BSDC Kings Covenant Housing Development Fund Co.* |
| **WHITE & CASE LLP** | |
| By: */s/ Keith H. Wofford* <br> Keith H. Wofford <br> 1221 Avenue of the Americas <br> New York, NY 10020-1095 <br> (212) 819-7595 | cc:     Counsel of Record (via ECF) |
| *Attorneys for Plaintiffs McConnell Dorce and Sherlivia Thomas-Murchison* | |
| **VALLI KANE & VAGNINI LLP** | |
| By: */s/ Matthew L. Berman* <br> Matthew L. Berman <br> Robert J. Valli, Jr. <br> Yolande I. Nicholson, Esq. *Co-Counsel* <br> 600 Old Country Road <br> Garden City, NY 11530 <br> (516) 203-7180 | |
| *Attorneys for Plaintiffs* | |