

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

May 2, 2023

Gregg L. Weiner
T +1 212 596 9396
gregg.weiner@ropesgray.com

**BY ECF**

Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Dorce, et al. v. City of New York, et al.*, No. 1:19-cv-02216 (JLR) (SLC)

Dear Judge Rochon:

Plaintiffs write in response to Defendants' letter-submissions, ECF Nos. 257–58, opposing Plaintiffs' request to move for partial summary judgment on their Takings and Excessive Fines claims concurrently with seeking class certification on those claims, ECF No. 252 ("Plaintiffs' Opening Letter"). Defendants do not object to Plaintiffs moving for class certification. Indeed, no permission is needed to do so under the Local Rules or the Court's Individual Rules of Practice. Instead, Defendants argue (i) Plaintiffs should be forced to wait until after the Supreme Court's decision in *Tyler v. Hennepin County*, Dkt. No. 22-166, prior to moving for partial summary judgment, and (ii) that all discovery should be stayed pending that decision as well. For the reasons set forth herein, Plaintiffs disagree.[1]

**I.   The Pendency of *Tyler* Is Not a Basis to Prohibit Plaintiffs from Seeking Partial Summary Judgment**

Defendants do not dispute Plaintiffs' core argument that it would be efficient to litigate issues of class certification and liability as to Plaintiffs' Takings and Excessive Fines claims concurrently. Nor do Defendants contest that the factual record on class certification and liability is fundamentally the same and that the legal issues substantially overlap. For example, whether Mr. Dorce and Mss. Jones and Thomas-Murchison are "typical" Takings and Excessive Fines class representatives involves an analysis of the merits of the claims.

---

[1] On April 28, Plaintiffs sought permission for this letter to address Defendants' newly-raised argument about the pendency of the *Tyler* decision in connection with Plaintiffs' request for leave to move for partial summary judgment in addition to opposing Defendants' request to stay all discovery. *See* ECF 259. The Court has not been ruled on this request as of this filing. In the event Plaintiffs' request is rejected, Plaintiffs correspondingly withdraw Section I of this letter.

ROPES & GRAY LLP

Hon. Jennifer L. Rochon - 2 - May 2, 2023

Defendants instead contend that Plaintiffs' motion should await a decision in *Tyler*, because that case is factually analogous and the Supreme Court may address legal issues that are relevant to this case. ECF No. 257 at 3; No. 258 at 2–3. But that is not a basis to stay a long-pending case; the scope and contours of any future decision are not now known; and *Tyler* may well be decided on issues that have no bearing on this case (*e.g.,* Respondent's threshold argument that Petitioner Geraldine Tyler lacks standing). *See In re Tremont*, 2013 WL 4730263, at *4 ("[T]he court is not willing to stay the resolution of dispositive motions in this case on the mere possibility that the Supreme Court may announce a rule that is both relevant and contrary to this court's own holdings."); *Tyler* Resp't's Br. at 9.

Even if briefing is complete before the *Tyler* decision is issued, the Court can still consider the decision by way of supplemental authority. If the decision warrants it and the Court would find it helpful, the Court could always ask the parties to make short supplemental submissions addressing the decision. No judicial resources will be lost by allowing Plaintiffs to commence motion practice before the *Tyler* decision is issued. Put simply, further delay in this 2019 case is unwarranted and would cause hardship to Plaintiffs and the class. Indeed, one of the named plaintiffs has been rendered homeless when her home was seized pursuant to the TPT Program and two of the named plaintiffs are elderly and are particularly prejudiced from Defendants' continued taking of their Surplus Equity. *See* Am. Compl. ¶¶ 7, 12, 21; Mot. to Dismiss Opinion & Order (Koeltl, J.), ECF No. 166 ("MTD Op.") at 7–8.[2]

**II.   A Discovery Stay Is Not Warranted**

Defendants' request to stay all discovery pending a decision in *Tyler* is less defensible than their request to stay summary judgment briefing.[3] Even if *Tyler* clarifies the law on Takings and/or Excessive Fines in some relevant way, this Court will still have to apply the law to the facts of this case. Indeed, Defendants do not articulate any way that discovery will be different after *Tyler* than it is now. Defendants, have not, for example, offered to stipulate to liability on Plaintiffs' Takings and Excessive Fines claims if Ms. Tyler is successful against Hennepin County in *Tyler*. And even if they

---

[2] In any event, Plaintiffs believe *Tyler* will be decided consistent with established law that a taking occurs when property is seized without just compensation, *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2170 (2019) ("[A] property owner has a claim for a violation of the Takings Clause as soon as a government takes his property for public use without paying for it."), and that the seizure of Surplus Equity is a taking, *e.g.*, *Rafaeli, LLC v. Oakland Cty.*, 505 Mich. 429, 437 (2020) ("[D]efendants' retention of those surplus proceeds is an unconstitutional taking . . . ."); *see also* Plaintiffs' Opening Letter at 3 (collecting cases).

[3] Defendants' request to stay discovery is inappropriately directed to Your Honor. Pursuant to the Amended Order of Reference to a Magistrate Judge, ECF No. 131, general pretrial proceedings, including discovery, as implicated in Defendants' request to stay all discovery, are referred to Judge Cave. Defendants' apparent end-run around Judge Cave is particularly inappropriate given how involved Judge Cave has been in assisting the parties with discovery disputes, including having issued a discovery scheduling order as recently as April 14, 2023. ECF No. 250.

ROPES & GRAY LLP

Hon. Jennifer L. Rochon	- 3 -	May 2, 2023

did, Plaintiffs would still need to take discovery to ascertain their (and class) damages. Even in a hypothetical scenario where the Supreme Court rules in *Tyler* in a way that effectively precludes Plaintiffs' Federal Takings and Excessive Fines claims, this case would still proceed as to the nine other causes of action that Judge Koeltl sustained, including Equal Protection, Due Process, and state law claims. MTD Op. at 28–54. The law is clear that where, as here, "a Supreme Court or an appellate court decision would not dispose of the main issues in the litigation, courts have found considerations of fairness and efficiency to weigh in favor of denying a stay of the proceedings pending the decision." *United States v. Town of Oyster Bay*, 66 F. Supp. 3d 285, 289 (E.D.N.Y. 2014).

Defendants' request for a discovery stay also risks significant inefficiencies. For example, after multiple extensions and an order from Judge Cave directing Transferee Defendants to serve their privilege log by May 4, 2023 with no "further extension of this deadline absent extraordinary circumstances," ECF No. 250, Transferee Defendants' privilege log is **due in two days**. Transferee Defendants previously represented to the Court that they withheld over 59,000 responsive documents as privileged, ECF No. 249, compared to under 37,000 produced documents. It is difficult to imagine how it would promote efficiency for Transferee Defendants to suddenly halt this work on the eve of production rather than complying with Judge Cave's order and producing the privilege log by Thursday. Likewise, the parties have engaged in extensive meet and confer efforts relating to Municipal Defendants' production of emails from the TPT Working Group that they assembled in response to, among other things, the joint oversight hearings conducted by the New York City Council's Committee on Oversight and Investigations and Committee on Housing and Buildings to address, and seek to rectify, the widespread notice issues and other problems with the TPT Program seizures. These documents go to the core issues in this case and there is no reason to further delay their production. For example, the members of the TPT Working Group apparently sent or received 228 emails with the terms "TPT AND unconstitutional" that Municipal Defendants have, to date, refused to review and produce.

In an effort to address Defendants' putative burden concerns and meet Defendants half-way, Plaintiffs agreed to temporarily pause depositions and expert discovery. Plaintiffs believe that this approach appropriately balances the burdens to the parties by allowing Plaintiffs to develop the documentary record on their damages and the claims not implicated by *Tyler*, while holding in abeyance the more cost-intensive processes of depositions and expert discovery.[4]

Respectfully submitted,

*/s/ Gregg L. Weiner*
Gregg L. Weiner
Alexander B. Simkin
Leon Kotlyar
Phillip G. Kraft

---

[4] Plaintiffs do not address here the merits of Defendants' arguments on class certification or partial summary judgment, but will address them in their briefing if given leave to file.

ROPES & GRAY LLP

Hon. Jennifer L. Rochon — - 4 - — May 2, 2023

ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000

Daniel A. Yanofsky (admitted *pro hac vice*)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
(617) 508-4600

*Attorneys for Plaintiffs McConnell Dorce and Sherlivia Thomas-Murchison*


*/s/ Matthew L. Berman*
Matthew L. Berman
Robert J. Valli, Jr.
Yolande I. Nicholson, Esq. (Of Counsel)
VALLI KANE & VAGNINI LLP
600 Old Country Road
Garden City, NY 11530
(516) 203-7180

*Attorneys for Plaintiffs*


*/s/ Keith H. Wofford*
Keith H. Wofford
WHITE & CASE LLP
200 South Biscayne Blvd
Suite 4900
Miami, FL 33131-2352
(305) 371-2700

*Attorneys for Plaintiffs McConnell Dorce and Sherlivia Thomas-Murchison*


cc:     Counsel of Record (by ECF)