

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

May 26, 2023

Leon Kotlyar
T +1 212 596 9217
leon.kotlyar@ropesgray.com

**BY ECF**

Hon. Sarah L. Cave
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Dorce, et al. v. City of New York, et al.*, No. 1:19-cv-02216 (JLR) (SLC)

Dear Judge Cave:

Plaintiffs, Municipal Defendants, and Transferee Defendants write pursuant to this Court's May 8, 2023 Order, ECF No. 264, to report on the status of document discovery.

Because Plaintiffs have found that regular letters to Your Honor have been effective in progressing the case forward and there are a number of outstanding document discovery issues, including Municipal Defendants' production of documents relating to the TPT Working Group and multiple privilege log issues, Plaintiffs respectfully suggest that the parties continue the Court-ordered practice of submitting a joint letter in two to three weeks' time on the status of document discovery.

**Municipal Defendants' Productions**

Municipal Defendants' Statement:

*Plaintiffs' Objections to MD's Document Production and Privilege Log*

Municipal Defendants' (MDs) document production was substantially completed on December 15, 2022 and MDs' privilege log was produced on February 17, 2023. On May 17, 2023, Plaintiffs sent MDs a letter alleging various deficiencies in MDs' document production and privilege log, which includes challenges to the withholding, redaction and logging of hundreds of documents. MDs are reviewing the letter and re-reviewing the associated documents, as necessary, and will respond to Plaintiffs.

*Plaintiffs' Request for a Supplemental Review and Production*

As more fully set forth in recent status letters (e.g., ECF No. 263), MDs have been negotiating with Plaintiffs in connection with Plaintiffs' request for a supplemental review and production of documents dated after the commencement of the litigation, the cut-off date for MDs' document

ROPES & GRAY LLP

Hon. Sarah L. Cave                               - 2 -                                  May 26, 2023

production. Specifically, Plaintiffs requested documents concerning the TPT Working Group, a group convened after the events at issue in this litigation and after the filing of the complaint, to explore potential reforms to the TPT program. Plaintiffs' most recent search term proposal was made on April 20, 2023. On May 4, MDs advised Plaintiffs that they do not agree to Plaintiffs' proposed search terms but would be willing to consider a renewed, more targeted proposal and/or to participate in an additional meet-and-confer regarding Plaintiffs' request.

On May 15, Plaintiffs requested that MDs begin a review of a population of documents collected using three of Plaintiffs' proposed search terms ("373 Rockaway"; "'TPT' AND 'constitutional'" and "'TPT' AND 'unconstitutional'", together referred to as "search 1") while the parties continue to negotiate additional search terms, and that MDs "apply their already-existing predictive coding model" to the documents that hit on the remainder of Plaintiffs' proposed search terms. On May 17, MDs responded that MDs do not agree to any of the proposed search terms and do not agree to conduct two separate supplemental reviews, and that an analysis of the review effort that would be required to review the population of documents identified using these terms and the extent to which technology assisted review could be leveraged to reduce the review effort would require MDs to conduct a separate prevalence review of a statistically valid random sample of documents pulled from this new population. MDs also reiterated that they would be willing to consider a renewed, more targeted search term proposal.

On May 19, Plaintiffs requested a further explanation of MDs' objections to the "search 1" terms and MDs' objections to conducting two separate reviews. On May 23, MDs responded that conducting an email review in phases is inefficient and that MDs object to the proposed "search 1" terms because (a) they are not targeted to the Working Group, which is the subject matter to which these proposed searches are purportedly directed and (b) given the time frame of the search (post-commencement of this lawsuit) and the use of terms associated with the legal claims asserted in this lawsuit (in which plaintiffs allege that the foreclosure of 373 Rockaway Parkway and other properties was unconstitutional) they are likely to return a high volume of privileged documents discussing this lawsuit. MDs further stated that they are willing to conduct a prevalence review of a statistically valid random sample of documents pulled from the population of documents generated using all of Plaintiffs' proposed search terms in order to provide information about the extent to which technology assisted review could be leveraged to reduce the review effort that would be associated with utilization of these search terms, but that, by agreeing to do so, MDs are not agreeing to conduct any further review and reserve the right to object in full if Plaintiffs do not make any effort to narrow the proposed searches in response.

Plaintiffs' Statement:

During the course of negotiating the scope of Municipal Defendants' document production, Plaintiffs have consistently maintained that certain documents post-dating the March 19, 2019 filing of the original complaint are responsive to Plaintiffs' discovery requests and subject to production. As indicated in the parties' August 19, 2022 joint status letter to the Court (ECF No. 194), the parties agreed to defer review of emails post-dating the original complaint's filing until a later time when

ROPES & GRAY LLP

Hon. Sarah L. Cave                              - 3 -                              May 26, 2023

Plaintiffs could make targeted proposals.  Upon review of Municipal Defendants' productions, on January 17, 2023, Plaintiffs made a targeted request that Municipal Defendants produce documents concerning the TPT Working Group, which was directly focused on core issues in this case, including inadequate notice provided to homeowners and criteria for selecting properties to include in or exclude from the TPT Program.  Since then, Plaintiffs and Municipal Defendants have been negotiating the scope of Municipal Defendants' review for producing documents concerning the Working Group.  Plaintiffs are waiting to hear back from the Municipal Defendants on the results of a prevalence review for the TPT Working Group documents.

On May 17, 2023, Plaintiffs wrote to Municipal Defendants regarding multiple deficiencies with their document productions and privilege log.  Plaintiffs are awaiting a response to that letter.

**Transferee Defendants' Productions**

Transferee Defendants' Statement:

On May 16, 2023, Non-Municipal defendants produced an additional 59,944 documents (427,898 pages) that were released from the initial set of documents held as potentially privileged as well as documents labeled as highly confidential, containing personal identification information, disclosed without redaction pursuant to the parties' previous agreement regarding such information.

As Non-Municipal Defendants have no produced all of their responsive documents, we respectfully request that this Court dispense with the need for further status updates.  If Plaintiffs raise any specific questions or objections regarding the production set, then those will be addressed in meet and confer conferences and can be elevated to the Court if they can not be resolved.

Plaintiffs' Statement:

On May 16, 2023—more than two months after the operative deadline for substantial completion of document production—Transferee Defendants produced nearly 60,000 documents that they claim were inadvertently coded as privileged during their initial document view.  This supplemental production is substantially more than all of Transferee Defendants' prior productions combined (36,230 documents).

On May 4, 2023, Transferee Defendants served their privilege consisting of approximately 13,000 documents.  After multiple requests from Plaintiffs, Transferee Defendants served an excel version of their privilege log on May 10 and disclosed the attorneys that they used for privilege today.  Plaintiffs are continuing to review this log, which is clearly deficient in various respects that Plaintiffs will raise with Transferee Defendants.

**ROPES & GRAY LLP**

Hon. Sarah L. Cave                                                                                                   May 26, 2023

Respectfully submitted,

| PLAINTIFFS | DEFENDANTS |
|---|---|
| **ROPES & GRAY LLP** | **OFFICE OF THE CORPORATION COUNSEL** |
| By: */s/ Leon Kotlyar*<br>Gregg L. Weiner<br>Alexander B. Simkin<br>Leon Kotlyar<br>Phillip G. Kraft<br>1211 Avenue of the Americas<br>New York, NY 10036<br>(212) 596-9000 | By: */s/ Rachel B. Kane*<br>Andrea B. Feller<br>Rachel B. Kane<br>100 Church Street<br>New York, NY 10007<br><br>*Attorneys for the Municipal Defendants* |
| Daniel A. Yanofsky (admitted *pro hac vice*)<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199-3600<br>(617) 508-4600 | **TARTER KRINSKY & DROGIN LLP**<br><br>By: */s/ Brian J. Markowitz*<br>Brian J. Markowitz<br>1350 Broadway<br>New York, NY 10018<br>(212) 216-8029 |
| *Attorneys for Plaintiffs McConnell Dorce and Sherlivia Thomas-Murchison* | *Counsel for Defendants Neighborhood Restore Housing Development Fund and BSDC Kings Covenant Housing Development Fund Co.* |
| **WHITE & CASE LLP** | |
| By: */s/ Keith H. Wofford*<br>Keith H. Wofford<br>200 South Biscayne Blvd<br>Suite 4900<br>Miami, FL 33131-2352<br>(315) 371-2700 | cc:    Counsel of Record (via ECF) |
| *Attorneys for Plaintiffs McConnell Dorce and Sherlivia Thomas-Murchison* | |
| **VALLI KANE & VAGNINI LLP** | |
| By: */s/ Matthew L. Berman*<br>Matthew L. Berman<br>Robert J. Valli, Jr.<br>Yolande I. Nicholson, Esq. *Co-Counsel*<br>600 Old Country Road<br>Garden City, NY 11530<br>(516) 203-7180 | |
| *Attorneys for Plaintiffs* | |