

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

**Brian J. Markowitz,** *Partner*
212.216.8029, *Direct Dial*
bmarkowitz@tarterkrinsky.com

June 28, 2023

**VIA PACER ECF**
Hon. Jennifer L. Rochon
United States District Judge
United States District Court|
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *McConnell Dorce v. City of New York, et al.,* 1:19-cv-02216 (JLR)(SLC)

Dear Judge Rochon:

This office represents Defendants Neighborhood Restore Housing Development Fund Corporation ("Neighborhood Restore") and BSDC Kings Covenant Housing Development Fund Company, Inc. ("BSDC") (collectively, "Non-Municipal Defendants") in the above referenced matter.  This letter is in response to Plaintiffs' June 23, 2023 letter, requesting permission to file a motion for (i) certification of a liability issue class consisting of owners whose excess value in their properties was seized by the City during TPT Program Round X (the most recent such round) (the "Round X Class"), and (ii) partial summary judgment as to liability against the Municipal Defendants[1] on behalf of that class.

**The *Tyler* Decision**

Plaintiffs' recent request revolves around their interpretation of the Supreme Court's recent decision in *Tyler v. Hennepin County*, No. 21-166, 598 U. S. ____, 2023 WL 3632754 (May 25, 2023).  However, the *Tyler* decision was not as broad as the Plaintiffs' argue,

---

[1] As in Plaintiffs' previous letter request for summary judgment, liability is premised against the Municipal Defendants and not Non-Municipal Defendants.  This second tacit admission that Non-Municipal Defendants are not liable to Plaintiffs is telling.  Continuing to keep Non-Municipal defendants as a party to this action, when there is no evidence that Non-Municipal Defendants were state actors or had involvement in the selection or foreclosure of the underlying properties, is a violation of Rule 11. As such, if Plaintiffs' are permitted to move for partial summary judgment as against Municipal Defendants, Non-Municipal Defendants should be permitted to seek summary judgment as against Plaintiffs.

and did not settle this matter in the way Plaintiffs' claim.  In fact, the *Tyler* decision actually supports dismissal of Plaintiff's claims.

   Contrary to Plaintiffs' contention, and contrary to the Non-Municipal Defendants' previous predictions to this Court, the Tyler decision did not settle the issues presented in this Action.  In Tyler, the Supreme Court specifically upheld its prior decision in *Nelson v. City of New York*, 352 U. S. 103 (1956).  As reasoned In *Tyler*:

> The County argues that Taylor and Lawton were superseded by Nelson v. City of New York, 352 U. S. 103 (1956), but that case is readily distinguished. There New York City foreclosed on properties for unpaid water bills. Under the governing ordinance, a property owner had almost two months after the city filed for foreclosure to pay off the tax debt, and an additional 20 days to ask for the surplus from any tax sale. Id., at 104–105, n. 1. No property owner requested his surplus within the required time. The owners later sued the city, claiming that it had denied them due process and equal protection of the laws.
>
>        * * *
>
> We rejected this belated argument. Lawton had suggested that withholding the surplus from a property owner always violated the Fifth Amendment, but there was no specific procedure there for recovering the surplus. Nelson, 352 U.S., at 110. New York City's ordinance, in comparison, permitted the owner to recover the surplus but required that the owner have "filed a timely answer in [the] foreclosure proceeding, asserting his property had a value substantially exceeding the tax due." Ibid. (citing New York v. Chapman Docks Co., 1 App. Div. 2d 895, 149 N. Y. S. 2d 679 (1956)). Had the owners challenging the ordinance done so, "a separate sale" could have taken place "so that [they] might receive the surplus." 352 U.S., at 110. The owners did not take advantage of this procedure, so they forfeited their right to the surplus. **Because the New York City ordinance did not "absolutely preclud[e] an owner from obtaining the surplus proceeds of a judicial sale," but instead simply defined the process through which the owner could claim the surplus, we found no Takings Clause violation**.

*Tyler* 598 U. S. _____ at P. 10-11 (Emphasis supplied).

   The statutory scheme upheld in *Nelson*, is virtually identical to the one being challenged here.  For the same reason that the *Tyler* Court refused to overturn *Nelson*, Plaintiffs are not entitled to seek summary judgment herein.  Like in *Nelson* the statutory scheme here

provides that a party can interpose an answer in the foreclosure proceeding.   If the party interposes an answer, NYC Administrative Code 11-409 specifically provides:

> d. When a verified answer alleges a substantial equity over the city's lien for taxes, the defendant may demand additional time in which to pay the  taxes  and interest or to have the property sold with all taxes and interest to be paid out of the proceeds of such sale.

NYC Admin. Code 11-409(d).

Indeed, the provision that the Supreme Court analyzed in *Nelson,* is prevalent in the statute here.  As the Tyler Court held "Unlike in *Nelson*, Minnesota's scheme provides no opportunity for the taxpayer to recover the excess value; once absolute title has transferred to the State, any excess value always remains with the State."  *Tyler* 598 U. S. _____ at P. 11.  However, here, the taxpayer may be entitled to the surplus equity, when they file an answer to the foreclosure proceeding, as upheld in *Nelson.*    As in *Nelson*, "[b]ecause the New York City ordinance did not "absolutely preclud[e] an owner from obtaining the surplus proceeds of a judicial sale," but instead simply defined the process through which the owner could claim the surplus, we found no Takings Clause violation."

Accordingly, Plaintiff is not entitled to summary judgment and should not be permitted to move for such relief at this point.

Non-Municipal Defendants also adopt the Municipal Defendants arguments regarding the prohibition of serial summary judgment motion, especially, if Plaintiffs are permitted to certify several classes.

## Class certification

Non Municipal Defendants join in Municipal Defendants opposition to class certification, however, Non-Municipal Defendants do in fact oppose Plaintiffs' actual request for class certification as well as class certification itself, as Plaintiffs should not certify a partial class at this time.  Plaintiffs' request does not address the For instance, Plaintiffs have not shown that Plaintiff Sherlivia Thomas-Murchinson ever had an ownership interest in any TPT building. Plaintiffs have not produced any documents showing how the property transferred from her deceased parents, who died prior to the building being transferred in the TPT Program, to Ms. Thomas-Murchinson.  As Ms. Thomas-Murchinson is not a former owner, she is not a proper class representative.  Similar issues have been raised with respect to Ms. Cecilia Jones, who claims to have been a shareholder in an Housing Development Fund Corporation ("HDFC"). The HDFC was a limited equity coop, and Ms. Jones has shown no proof that she ever was issued shares in that HDFC, or that she ever maintained a proprietary lease.  Further, as a shareholder, serious questions of material fact exist, as to whether she has any rights, as opposed to the HDFC's Board (which she does not allege to have been apart of), to bring any suit on behalf of the Board.  These material issues, were never addressed in Plaintiffs' letter request and as such, the request should be denied at this time.  Additionally, questions as to the period of limitations as to the class representatives exist.

For all of the reasons set forth herein, Plaintiffs' letter request for partial class certification and partial summary judgment must be denied at the present time.

Respectfully,

Brian J. Markowitz, Partner