

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

June 30, 2023

**BY ECF**

Hon. Sarah L. Cave
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Dorce, et al. v. City of New York, et al.*, No. 1:19-cv-02216 (JLR) (SLC)

Dear Judge Cave:

Plaintiffs, Municipal Defendants ("MDs"), and Transferee Defendants ("TDs") write pursuant to the Court's June 12, 2023 Order, ECF No. 269, to report on the status of document discovery and to raise issues that are ripe for the Court's attention.[1]

**Municipal Defendants Review of Documents Concerning the TPT Working Group**

Plaintiffs' Statement:  As discussed in prior status updates dating back to January 2023 (ECF Nos. 237, 239, 241, 243, 247, 249, 263, 266, 268), Plaintiffs and MDs have been negotiating the scope of MDs' document production concerning the TPT Working Group that was formed to address concerns about the TPT Program, including the property eligibility and selection process and methods of notice to property owners.  The Parties have agreed on the relevant custodians and date range.  Plaintiffs have requested that MD's review narrow search terms (*see* Ex. C) that MD's say would likely involve a review of 13,000 documents (based on applying TAR).  MD's position is that reviewing 13,000 documents is too burdensome and they have rejected each of Plaintiffs' attempts to further narrow the burden, without making any proposal of their own.

Municipal Defendants' Statement: The parties held a meet-and-confer on June 28 to discuss the results of the prevalence review reported by MDs on June 7, during which Plaintiffs asked MDs to consider whether additional technology could be deployed to decrease the burden of the review requested by Plaintiffs and MDs reiterated their request that Plaintiffs propose narrower, more focused, search terms. MDs are exploring whether any of the strategies suggested by Plaintiffs (or any others) could be deployed to sufficiently reduce the burden associated with the proposed review, and will share their conclusions and/or proposals with Plaintiffs. Plaintiffs have continued to reject MDs' requests to narrow the search terms, insisting that terms such as "TPT w/25 meeting" and "TPT w/25 notes" are sufficiently targeted to the Working Group.

---

[1] The parties have endeavored to address these issues concisely but, given the number of outstanding disputes, were unable to do so within the Court's three-page limit.  The parties respectfully seek the Court's permission to consider this 3.5 page letter.

ROPES & GRAY LLP

Hon. Sarah L. Cave                              - 2 -                              June 30, 2023

**Defendants' Privilege Logs**

Plaintiffs' Statement:  In letters dated May 17, 2023 (directed to MDs) and June 29, 2023 (directed to TDs), appended hereto as Exhibits A and B, Plaintiffs raised several deficiencies with Defendants' privilege logs and productions that remain unresolved.[2]

*First*, Defendants withheld or redacted documents that have no discernable source of privilege.  See Ex. A at 2–4; Ex. B at 5.  "Privilege logs should . . . provid[e] sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure." *Bank Brussels Lambert v. Credit Lyonnais (Suisse), S.A.*, 210 F.R.D. 506 (S.D.N.Y. 2002) (cleaned up).  For example, MDs withheld hundreds of documents that do not include any attorney.  TDs withheld thousands of documents that their log *affirmatively states are not privileged*; thousands of documents that were shared with third parties (and for which TDs have not asserted any common interest privilege); and hundreds of emails for which their log does not indicate who sent the email.

*Second*, Defendants have not provided sufficient descriptions of the substance or subject matter of *any* withheld document to allow Plaintiffs to assess the merits of Defendants' assertions of privilege.  See Ex. A at 4–5; Ex. B at 5–6.  "[B]road category descriptions . . . are insufficient." *Deutsche Bank Sec. Inc. v. Kingate Glob. Fund Ltd.*, No. 19 Civ. 10823 (ER), 2022 WL 3644822, at *8 (S.D.N.Y. Aug. 24, 2022).  The *only* subject matter information MDs' privilege log discloses is each document's name and whether that document concerns the "TPT Program," "particular properties," or "other."  TDs' log does not include *any* subject-matter description.

*Third*, Defendants withheld documents on the basis of an asserted "deliberative process privilege" that cannot apply here for two reasons.  See Ex. A at 6–7; Ex. B at 6–7.  *First*, under New York state law, which governs assertions of privilege in this case, "deliberative process privilege" is a FOIL exception, not a privilege.  See *Mosey v. County of Erie*, 148 A.D.3d 1572, 1574–76 (4th Dept. 2017).  *Second*, any "deliberative process" exemption would not apply here because Plaintiffs' claims are directed at Defendants' discriminatory intent in creating and administering the TPT Program, see *Nat'l Rifle Assoc. of Am. v. Cuomo*, 332 F.R.D. 420, 434 (N.D.N.Y. 2019).

*Fourth*, TDs improperly withheld non-privileged documents that are members of responsive families of documents.  See Ex. B at 7.  As a general matter, responsive emails should be produced with their attachments.  See *Abu Dhabi Comm. Bank v. Morgan Stanley & Co., Inc.*, No. 08 Civ. 7508(SAS), 2011 WL 3738979, at *5 (S.D.N.Y. Aug. 18, 2011) (explaining "prevailing practice" of designating entire families as responsive), *R&R adopted by* No. 08-Civ. 7508, 2011 WL 3734236 (S.D.N.Y. Aug. 24, 2011).  Further, Fed. R. Civ. P. 34 mandates that documents should be produced in the form that they are kept in the ordinary course of business, such that attachments are produced with the responsive emails to which they are appended.  See,

---

[2] During the June 28 meet and confer, MDs stated that they were re-reviewing certain withheld documents, but would not agree categorically to produce the documents and revise their Privilege Log as requested below.

*e.g.*, *PSEG Power N.Y., Inc. v. Alberici Constructors, Inc.*, No. 1:05-CV-657, 2007 WL 2687670, at *8 (N.D.N.Y. Sept. 7, 2007).[3]

Municipal Defendants' Statement: MDs do not believe the issues Plaintiffs raise regarding MDs' privilege log are ripe for resolution by the Court. As discussed during the June 28 meet-and-confer, while MDs agreed to discuss the topics in general terms, MDs have not yet completed their re-review. MDs indicated that they will produce some documents that were previously withheld (in some cases with redactions) and will produce those documents on a rolling basis. MDs anticipate making the first such production during the week of July 10. In addition, MDs will provide additional information as to other documents, where applicable. Nevertheless, MDs will respond briefly to the topics addressed by Plaintiffs.

(1) MDs dispute Plaintiffs' assertion that documents that do not apparently include an attorney cannot be privileged. As MDs explained by way of example during the meet-and-confer, an email exchanged between non-attorneys is privileged if it recounts or summarizes legal advice provided by an attorney. In addition, with respect to many of the documents as to which Plaintiffs claim the basis for the privilege is not "discernable," the basis is, in fact, evident from the face of the document itself. MDs agree to supply additional information with respect to documents for which, upon re-review, MDs determine that additional information should be provided to explain the basis of the privilege asserted.

(2) MDs' categorical privilege log sets forth the file name and/or email subject line as applicable, along with the subject matter category. In addition, for documents that are either redacted or members of families, additional information is often available from the face of the portions produced. MDs believe that these descriptions (along with the documents themselves in many cases) provide sufficient information to support MDs' assertion of privilege. However, MDs have agreed to consider whether additional information should be provided regarding the documents for which Plaintiffs contend that insufficient information is available.

(3) The Court has original jurisdiction over this case (Amended Compl. ¶31, ECF No. 81), therefore questions of privilege are governed by federal common law (*see Dukes v. NYCERS*, 331 FRD 464, 469 (S.D.N.Y. 2019); Fed. R. Evid. 501). The deliberative process privilege has been recognized and applied under federal common law. E.g., *Stinson v. City of New York*, 304 F.R.D. 432 (S.D.N.Y. 2015). While the privilege is codified in the Freedom of Information Act (FOIA) and many cases applying it arise in that context, it is not limited to documents produced in response to FOIA requests. *See MacNamara v. City of New York*, 249 F.R.D. 70, 78 n.6 (S.D.N.Y. 2008). Nor is it inapplicable to all documents within the scope of discovery in a litigation simply because there is a claim of

---

[3] TDs complain about Plaintiffs' purported delay in raising these issues, noting that TDs produced their Privilege Log on May 4. What TDs fail to mention is that it was not until May 26 that they provided Plaintiffs with a list of attorneys whom they claim are sources of privilege, which Plaintiffs clearly required in order to assess TDs' Privilege Log and production. There is no basis to claim that taking approximately *one month* to raise these issues constitutes delay, particularly given that (1) TDs logged nearly 13,000 documents, and (2) TDs produced 60,000 additional documents on May 16 (more than *two months* after the deadline for substantial completion of document production).

discrimination. As explained in *National Rifle Association of America v. Cuomo*, 332 F.R.D. 420, 434 (N.D.N.Y. 2019), "[i]n assessing whether the deliberative process privilege applies where the agency's deliberations are at issue," courts in the Southern District "largely" apply a balancing test that takes into account the specific types of documents at issue. *Id.* at 435; *see, e.g. Noel v. City of New York*, 2018 U.S. Dist. LEXIS 209553 (S.D.N.Y. Dec. 12, 2018). MDs are conducting a re-review that includes the documents as to which application of this privilege has been challenged and therefore any evaluation of individual documents would be premature at this time.

(4) In the course of MDs' re-review, MDs have determined that the 35 documents that were withheld for non-responsiveness will be produced. These documents will be included in the production anticipated to be made the week of July 10.

Non-Municipal Defendants' Response:  Non-Municipal Defendants produced their privilege log on May 4, 2023.  Now nearly 2 months later, and after having informed the Court that they no longer require fact discovery and are prepared to move for summary judgment (ECF# 270), Plaintiffs on June 29, 2023 at 10:23 PM emailed their objections to the Privilege Log.  At this time, Non-Municipal Defendants have not had a chance to review and respond to Plaintiffs' objections.  However, a cursory review reveals that the documents challenged are all legitimately held.  For instance, a sampling of the documents listed on Plaintiffs' Exhibit are attachments to other privileged documents and therefore are properly held as privileged.  Documents that Plaintiffs claim are copied to third parties are copied to attorneys or agents of the Non-Municipal Defendants.  Many of these issues could have been addressed through a proper conference with Plaintiffs.  Non-Municipal Defendants will address these issues with Plaintiffs, assuming that discovery is to continue and Plaintiffs are not permitted to file its proposed summary judgment motion.

ROPES & GRAY LLP

Hon. Sarah L. Cave                                                                                                June 30, 2023

Respectfully submitted,

| PLAINTIFFS | DEFENDANTS |
|---|---|
| **ROPES & GRAY LLP** | **OFFICE OF THE CORPORATION COUNSEL** |
| By: */s/ Phillip G. Kraft*<br>Gregg L. Weiner<br>Alexander B. Simkin<br>Leon Kotlyar<br>Phillip G. Kraft<br>1211 Avenue of the Americas<br>New York, NY 10036<br>(212) 596-9000 | By: */s/ Rachel B. Kane*<br>Andrea B. Feller<br>Rachel B. Kane<br>100 Church Street<br>New York, NY 10007<br><br>*Attorneys for the Municipal Defendants* |
| Daniel A. Yanofsky (admitted *pro hac vice*)<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199-3600<br>(617) 508-4600 | **TARTER KRINSKY & DROGIN LLP**<br><br>By: */s/ Brian J. Markowitz*<br>Brian J. Markowitz<br>1350 Broadway<br>New York, NY 10018<br>(212) 216-8029 |
| *Attorneys for Plaintiffs McConnell Dorce and Sherlivia Thomas-Murchison* | *Counsel for Defendants Neighborhood Restore Housing Development Fund and BSDC Kings Covenant Housing Development Fund Co.* |
| **WHITE & CASE LLP**<br><br>By: */s/ Keith H. Wofford*<br>Keith H. Wofford<br>1221 Avenue of the Americas<br>New York, NY 10020-1095<br>(212) 819-7595 | |
| *Attorneys for Plaintiffs McConnell Dorce and Sherlivia Thomas-Murchison* | cc:     Counsel of Record (via ECF) |
| **VALLI KANE & VAGNINI LLP**<br><br>By: */s/ Matthew L. Berman*<br>Matthew L. Berman<br>Robert J. Valli, Jr.<br>Yolande I. Nicholson, Esq. *Co-Counsel*<br>600 Old Country Road<br>Garden City, NY 11530<br>(516) 203-7180 | |
| *Attorneys for Plaintiffs* | |