

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

July 19, 2023

Gregg L. Weiner
T +1 212 596 9396
gregg.weiner@ropesgray.com

**BY ECF**

Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    *Dorce, et al. v. City of New York, et al.*, No. 1:19-cv-02216 (JLR) (SLC)

Dear Judge Rochon:

Plaintiffs respectfully submit this Letter-Brief pursuant to Your Honor's request at the July 12, 2023 conference (the "July 12 Conference"), and in opposition to Municipal Defendants' novel request that the Court impose an unprecedented "one class certification motion per case" requirement. *See* ECF No. 271 at 1–2.  Municipal Defendants' request should be denied for three reasons.  *First*, Municipal Defendants are wrong on the law.  Numerous cases have allowed multiple class certification motions and Rule 23 of the Federal Rules of Civil Procedure expressly permits courts to alter or amend class certification orders.  *Second*, Municipal Defendants' proposed "one class certification motion per case" rule would increase, not lessen, judicial and party costs and would undermine the Rule 23 requirement that the Court certify a class "[a]t an early practicable time." *Third*, the Court lacks the authority to issue Municipal Defendants' proposed impermissible advisory opinion, which would effectively reject a hypothetical *second* class certification motion before the *first* one has even been filed.

**Relevant Background**

This case seeks redress for Defendants' unlawful seizure of Plaintiffs' surplus in real property under the City of New York's Third Party Transfer Program ("TPT Program").  *See generally* ECF No. 91 ("Amended Complaint").  On May 25, 2023, the U.S. Supreme Court issued a unanimous decision in *Tyler v. Hennepin County*, No. 21-166, 143 S. Ct. 1369, which Plaintiffs believe is controlling in this case.

After the *Tyler* decision, on June 23, 2023, Plaintiffs sought leave to move concurrently to certify a liability issue class consisting of owners whose properties were seized during the most recent round of the TPT Program (the "Round X Class") and for partial summary judgment to hold Municipal Defendants liable for unconstitutional takings under *Tyler*.  ECF No. 270.  No permission

ROPES & GRAY LLP

Hon. Jennifer L. Rochon                     - 2 -                         July 19, 2023

was needed—or sought—for the class certification component of Plaintiffs' request. *See* Ind. Prac. 3.A.

Municipal Defendants opposed Plaintiffs' request on June 28, 2023, contending that Plaintiffs have no right to make serial motions for class certification and, moreover, made a novel request that "the Court direct Plaintiffs to make a single motion for class certification encompassing any and all classes for which they believe certification is appropriate." ECF No. 271 at 1–2.

During the July 12 Conference, the Court ruled that Plaintiffs can move for partial summary judgment before the close of fact discovery, July 12 Order, ECF No. 280, acknowledged that Plaintiffs "want[] to move for certification on round [X], takings liability issue class, and reserve the right to seek later certification on other classes, which [D]efendants . . . dispute," Hr'g Tr. at 23:11–16, and directed the parties to submit authority addressing "the process of a [class] certification motion with that reservation of rights to further certify future classes," *id.* at 35:4–36:12. Plaintiffs accordingly submit this Letter-Brief in response to the Court's July 12 Order.

## I.      Municipal Defendants' Proposed "One Class Motion Per Case" Rule Is Contrary to Law

Multiple courts have allowed plaintiffs in a class action to file more than one class certification motion. For example, in *Cassese v. Washington Mutual, Inc.*, the court first certified a class of plaintiffs against one defendant and then subsequently certified a second class against a different defendant. 255 F.R.D. 89 (E.D.N.Y. 2008); 262 F.R.D. 179 (2009); *see also* 743 F. Supp. 2d 148, 151–52 (2010) (summarizing same). Similarly, in *Hispanic Society of New York City Police Department Inc. v. New York City Police Department*, the district court first certified a class of all Hispanic candidates who had taken the City's police department examination for promotion to the rank of sergeant and then, as part of a proposed settlement, subsequently certified three additional classes consisting of: (i) Black candidates who had taken the examination, (ii) all officers on a list of those eligible for promotion who had been provisionally appointed to the rank of sergeant, and (iii) all other officers on the eligible list. 806 F.2d 1147 (2nd Cir. 1986).[1]

This approach is consistent with the process of modifying class certification orders pursuant to Rule 23, which provides that "[a]n order that grants or denies class certification may be altered or

---

[1] *See also, e.g.*, *Webb v. City of Maplewood*, 2023 WL 2784788, at *1 (E.D. Mo. Apr. 5, 2023) (noting certification of additional settlement class year after certifying three classes); *Cortes v. Nat'l Credit Adjusters L.L.C.*, 2017 WL 3284797 (E.D. Cal. Aug. 2, 2017) & 2020 WL 3642373 (July 6, 2020) (concurrently granting motion for class certification and motion for default judgment on defendant's liability, and three years later granting subsequent motion to certify another class for settlement purposes in addition to certified class); *Orozco v. Ill. Tool Works Inc.*, 2016 WL 6768662 (E.D. Cal. Nov. 15, 2016) & 2017 WL 1356020 (Feb. 17, 2017) (certifying one of two proposed classes and then certifying modified version of previously rejected class); *Brown v. Pro Football, Inc.*, 1991 WL 536929, at *1 (D.D.C. Aug. 23, 1991) (ordering certification of "a new class . . . separate and distinct" from classes that were previously certified and amended).

ROPES & GRAY LLP

Hon. Jennifer L. Rochon                    - 3 -                    July 19, 2023

amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). The law is clear that "[e]ven after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982). "For such an order, particularly during the period before any notice is sent to members of the class, 'is inherently tentative.'" *Id.* "This flexibility enhances the usefulness of the class-action device." *Id.* Accordingly, courts routinely expand previously certified classes. *See, e.g.*, *Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, 2016 WL 9777081 (recommending expanding class definition of previously certified class), *R&R adopted by* 2021 WL 1518095 (Apr. 16, 2021); *German v. Fed. Home Loan Mortg. Corp.*, 168 F.R.D. 145, 160 (S.D.N.Y. 1996) (adding several plaintiffs as class representatives and expanding previously certified class); *Women in City Gov't United v. City of New York*, 1986 WL 7018, at *1 (S.D.N.Y. 1986) (redefining and expanding previously certified class).[2]

## II.    Municipal Defendants' Approach Will Result in Impractical and Inefficient Litigation and Will Prejudice Plaintiffs

Municipal Defendants posit that their proposed "one class certification motion per case" rule would reduce the total number of class certification motions filed. Hr'g Tr. at 28:1–19. In reality, the more likely outcome is that Municipal Defendants' proposed rule would result in property owners harmed by the TPT Program filing *more cases*. For example, if Plaintiffs move to certify their proposed Round X Class and the Court holds that doing so precludes Round IX property owners from seeking class certification in this case, the logical consequence is that those Round IX property owners (and others who had their properties seized pursuant to the TPT Program) would file a new action echoing the claims in this litigation.[3] Even if Round IX property owners were somehow impermissibly prohibited from *ever* seeking class certification in *any* case, the likely consequence would be scores of duplicative individual lawsuits. This is directly antithetical to the principles of efficiency and economy animating Fed. R. Civ. P. 23. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 349 (1983) ("The principal purposes of the class action procedure [are] promotion of efficiency and economy of litigation"); *id.* at 351 ("A putative class member who fears that class certification may be denied would have every incentive to file a separate action," which would result

---

[2] *See also, e.g.*, *Champagne v. Plannernet, Inc.*, 2018 WL 11471583 (N.D. Cal. Feb. 16, 2018) & 2019 WL 13254284 (Apr. 22, 2019) (certifying initial class and later expanding it, noting that court had previously "conducted an extensive analysis of the facts" and that it "need not duplicate that analysis" with respect to proposed expanded class).

[3] The *Famular* court expressly recognizes that a party can seek subsequent class certification in a second lawsuit so long as the classes are not redundant. *Famular v. Whirlpool Corp.*, 2019 WL 1254882, at *12 (S.D.N.Y. Mar. 19, 2019) ("[I]f a class has already been certified to pursue certain claims, redundant classes should generally not be certified. Subsequent proposed classes should either be defined to avoid class member-overlap with previously certified classes or else should assert different claims."). There is no risk of any redundant classes here.

ROPES & GRAY LLP

Hon. Jennifer L. Rochon                     - 4 -                          July 19, 2023

in a "needless multiplicity of actions—precisely the situation that Federal Rule of Civil Procedure 23 . . . were designed to avoid.").

Indeed, Plaintiffs' anticipated plan of proceeding with a proposed Round X Class is more efficient than Municipal Defendants' requested imposition of a "one class certification motion per case" rule. The Takings claims of the Round X Class are ripe for adjudication now, and should they prevail, they will have no need to continue litigation of their eleven other remaining causes of action.

To the extent Plaintiffs seek certification of a second class or seek to modify any class certification order entered in this case, Plaintiffs will avoid overlap and focus on unresolved issues that pertain specifically to the proposed second or expanded class, such as, for example, Municipal Defendants' purported statute of limitations defenses. There will be no need for the Court, on a second motion, to revisit issues that the Court decided on an earlier motion, which will be the law of the case on any subsequent motion. *See Schleifer v. Lexus of Manhattan*, 2019 WL 4640055, at \*6 (S.D.N.Y. Sept. 24, 2019) ("The law of the case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case . . . ."). And proceeding with a proposed Round X Class is also consistent with the Court's ruling allowing Plaintiffs to move for partial summary judgment before the close of fact discovery, which recognizes that it is *inefficient* to refuse to address critical ripe legal issues simply because other issues are not yet ripe. *See* July 12, 2023 Order, ECF No. 280.

Members of the Round X Class—who are largely elderly like Named Plaintiffs McConnell Dorce and Cecelia Jones—have been and will continue to be prejudiced by waiting for years to receive the compensation that the U.S. Supreme Court recently confirmed they are due for the unconstitutional taking of their surplus value. Their Takings liability claims are ripe for resolution on a class-wide basis now, many of them have compelling needs for the compensation they are owed so they can pay for shelter after Defendants took their homes, and forcing them to wait further so that their class claims can be adjudicated in conjunction with others' runs counter to Rule 23's mandate for certification of a class "[a]t an early practicable time." *See* Fed R. Civ. P. 23(c)(1)(A).

### III.   Municipal Defendants' Proposed Order Is An Impermissible Advisory Opinion.

The unprecedented order that Municipal Defendants ask the Court to issue also constitutes an advisory—and therefore impermissible—opinion based on a hypothetical scenario that is not before the Court. Municipal Defendants' requested prohibition against *seriatim* certification requests presumes that Plaintiffs will submit such filings when they have not even filed the first, and categorically seeks to preclude future certification motions in the absence of any argument of law or statement of fact regarding any subsequent class that Plaintiffs may seek to certify. Thus, Municipal Defendants conjure, and then request that the Court reject, an entirely hypothetical scenario. Yet under Article III, "a federal court lacks the power to render advisory opinions," *Jennifer Matthew Nursing & Rehab. Center. v. U.S. Dep't of Health & Hum. Servs.*, 607 F.3d 951, 957 (2d Cir. 2010), and that is so in connection with class certification proceedings, *see Parker v. Time Warner Ent. Co., L.P.*, 331 F.3d 13, 21–23 (2nd Cir. 2001) (vacating denial of class certification when "[t]here ha[d]

ROPES & GRAY LLP

Hon. Jennifer L. Rochon                           - 5 -                              July 19, 2023

been no class certification motion filed nor any actual evidence presented" because district court improperly made "conclusions . . . based on assumptions of fact rather than on findings of fact" concerning class certification, which at that "point . . . remain[ed] hypothetical").[4]

Plaintiffs were, and remain, willing to proceed with their proposed class certification motion without any advisory opinion from the Court about the consequence of doing so on a hypothetical future application.  If Plaintiffs file a second class certification motion (or a motion to modify an existing class), Plaintiffs will explain the basis for their motion and Municipal Defendants can oppose on whatever basis they see fit.  The Court can then address that motion on an actual non-hypothetical record.

*        *        *

In conclusion, Municipal Defendants' requested order is contrary to Rule 23, pursuant to which courts consider and grant successive class certification motions and expand classes that have already been certified.  Municipal Defendants' requested order would create inefficiencies by incentivizing all but Round X Class members to initiate their own actions thereby leading to a multiplicity of litigation that Rule 23 is designed to avoid.  It would also unfairly prejudice the Round X Class, whose claims are ripe for certification.  And Municipal Defendants' requested order is predicated on a hypothetical scenario of serial class motions that may never come to pass and that are not before the Court, and therefore constitutes an impermissible advisory opinion that the Court has no authority to enter.  For all these reasons, the Court should decline to issue a ruling requiring Plaintiffs to submit a single class certification motion.

---

[4] *See also, e.g.*, *Regehr v. Greystar Mgmt. Servs., L.P.*, 2016 WL 3963220, at *6 (W.D. Tex. July 21, 2016) (refusing to consider defendants' motion to dismiss claims for failure to meet class certification requirements where no certification motion was pending, because consideration of class certification issues was premature and "challenge to [plaintiff's] class allegations is more appropriately addressed . . . after [plaintiff] has reurged his motion for certification"); *Doe v. Congregation*, 118 F. Supp. 3d 88, 94 (D.D.C. 2015) (refusing to adjudicate two sets of plaintiffs' different alleged classes because, as "no class ha[d] been certified, it would have been "premature for the Court to base its class definition on the outcome of future class certification determinations that [were] not presently before it").

ROPES & GRAY LLP

Hon. Jennifer L. Rochon                                      July 19, 2023

Respectfully submitted,

*/s/ Gregg L. Weiner*
Gregg L. Weiner
Alexander B. Simkin
Leon Kotlyar
Phillip G. Kraft
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000

Daniel A. Yanofsky (admitted *pro hac vice*)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
(617) 508-4600

*Attorneys for Plaintiffs McConnell Dorce and*
*Sherlivia Thomas-Murchison*

*/s/ Matthew L. Berman*
Matthew L. Berman
Robert J. Valli, Jr.
Yolande I. Nicholson, Esq. (Of Counsel)
VALLI KANE & VAGNINI LLP
600 Old Country Road
Garden City, NY 11530
(516) 203-7180

*Attorneys for Plaintiffs McConnell Dorce, Cecelia Jones,*
*and Sherlivia Thomas-Murchison*

*/s/ Keith H. Wofford*
Keith H. Wofford
WHITE & CASE LLP
200 South Biscayne Blvd

ROPES & GRAY LLP

Hon. Jennifer L. Rochon                                                July 19, 2023

Suite 4900
Miami, FL 33131-2352
(305) 371-2700

*Attorneys for Plaintiffs McConnell Dorce and*
*Sherlivia Thomas-Murchison*


cc:      Counsel of Record (by ECF)