

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

August 15, 2023

Leon Kotlyar
T +1 212 596 9217
leon.kotlyar@ropesgray.com

**BY ECF**

Hon. Sarah L. Cave
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Dorce, et al. v. City of New York, et al.*, No. 1:19-cv-02216 (JLR) (SLC)

Dear Judge Cave:

Plaintiffs, Municipal Defendants, and Transferee Defendants write pursuant to the Court's July 18, 2023 Order, ECF No. 281, to report on the status of the disputes raised in their previously-submitted joint status letter to the Court, ECF No. 277.

**Municipal Defendants' Review of Documents Concerning the TPT Working Group**

Municipal Defendants' Statement:

Municipal Defendants have agreed to conduct a supplemental document review and have reached agreement with Plaintiffs on the parameters of this review, with the proviso that the agreement is based on MDs' current understanding of the documents and MDs reserve the right to modify their approach if necessary. MDs have begun the review and anticipate that they will be in a position to begin producing documents on a rolling basis by the end of October. This date is subject to change depending on the progress of the review. MDs do not yet have a reliable estimate as to when the production will be complete, as this depends on unknown variables such as the number of responsive documents identified and the number of privileged documents identified.

Plaintiffs' Statement:

The Parties have agreed to the scope of Municipal Defendants' document review concerning the TPT Working Group, with both sides reserving certain rights. Specifically, Municipal Defendants will report the number of documents hitting on certain search terms that are excluded from their review and Plaintiffs may seek review of documents excluded from Municipal Defendants' initial review. *See* ECF. No. 277-3, Search 1. Plaintiffs disagree, however, that the end of October—three months after the parties agreed on the scope of Municipal Defendants' review—is a reasonable time for Municipal Defendants to *merely start* production, particularly because Municipal Defendants previously estimated that only approximately 13,000 documents would need to be reviewed using

ROPES & GRAY LLP

Hon. Sarah L. Cave - 2 - August 15, 2023

TAR. Plaintiffs thus intend to meet and confer with Municipal Defendants to try to agree to a more reasonable timeframe for them to begin production of, produce on a rolling basis, and substantially complete production of TPT Working Group documents.

**Municipal Defendants' Privilege Log**

Municipal Defendants' Statement:

Plaintiffs' May 17 letter identified hundreds of documents as to which Plaintiffs alleged various deficiencies. In response, MDs re-reviewed the documents at issue and (1) provided additional metadata concerning certain documents, (2) produced some documents that had been previously withheld, (3) re-produced some documents that had previously been produced with redactions, either without redactions or with fewer redactions, and (4) provided a spreadsheet that identified which documents at issue in Plaintiffs' letter had been produced or re-produced, and provided additional information concerning the documents at issue in the letter as to which MDs continue to assert privilege. The spreadsheet identified documents by reference to the Exhibits included in Plaintiffs' letter (which were grouped by alleged deficiency), and identified each document by Bates number and/or control number as applicable. These document productions were completed on July 28 and the spreadsheet was provided on August 3. (MDs' response to Plaintiffs' arguments concerning the deliberative process privilege is set forth in the parties June 30 status report (ECF No. 277).)

On August 8, Plaintiffs sent MDs three questions by email. MDs responded on August 10. A copy of the email exchange is attached as an exhibit hereto. MDs explained that the number of documents listed on the August 3 spreadsheet was not the same as the number of documents listed on MDs' privilege log because the August 3 spreadsheet was prepared in response to Plaintiffs' letter. Since Plaintiffs' letter alleged deficiencies as to documents not included on the log, including documents withheld as non-responsive and documents produced with redactions (which need not be logged pursuant to the Joint Electronic Discovery Submission and Order (ECF Doc. No. 144)), the spreadsheet included documents not listed on the log. In short, MDs have fully responded to the contents of Plaintiffs' letter and have provided the information that Plaintiffs purport to request.

Plaintiffs' Statement:

*First*, Plaintiffs respectfully request that the Court order Municipal Defendants to provide, by a date certain, (i) a response, in writing, to each of the 7 privilege log deficiencies identified in Plaintiffs' May 17, 2023 letter, ECF No. 277-1, which specifies, by Bates *and* Municipal Defendants' unique logging numbers, the documents they have produced in response to the deficiency issues, and (ii) a revised privilege log that includes all of the responsive documents that they are withholding or redacting. To date, Municipal Defendants have done neither. Instead, since May 17, Municipal Defendants have made 2 supplemental productions consisting of 280 documents, without explanation, and then, on August 3, provided a 933-entry "spreadsheet" that they later indicated "is not intended to replace the original [910-entry] privilege log but rather to provide additional/updated information with respect to the documents identified in Plaintiffs' May 17 letter." Municipal Defendants would not explain the 23-entry discrepancy between their original privilege log and the replacement

ROPES & GRAY LLP

Hon. Sarah L. Cave - 3 - August 15, 2023

"spreadsheet." Indeed, over 200 privilege log entries appear to be omitted from the "spreadsheet" for reasons that are unexplained and unclear. Municipal Defendants' lack of a clear written response coupled with a brand new privilege "spreadsheet" leaves Plaintiffs in the dark as to the specific documents Municipal Defendants continue to withhold or redact and on what basis.

*Second*, subject to the Court's guidance, Plaintiffs intend to submit a letter-motion on a discrete legal issue on which the parties have reached an impasse. Municipal Defendants continue to improperly stand on their assertion of a putative "deliberative process privilege" to shield from production 219 documents—89 solely on that basis—including what appear to be key documents undermining their prior assertion that Mayor Bill de Blasio was not involved in the challenged conduct. For example, Municipal Defendants are withholding a July 27, 2017 email with the subject "HDFC/TPT Update to the Mayor" because it "discuss[es] and attach[es] draft decision memo regarding reform and foreclosure of HDFC cooperatives." Moreover, Plaintiffs' Equal Protection claims in this action are squarely directed at Defendants' discriminatory intent in creating and administering the TPT Program and therefore plainly put at issue Defendants' decision-making process. In these circumstances, any supposed "deliberative process privilege" is clearly inapplicable, as Your Honor has previously ruled. *See Ciaramella v. Zucker*, No. 18 Civ. 6945 (MKV) (SLC), 2021 WL 4219501, at *4 (S.D.N.Y. Sept. 16, 2021).

**Transferee Defendants' Privilege Log**

Transferee Defendants' Statement:

Non-Municipal Defendants are in the process of reviewing the challenges to its Privilege log. This review is ongoing and will take several more weeks to complete. This was communicated to Plaintiff's several days ago. Non-Municipal defendants request an additional three weeks to finalize its review of the privilege challenges.

Plaintiffs' Statement:

Plaintiffs have still not received any substantive response or any supplemental document production from Transferee Defendants regarding the deficiencies with their privilege log that Plaintiffs identified in the June 29, 2023 letter sent to Transferee Defendants and the June 30 status letter to the Court, ECF No. 277, even though Your Honor directed that Transferee Defendants would have three weeks from the date of the July 18 Court conference (*i.e.*, by August 8) to respond to those deficiencies, *see* Hr'g Tr. at 22:12–14. In response to Plaintiffs' August 8 email requesting an update, Transferee Defendants merely stated that "there may be a few documents that can be released" and that they "are still working on reviewing the list, and will not be ready to produce for a few more weeks." Plaintiffs respectfully request that the Court order Transferee Defendants to provide, by a date certain: (i) the documents that Transferee Defendants indicated "can be released," (ii) a substantive response, in writing, to each of the 9 issues identified in Plaintiffs' June 29 letter, ECF No. 277-2, which specifies, by Bates and Transferee Defendants' unique logging numbers, the documents Transferee Defendants have produced in response to each deficiency issue, and (iii) a revised privilege log that includes all of the responsive documents that they are withholding or redacting.

ROPES & GRAY LLP

Hon. Sarah L. Cave                                                                                         August 15, 2023

Respectfully submitted,

| PLAINTIFFS | DEFENDANTS |
|---|---|
| **ROPES & GRAY LLP** | **OFFICE OF THE CORPORATION COUNSEL** |

By: */s/ Leon Kotlyar*
Gregg L. Weiner
Alexander B. Simkin
Leon Kotlyar
Phillip G. Kraft
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000

Daniel A. Yanofsky (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
(617) 508-4600

*Attorneys for Plaintiffs McConnell Dorce and Sherlivia Thomas-Murchison*

**WHITE & CASE LLP**

By: */s/ Keith H. Wofford*
Keith H. Wofford
200 South Biscayne Blvd, Suite 4900
Miami, FL 33131-2352
(305) 371-2700

*Attorneys for Plaintiffs McConnell Dorce and Sherlivia Thomas-Murchison*

**VALLI KANE & VAGNINI LLP**

By: */s/ Matthew L. Berman*
Matthew L. Berman
Robert J. Valli, Jr.
Yolande I. Nicholson, Esq. *Co-Counsel*
600 Old Country Road
Garden City, NY 11530
(516) 203-7180

*Attorneys for Plaintiffs McConnell Dorce, Cecelia Jones, and Sherlivia Thomas-Murchison*

---

By: */s/ Rachel B. Kane*
Andrea B. Feller
Rachel B. Kane
100 Church Street
New York, NY 10007

*Attorneys for the Municipal Defendants*

**TARTER KRINSKY & DROGIN LLP**

By: */s/ Brian J. Markowitz*
Brian J. Markowitz
1350 Broadway
New York, NY 10018
(212) 216-8029

*Counsel for Defendants Neighborhood Restore Housing Development Fund and BSDC Kings Covenant Housing Development Fund Co.*


cc:     Counsel of Record (via ECF)