# **Exhibit A**

| | |
|---|---|
| **From:** | Kane, Rachel (Law) |
| **To:** | Kraft, Phillip; Yanofsky, Daniel; Feller, Andrea (Law) |
| **Cc:** | Simkin, Alexander; Kirk, Shannon Capone; Davidson, Danielle T.; Kotlyar, Leon; Keith H. Wofford (kwofford@whitecase.com); Hutchinson, Eugene; Matthew Berman (mberman@vkvlawyers.com); Yolande Nicholson; Brian J. Markowitz; DeVoe, Margaret (Law) |
| **Subject:** | RE: [EXTERNAL] RE: Dorce, et al. v. City of New York, et al., No. 1:19-cv-02216 (JLR) (SLC) |
| **Date:** | Thursday, August 10, 2023 9:57:00 AM |

Phillip: Please see our responses in blue text below.

**From:** Kraft, Phillip <Phillip.Kraft@ropesgray.com>
**Sent:** Tuesday, August 8, 2023 10:28 AM
**To:** Kane, Rachel (Law) <rakane@law.nyc.gov>; Yanofsky, Daniel <Daniel.Yanofsky@ropesgray.com>; Feller, Andrea (Law) <afeller@law.nyc.gov>
**Cc:** Simkin, Alexander <Alexander.Simkin@ropesgray.com>; Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>; Davidson, Danielle T. <Danielle.Davidson@ropesgray.com>; Kotlyar, Leon <Leon.Kotlyar@ropesgray.com>; Keith H. Wofford (kwofford@whitecase.com) <kwofford@whitecase.com>; Hutchinson, Eugene <eugene.hutchinson@whitecase.com>; Matthew Berman (mberman@vkvlawyers.com) <mberman@vkvlawyers.com>; Yolande Nicholson <attorneynicholson@gmail.com>; Brian J. Markowitz <bmarkowitz@tarterkrinsky.com>; DeVoe, Margaret (Law) <mdevoe@law.nyc.gov>
**Subject:** [EXTERNAL] RE: Dorce, et al. v. City of New York, et al., No. 1:19-cv-02216 (JLR) (SLC)

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@oti.nyc.gov as an attachment (Click the More button, then forward as attachment).

Thanks, Rachel.  We have a few immediate questions about this spreadsheet, and write to follow up on our May 17 letter.

*First*, this spreadsheet includes 933 documents, while MDs' privilege log included 910 documents.  Could you clarify (i) whether the 910 documents on MDs privilege log are included on this list, and if so, (ii) the provenance of the additional 23 documents logged here?

The spreadsheet provided to Plaintiffs on August 3 is not intended to replace the original privilege log but rather to provide additional/updated information with respect to the documents identified in Plaintiffs' May 17 letter. The spreadsheet includes many documents that were listed on MDs' privilege log because those documents were identified in Plaintiffs' letter. As reflected in the spreadsheet by reference to the Exhibit letters from Plaintiffs' letter, some of the documents listed on the spreadsheet are documents that were previously withheld as non-responsive. Others are documents that were produced with redactions and were not logged (see below).

*Second*, Municipal Defendants still have not provided a log for the 543 redacted documents that we requested MD's log in our May 17 letter.  Please let us know whether MD's intend to provide that log and, if so, by when?

Paragraphs 7(C)(xiii) and 7(D)(i) of the Joint Electronic Discovery Submission and Order (ECF Doc. No. 144) provides that redacted documents need not be logged if the producing party provides metadata sufficient to identify documents that contain redactions and the unredacted portion of the document provides the receiving Party with sufficient context to evaluate the basis for the redaction. Since MDs have provided the metadata, we do not intend to produce a log of redacted documents. In addition, MDs have provided additional information concerning the redacted documents identified in Plaintiffs' Exhibits J, K and L as to which Plaintiffs claimed that the unredacted portions of the document did not provide sufficient context.

*Third*, we still have received no written response to our May 17 letter, leaving Plaintiffs in the dark as to whether MDs agree with each deficiency, or if MDs disagree on what basis.  Municipal Defendants' July 10 and July 28 productions have not sufficiently cured any of the deficiencies our letter identifies.  Plaintiffs request a written response to our May 17 letter addressing each deficiency by Wednesday, August 9, so that the parties may raise any outstanding, disputed deficiencies with the Court.

MDs disagree with the various assertions and arguments in Plaintiffs' May 17 letter but have nonetheless taken steps to address/respond to them by producing/re-producing additional documents, providing additional metadata, and providing additional information concerning privileged documents in the form of a spreadsheet. In addition, MDs responded to Plaintiffs' arguments regarding the deliberative process privilege in the most recent status letter to the Court.

We look forward to Municipal Defendants curing the remaining deficiencies identified in our May 17 letter in its upcoming production(s).

Best,
Phil


**Phillip G. Kraft**
**ROPES & GRAY LLP**
T +1 212 596 9150 | M +1 618 207 0070
1211 Avenue of the Americas
New York, NY 10036-8704
Phillip.Kraft@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**From:** Kane, Rachel (Law) <rakane@law.nyc.gov>
**Sent:** Thursday, August 03, 2023 10:16 AM
**To:** Yanofsky, Daniel <Daniel.Yanofsky@ropesgray.com>; Feller, Andrea (Law) <afeller@law.nyc.gov>
**Cc:** Simkin, Alexander <Alexander.Simkin@ropesgray.com>; Kirk, Shannon Capone

<Shannon.Kirk@ropesgray.com>; Davidson, Danielle T. <Danielle.Davidson@ropesgray.com>; Kotlyar, Leon <Leon.Kotlyar@ropesgray.com>; Kraft, Phillip <Phillip.Kraft@ropesgray.com>; Keith H. Wofford (kwofford@whitecase.com) <kwofford@whitecase.com>; Hutchinson, Eugene <eugene.hutchinson@whitecase.com>; Matthew Berman (mberman@vkvlawyers.com) <mberman@vkvlawyers.com>; Yolande Nicholson <attorneynicholson@gmail.com>; Brian J. Markowitz <bmarkowitz@tarterkrinsky.com>; DeVoe, Margaret (Law) <mdevoe@law.nyc.gov>
**Subject:** RE: Dorce, et al. v. City of New York, et al., No. 1:19-cv-02216 (JLR) (SLC)

Counsel: Attached please find a spreadsheet providing additional information in response to Plaintiffs' May 17 letter.

---

**From:** Kane, Rachel (Law)
**Sent:** Friday, July 28, 2023 3:33 PM
**To:** Yanofsky, Daniel <Daniel.Yanofsky@ropesgray.com>; Feller, Andrea (Law) <afeller@law.nyc.gov>
**Cc:** Simkin, Alexander <Alexander.Simkin@ropesgray.com>; Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>; Davidson, Danielle T. <Danielle.Davidson@ropesgray.com>; Kotlyar, Leon <Leon.Kotlyar@ropesgray.com>; Kraft, Phillip <Phillip.Kraft@ropesgray.com>; Keith H. Wofford (kwofford@whitecase.com) <kwofford@whitecase.com>; Hutchinson, Eugene <eugene.hutchinson@whitecase.com>; Matthew Berman (mberman@vkvlawyers.com) <mberman@vkvlawyers.com>; Yolande Nicholson <attorneynicholson@gmail.com>; Brian J. Markowitz <bmarkowitz@tarterkrinsky.com>; Bishop, Caroline (Law) <cbishop@law.nyc.gov>; DeVoe, Margaret (Law) <mdevoe@law.nyc.gov>
**Subject:** Dorce, et al. v. City of New York, et al., No. 1:19-cv-02216 (JLR) (SLC)

Counsel: You will receive a link today through accelion to additional documents produced (or re-produced) in connection with MDs' re-review of documents identified in Plaintiffs May 17 letter. Separately, we will provide a spreadsheet containing additional information next week.

---

**From:** Yanofsky, Daniel <Daniel.Yanofsky@ropesgray.com>
**Sent:** Monday, July 24, 2023 5:30 PM
**To:** Kane, Rachel (Law) <rakane@law.nyc.gov>; Feller, Andrea (Law) <afeller@law.nyc.gov>
**Cc:** Simkin, Alexander <Alexander.Simkin@ropesgray.com>; Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>; Davidson, Danielle T. <Danielle.Davidson@ropesgray.com>; Kotlyar, Leon <Leon.Kotlyar@ropesgray.com>; Kraft, Phillip <Phillip.Kraft@ropesgray.com>; Keith H. Wofford (kwofford@whitecase.com) <kwofford@whitecase.com>; Hutchinson, Eugene <eugene.hutchinson@whitecase.com>; Matthew Berman (mberman@vkvlawyers.com) <mberman@vkvlawyers.com>; Yolande Nicholson <attorneynicholson@gmail.com>; Brian J. Markowitz <bmarkowitz@tarterkrinsky.com>; Bishop, Caroline (Law) <cbishop@law.nyc.gov>
**Subject:** RE: RE: RE: Dorce, et al. v. City of New York, et al., No. 1:19-cv-02216 (JLR) (SLC)

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you

recognize the sender and know the content is safe.  Forward suspect email to phish@oti.nyc.gov as an attachment (Click the More button, then forward as attachment).

Thanks Rachel.


**Daniel Yanofsky**
**ROPES & GRAY LLP**
T +1 617 951 7571 | M +1 603 252 1493
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Daniel.Yanofsky@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**From:** Kane, Rachel (Law) <rakane@law.nyc.gov>
**Sent:** Monday, July 24, 2023 5:27 PM
**To:** Yanofsky, Daniel <Daniel.Yanofsky@ropesgray.com>; Feller, Andrea (Law) <afeller@law.nyc.gov>
**Cc:** Simkin, Alexander <Alexander.Simkin@ropesgray.com>; Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>; Davidson, Danielle T. <Danielle.Davidson@ropesgray.com>; Kotlyar, Leon <Leon.Kotlyar@ropesgray.com>; Kraft, Phillip <Phillip.Kraft@ropesgray.com>; Keith H. Wofford (kwofford@whitecase.com) <kwofford@whitecase.com>; Hutchinson, Eugene <eugene.hutchinson@whitecase.com>; Matthew Berman (mberman@vkvlawyers.com) <mberman@vkvlawyers.com>; Yolande Nicholson <attorneynicholson@gmail.com>; Brian J. Markowitz <bmarkowitz@tarterkrinsky.com>; Bishop, Caroline (Law) <cbishop@law.nyc.gov>
**Subject:** RE: RE: RE: Dorce, et al. v. City of New York, et al., No. 1:19-cv-02216 (JLR) (SLC)


Dan, We agree to your proposed changes; however, our agreement is based on our current understanding of the documents. We reserve the right to modify our approach if necessary. If that happens, we will advise you so that we can discuss.


**From:** Yanofsky, Daniel <Daniel.Yanofsky@ropesgray.com>
**Sent:** Monday, July 17, 2023 2:55 PM
**To:** Feller, Andrea (Law) <afeller@law.nyc.gov>; Kane, Rachel (Law) <rakane@law.nyc.gov>
**Cc:** Simkin, Alexander <Alexander.Simkin@ropesgray.com>; Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>; Davidson, Danielle T. <Danielle.Davidson@ropesgray.com>; Kotlyar, Leon <Leon.Kotlyar@ropesgray.com>; Kraft, Phillip <Phillip.Kraft@ropesgray.com>; Keith H. Wofford (kwofford@whitecase.com) <kwofford@whitecase.com>; Hutchinson, Eugene <eugene.hutchinson@whitecase.com>; Matthew Berman (mberman@vkvlawyers.com) <mberman@vkvlawyers.com>; Yolande Nicholson <attorneynicholson@gmail.com>; Brian J. Markowitz <bmarkowitz@tarterkrinsky.com>; Bishop, Caroline (Law) <cbishop@law.nyc.gov>
**Subject:** RE: RE: Dorce, et al. v. City of New York, et al., No. 1:19-cv-02216 (JLR) (SLC)

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@oti.nyc.gov as an attachment (Click the More button, then forward as attachment).

Andrea,

We generally agree with the approach you describe below, but we have a few proposed changes.

First, we're okay with combining the "Search 1" and "Search 2" documents at this point if MDs will provide us with the number of "Search 1" documents that were excluded from the review using CAL.  We reserve the right to seek additional review as to the "Search 1" documents depending on the volume that are excluded using CAL and the content of the produced documents.

Second, we're also fine with MDs excluding full families if the only search term hit is in a spreadsheet, so long as MDs produce the latest version of any such spreadsheet to the extent the spreadsheet is responsive.

Third, we have a couple of proposed changes to the attorney-name filter.  We do not agree that MDs can filter out documents from their review if either (1) there is a third party included on the email, or (2) the attorney is only included as a recipient.  We cannot agree to exclude all emails where an attorney is merely a recipient because we have seen many examples in MDs' existing document production of relevant non-privileged emails where attorneys were included as passive recipients.  If there are no third parties and the attorney directly sent any email within the thread, we are fine with MDs excluding the document from the review, so long as MDs provide us with the number of documents filtered out of the review under this approach and the names of the corresponding attorneys.  We are happy to meet and confer to discuss possible alternatives to a document-by-document privilege log, which we think would be most efficient once MD's know approximately how many responsive documents they are withholding on privilege (or other) grounds.

Please let us know if these conditions are acceptable.

Thanks,
Dan

**Daniel Yanofsky**
**ROPES & GRAY LLP**
T +1 617 951 7571 | M +1 603 252 1493
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Daniel.Yanofsky@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**From:** Feller, Andrea (Law) <afeller@law.nyc.gov>
**Sent:** Thursday, July 13, 2023 6:20 PM
**To:** Yanofsky, Daniel <Daniel.Yanofsky@ropesgray.com>; Kane, Rachel (Law) <rakane@law.nyc.gov>
**Cc:** Simkin, Alexander <Alexander.Simkin@ropesgray.com>; Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>; Davidson, Danielle T. <Danielle.Davidson@ropesgray.com>; Kotlyar, Leon <Leon.Kotlyar@ropesgray.com>; Kraft, Phillip <Phillip.Kraft@ropesgray.com>; Keith H. Wofford (kwofford@whitecase.com) <kwofford@whitecase.com>; Hutchinson, Eugene <eugene.hutchinson@whitecase.com>; Matthew Berman (mberman@vkvlawyers.com) <mberman@vkvlawyers.com>; Yolande Nicholson <attorneynicholson@gmail.com>; Brian J. Markowitz <bmarkowitz@tarterkrinsky.com>; Bishop, Caroline (Law) <cbishop@law.nyc.gov>
**Subject:** RE: RE: Dorce, et al. v. City of New York, et al., No. 1:19-cv-02216 (JLR) (SLC)

Dan,

In an effort to resolve the dispute concerning Plaintiffs' request for production of the "Working Group" documents, MDs can agree to the following:

1. Combine the populations of documents that hit on Plaintiffs "Search 1" and "Search 2" terms.
2. Run a search in the sender/recipient fields for attorney names/domains and exclude the emails (plus full families) identified through that search. MDs will review a sample to validate and modify the exclusion search as necessary.
3. Exclude full families if the only search term hit is in a spreadsheet (i.e., no other search term hits in family members). MDs will review a sample to validate and modify the exclusion search as necessary.
4. Use CAL (NexLP) to review the remaining documents.

Regarding the re-review of privileged documents in connection with your May 17 letter, in addition to the supplemental volumes you received on July 10, MDs expect to complete the re-review by July 28.

Andrea B. Feller

**From:** Yanofsky, Daniel <Daniel.Yanofsky@ropesgray.com>
**Sent:** Wednesday, July 12, 2023 8:47 AM
**To:** Kane, Rachel (Law) <rakane@law.nyc.gov>; Feller, Andrea (Law) <afeller@law.nyc.gov>
**Cc:** Simkin, Alexander <Alexander.Simkin@ropesgray.com>; Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>; Davidson, Danielle T. <Danielle.Davidson@ropesgray.com>; Kotlyar, Leon <Leon.Kotlyar@ropesgray.com>; Kraft, Phillip <Phillip.Kraft@ropesgray.com>; Keith H. Wofford (kwofford@whitecase.com) <kwofford@whitecase.com>; Hutchinson, Eugene <eugene.hutchinson@whitecase.com>; Matthew Berman (mberman@vkvlawyers.com) <mberman@vkvlawyers.com>; Yolande Nicholson <attorneynicholson@gmail.com>; Brian J.

Markowitz <bmarkowitz@tarterkrinsky.com>; Bishop, Caroline (Law) <cbishop@law.nyc.gov>
**Subject:** RE: Dorce, et al. v. City of New York, et al., No. 1:19-cv-02216 (JLR) (SLC)

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@oti.nyc.gov as an attachment (Click the More button, then forward as attachment).

Rachel,

Following up, please let us know when we can expect to hear back on the below points ahead of the July 18 hearing.

Best,
Dan


**Daniel Yanofsky**
**ROPES & GRAY LLP**
T +1 617 951 7571 | M +1 603 252 1493
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Daniel.Yanofsky@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** Yanofsky, Daniel
**Sent:** Friday, July 07, 2023 3:30 PM
**To:** 'Kane, Rachel (Law)' <rakane@law.nyc.gov>; Feller, Andrea (Law) <afeller@law.nyc.gov>
**Cc:** Simkin, Alexander <Alexander.Simkin@ropesgray.com>; Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>; Davidson, Danielle T. <Danielle.Davidson@ropesgray.com>; Kotlyar, Leon <Leon.Kotlyar@ropesgray.com>; Kraft, Phillip <Phillip.Kraft@ropesgray.com>; Keith H. Wofford (kwofford@whitecase.com) <kwofford@whitecase.com>; Hutchinson, Eugene <eugene.hutchinson@whitecase.com>; Matthew Berman (mberman@vkvlawyers.com) <mberman@vkvlawyers.com>; Yolande Nicholson <attorneynicholson@gmail.com>; Brian J. Markowitz <bmarkowitz@tarterkrinsky.com>; Bishop, Caroline (Law) <cbishop@law.nyc.gov>
**Subject:** RE: Dorce, et al. v. City of New York, et al., No. 1:19-cv-02216 (JLR) (SLC)

Rachel,

Following up on a few of the points discussed on our call last week.  For the Working Group issues, please let us know when we can expect to receive (1) a response to our proposed methods for reducing the burden of MDs' TAR review, and (2) the number of documents that MDs would agree to review.

For the deficiency letter, we understand that next week MDs will be producing some documents in connection with their re-review of materials raised in Plaintiffs' letter.  Do you have any estimate for when MDs expect to complete that re-review and any related productions?

Thanks,
Dan

---

**From:** Kane, Rachel (Law) <rakane@law.nyc.gov>
**Sent:** Friday, June 30, 2023 2:02 PM
**To:** Yanofsky, Daniel <Daniel.Yanofsky@ropesgray.com>; Feller, Andrea (Law) <afeller@law.nyc.gov>
**Cc:** Simkin, Alexander <Alexander.Simkin@ropesgray.com>; Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>; Davidson, Danielle T. <Danielle.Davidson@ropesgray.com>; Kotlyar, Leon <Leon.Kotlyar@ropesgray.com>; Kraft, Phillip <Phillip.Kraft@ropesgray.com>; Keith H. Wofford (kwofford@whitecase.com) <kwofford@whitecase.com>; Hutchinson, Eugene <eugene.hutchinson@whitecase.com>; Matthew Berman (mberman@vkvlawyers.com) <mberman@vkvlawyers.com>; Yolande Nicholson <attorneynicholson@gmail.com>; Brian J. Markowitz <bmarkowitz@tarterkrinsky.com>; Bishop, Caroline (Law) <cbishop@law.nyc.gov>
**Subject:** RE: Dorce, et al. v. City of New York, et al., No. 1:19-cv-02216 (JLR) (SLC)


Dan, Thanks for sending the summary. We disagree with a lot of it. Since you have already, included the "deficiency letter" points in the letter to the Judge, we will not address those in detail here but will address them in that document.

Working Group Review

MDs ~~You~~ stated in an email on June 7, 2023 that based on a prevalence sample review of this population, SAL would be more efficient than CAL, but that even using SAL, the estimated review effort was approximately 13,000 documents.  On June 23, 2023, plaintiffs responded and asked how the 13,000 figure was calculated and why SAL would be more efficient than CAL.  On June 28, 2023, the parties met and conferred via teleconference to discuss.  During the call, ~~on the call that MDs plan to use SAL instead of CAL because it would be more efficient to do so~~.  MDs noted that the estimated review effort using SAL was slightly less than the estimated review effort using CAL and explained the components that made up the 13,000 figure for SAL as plaintiffs had asked.  MDs noted that the estimated review effort using CAL was closer to 17,000 documents, but that it was not an apples to apples comparison and the estimated review efforts were actually quite similar.  Plaintiffs misunderstood the discussion of estimated review effort and insisted that the estimated review effort for CAL somehow indicated ~~did not explain why SAL is a more efficient process, but instead mentioned that CAL would be estimated to require review of an additional 4,000 documents, and MDs acknowledged that the delta here did not present a burden.  We stated that this is problematic because the number of relevant documents projected under CAL indicates~~ a different population richness ~~and thus is a more acceptable use of evolved TAR~~.  MDs explained that the estimated review efforts using SAL and CAL were both based on the same set of documents and prevalence sample review and, as such, the rate of responsiveness used for the estimates was the same for both estimates.  We noted that MDs used CAL for the prior portion of their document

review in this case and that we see no basis for switching to SAL.  MDs explained that this is a different set of documents with a different responsiveness rate and MDs analysis of whether to use CAL or SAL for a particular review is properly based on an analysis of that specific set of documents and it does not make sense to base such a determination on an analysis of a completely different set of documents.  Plaintiffs stated several times that "CAL is always more efficient" than SAL and that SAL is no longer an acceptable tool to use for review; MDs disagreed with both statements.

We also proposed several additional methods to reduce the burden of the review without the need to further narrow Plaintiffs' proposed search terms, including:

- Plaintiffs use CAL and work with MDs at various score intervals.  MDs will need to frequently refresh the CAL document scores and prioritize the review of the highest scored documents daily (or regularly – we can discuss an agreed-to interval). This will allow MDs to track and consider where they are with responsiveness rate and the qualitative value of responsive documents as they progress, which would allow the parties to potentially agree to end review sooner than reviewing 13,000 documents projected from one static training prevalence sample.

- Use of concept analytics to identify clearly privileged or non-responsive documents to exclude from the review.

- Identification and sequestering of non-responsive spreadsheets.

- Any other creative ideas MDs wish to propose other than a singular training of a static SAL model.

**MDs** ~~You agreed to~~ ~~that you would consider~~ **explore whether any of the methods suggested by Plaintiffs could be deployed to minimize the burden and respond to Plaintiffs accordingly**. ~~these options and come back to us with a proposal~~.

Consistent with our last proposal, our proposed search terms are as follows:

**Search 1 (Linear Review)**

- "373 Rockaway"
- "TPT" AND "constitutional"
- "TPT" AND "unconstitutional"

**Search 2 (TAR/CAL Review)**

- ("Working Group" OR WG) AND (TPT OR equity OR "Alligood" OR "Bramwell" OR "Dorcely" OR "Erickson" OR "Grier" OR "Griggs" OR "Grinthal" OR "Kende" OR "Barreca" OR "Kerstein" OR "Lobo" OR "Lovett" OR "Peale" OR "Schultz" OR "Speliotis" OR "Taylor" OR "Tyler" OR "Wright")

- TPT /25 ("briefing paper" OR equity OR "housing and buildings" OR "task force" OR amend OR analy* OR assess OR change OR comments OR committee OR feedback OR investigation OR meeting OR notes OR oversight OR review OR revise OR stories OR success)

With respect to the "Search 1" terms for which we have requested a linear review, you stated that MDs continue to object to our request, including because (1) you view these search terms as likely to pull in a high volume of privileged documents, and (2), the "373 Rockaway" search was likely to include voluminous and duplicative spreadsheets with limited relevance and that would take a substantial amount of time to review.  We responded that there are several options available to reduce the burden of this review, including (1) agreeing to some lower requirement for logging privileged documents for this phase of the review, and (2) de-duping identical spreadsheets.  On the second point, while not mentioned on the call, we also would be willing to consider agreeing that MDs could simply produce the latest version of any drafts of spreadsheets pulled in by the "Search 1" terms.  ***You agreed that you would consider these options and come back to us with a proposal***.

*MDs explained that they do not agree to treat the Search 1 terms differently than the Search 2 terms. While not specifically discussed on the call, MDs have previously stated that any review would be based on the use of TAR for all agreed upon terms.*

Finally, we noted that MDs have objected to reviewing 13,000 documents as unduly burdensome and, while we disagree with your position, we asked you what number of documents you would agree to review.  **You stated that you did not have any number in mind but that you would get back to us with a number**. (As a follow up, MDs are considering this number along with potential methods of decreasing the population since the number would vary based on the review methodology, and will communicate this along with any proposal MDs are able to develop.)

Deficiency Letter

We disagree with much of the summary and we do not agree that we are at impasse because, as indicated, we have not yet completed the re-review of documents identified in Plaintiffs' letter and are therefore not yet to respond with respect to specific documents. In addition, we have identified some documents for production, and will produce applicable documents on a rolling basis beginning the week of July 10. As a follow up, we have confirmed that all of the documents identified on Plaintiffs' Exhibit M (documents withheld for non-responsiveness) will be produced and we will provide additional information relating to privilege concerning many other documents.

**From:** Yanofsky, Daniel <Daniel.Yanofsky@ropesgray.com>
**Sent:** Thursday, June 29, 2023 5:07 PM
**To:** Feller, Andrea (Law) <afeller@law.nyc.gov>; Kane, Rachel (Law) <rakane@law.nyc.gov>

**Cc:** Simkin, Alexander <Alexander.Simkin@ropesgray.com>; Kirk, Shannon Capone <Shannon.Kirk@ropesgray.com>; Davidson, Danielle T. <Danielle.Davidson@ropesgray.com>; Kotlyar, Leon <Leon.Kotlyar@ropesgray.com>; Kraft, Phillip <Phillip.Kraft@ropesgray.com>; Keith H. Wofford (kwofford@whitecase.com) <kwofford@whitecase.com>; Hutchinson, Eugene <eugene.hutchinson@whitecase.com>; Matthew Berman (mberman@vkvlawyers.com) <mberman@vkvlawyers.com>; Yolande Nicholson <attorneynicholson@gmail.com>; Brian J. Markowitz <bmarkowitz@tarterkrinsky.com>; Bishop, Caroline (Law) <cbishop@law.nyc.gov>
**Subject:** Dorce, et al. v. City of New York, et al., No. 1:19-cv-02216 (JLR) (SLC)

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@oti.nyc.gov as an attachment (Click the More button, then forward as attachment).

Andrea and Rachel,

I'm writing to memorialize our meet and confer yesterday.  I've bolded a few places where your team said you would get back to us.  Let us know if any of this differs from your position or recollection of the call.

Best,
Dan

**Working Group Review**

You stated on the call that MDs plan to use SAL instead of CAL because it would be more efficient to do so.  MDs did not explain why SAL is a more efficient process, but instead mentioned that CAL would be estimated to require review of an additional 4,000 documents, and MDs acknowledged that the delta here did not present a burden.  We stated that this is problematic because the number of relevant documents projected under CAL indicates a different population richness and thus is a more acceptable use of evolved TAR.  We noted that MDs used CAL for the prior portion of their document review in this case and that we see no basis for switching to SAL.

We also proposed several additional methods to reduce the burden of the review without the need to further narrow Plaintiffs' proposed search terms, including:

- Plaintiffs use CAL and work with MDs at various score intervals.  MDs will need to frequently refresh the CAL document scores and prioritize the review of the highest scored documents daily (or regularly – we can discuss an agreed-to interval). This will allow MDs to track and consider where they are with responsiveness rate and the qualitative value of responsive documents as they progress, which would allow the parties to potentially agree to end review sooner than reviewing 13,000 documents projected from one static training prevalence sample.

- Use of concept analytics to identify clearly privileged or non-responsive documents to exclude from the review.

- Identification and sequestering of non-responsive spreadsheets.

- Any other creative ideas MDs wish to propose other than a singular training of a static SAL model.

***You agreed that you would consider these options and come back to us with a proposal***.

Consistent with our last proposal, our proposed search terms are as follows:

**Search 1 (Linear Review)**

- "373 Rockaway"
- "TPT" AND "constitutional"
- "TPT" AND "unconstitutional"

**Search 2 (TAR/CAL Review)**

- ("Working Group" OR WG) AND (TPT OR equity OR "Alligood" OR "Bramwell" OR "Dorcely" OR "Erickson" OR "Grier" OR "Griggs" OR "Grinthal" OR "Kende" OR "Barreca" OR "Kerstein" OR "Lobo" OR "Lovett" OR "Peale" OR "Schultz" OR "Speliotis" OR "Taylor" OR "Tyler" OR "Wright")
- TPT /25 ("briefing paper" OR equity OR "housing and buildings" OR "task force" OR amend OR analy* OR assess OR change OR comments OR committee OR feedback OR investigation OR meeting OR notes OR oversight OR review OR revise OR stories OR success)

With respect to the "Search 1" terms for which we have requested a linear review, you stated that MDs continue to object to our request, including because (1) you view these search terms as likely to pull in a high volume of privileged documents, and (2), the "373 Rockaway" search was likely to include voluminous and duplicative spreadsheets with limited relevance and that would take a substantial amount of time to review.  We responded that there are several options available to reduce the burden of this review, including (1) agreeing to some lower requirement for logging privileged documents for this phase of the review, and (2) de-duping identical spreadsheets.  On the second point, while not mentioned on the call, we also would be willing to consider agreeing that MDs could simply produce the latest version of any drafts of spreadsheets pulled in by the "Search 1" terms.  ***You agreed that you would consider these options and come back to us with a proposal***.

Finally, we noted that MDs have objected to reviewing 13,000 documents as unduly burdensome and, while we disagree with your position, we asked you what number of documents you would agree to review.  ***You stated that you did not have any number in mind but that you would get back to us with a number***.

**Deficiency Letter**

MDs stated on the call that they do not agree with any of the positions in Plaintiffs' deficiency letter as a categorical matter, but that, in response to our deficiency letter, MDs are re-reviewing certain documents to determine if they should be produced, and that MDs will be producing at least some additional documents from this re-review.  You also offered to make rolling productions of these documents.  We asked when we could expect (1) this supplemental review and production to be complete, and (2) to receive the first of these rolling productions.  **You stated that you could not give an estimate at this time but would follow up on these points**.

MDs did not agree to produce the full sets of documents included in any of Plaintiffs' requests, and MDs instead took the below positions:

1. Documents may be privileged despite the lack of any source of privilege reflected on the log
2. Deliberative process privilege applies to numerous documents MDs have withheld
3. The categorical privilege descriptions in the privilege log are sufficient, **but MDs will consider whether more detail can be provided**
4. MDs may properly withhold non-privileged documents that have responsive family members

We stated that we continue to disagree with each of the above positions and believe that the parties are at an impasse here.

**Daniel Yanofsky**
**ROPES & GRAY LLP**
T +1 617 951 7571 | M +1 603 252 1493
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Daniel.Yanofsky@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.