August 28, 2024

**BY ECF**

Hon. Sarah L. Cave
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:      *Dorce, et al. v. City of New York, et al.*, No. 1:19-cv-02216 (JLR) (SLC)

Dear Judge Cave:

The parties jointly write pursuant to the Court's August 9, 2024 Order, ECF No. 367, to report on the status of fact discovery and to request entry of a case management plan regarding the next phase of this case.

*First*, the parties request an extension to complete several discrete fact discovery items that remain outstanding, which are discussed in greater detail below.

*Second*, Plaintiffs request that the Court set a briefing schedule for class certification (and, if Plaintiffs elect to so move pursuant to Judge Rochon's July 12, 2023 order, ECF No. 280, for summary judgment on their Takings claims)[1] as follows:

- **Motion(s)**: October 18, 2024

- **Oppositions**: December 2, 2024

- **Replies**: January 16, 2025

Municipal Defendants ("MDs") do not consent to the proposed schedule to the extent that MDs disagree with Plaintiffs' contention, set forth below, that expert discovery should await a decision on Plaintiffs' motion for class certification and, possibly, partial summary judgment.[2]

*Third*, Plaintiffs request adjournment of expert discovery deadlines until after a decision on the above-referenced motion(s).  Plaintiffs contend that certain outstanding fact discovery items, including the possibility of additional property appraisals for Rounds 1–9 and other issues, may

---

[1] Following party briefing, ECF Nos. 270–72, and a July 12, 2023 hearing on Plaintiffs' request to move for partial summary judgment on their Takings claims prior to the conclusion of discovery, Judge Rochon allowed this request, ECF No. 280.

[2] MDs would best be able to agree to a schedule once MDs are apprised of the relief requested by the motion; that is, class certification alone or class certification together with summary judgment.

impact the scope and need for certain potential expert reports.[3]  Plaintiffs also contend that class certification briefing (and, potential summary judgment briefing on Plaintiffs' Takings claims) is likely to present case-dispositive issues whose resolution may encourage settlement and limit or even entirely obviate the need for expert opinion.  By way of example only:

- If the Court declines to certify a class, there will be no reason to incur the cost of expert opinion as to the value of hundreds of properties owned by those besides named Plaintiffs;

- Likewise, if the Court certifies a class for only certain rounds, there will be no reason to incur the cost of expert opinion as to the value of properties taken in other rounds; and

- If the Court grants summary judgment on Plaintiffs' Takings claims, there may be no practical reason to incur the cost of expert opinion on other claims, such as the discriminatory impact of the program on Plaintiffs' Equal Protection claims, if a certified class is already being made whole because of the Takings claims.

MDs' argument, below, that expert opinion on valuation is required to certify is class is an argument they can make in opposition to class certification and not a basis not to brief it.

MDs do not agree that the proposed motion would affect the scope or need for expert discovery, nor have Plaintiffs offered any valid support for this position. To the contrary, a motion for class certification, without evidence of value of the transferred properties that would be provided by expert opinion, would be impractical. Absent expert discovery regarding whether and how much surplus value is associated with transferred properties, it would be impossible to formulate a class. For the same reason, such a motion would not encourage settlement.  MDs contend, rather, that settlement would best be achieved by examination of expert opinion on the valuation of affected properties.  Moreover, to the extent that Plaintiffs might decide to make serial class certification motions regarding different rounds of TPT, as they indicated they would,[4] a complete settlement of the action would not be supported by the proposed motion practice.

MDs further assert that Plaintiffs' examples of how their proposed motion can limit or obviate the need for expert discovery are speculative only and are just some of the possible results of motion practice.  However, they present no reason not to complete expert discovery as anticipated all along,

---

[3] MDs contend that no relevant property appraisals for Rounds 1–9 exist.  Indeed, MDs' 30(b)(6) designated representative testified that HPD did not conduct appraisals of TPT properties in connection with the transfer of the properties, other than the Round 10 properties.  Plaintiffs contend that they have evidence that property appraisals for Rounds 1–9 *do* exist (including copies of such appraisals produced by others) and that MDs should be required to conduct a reasonable search for such property appraisals in their own files.  Plaintiffs seek permission to file a letter-motion to compel on this issue.

[4] Defendants requested that the Court preclude Plaintiffs from filing serial motions for class certification, but Judge Rochon held that the issue was not ripe for determination.  ECF. No. 286.

in each amended case management order. Plaintiffs have had permission to make the proposed motion for more than a year and can do so irrespective of an expert discovery deadline.

**Outstanding Fact Discovery**

In their July 25, 2024 letter to Your Honor concerning the status of fact discovery, ECF Nos. 364, the parties outlined fact discovery items that then remained outstanding. Since that filing, the parties have made progress on several fronts, including by taking the depositions of Sal D'Avola as Defendant Neighborhood Restore's 30(b)(6) designated representative and percipient fact witness and of Kim Darga, agreeing to dates for the two remaining agreed-upon depositions of the 30(b)(6) designated representatives of Defendant BSDC Kings Covenant Housing Development Fund Co. ("BSDC") and third-party MHANY Management, Inc. ("MHANY"), and resolving claw back disputes. Despite this progress, several items remain outstanding, which the parties do not anticipate being able to complete by the current deadline for close of fact discovery:

- *Written Discovery and Fact Discovery*

  ° Plaintiffs and MDs have conferred and are at an impasse concerning production of appraisal-related information in response to Plaintiffs' April 25, 2024 Second Set of Requests for Production of Documents. The parties look forward to discussing this issue with Your Honor at the September 3, 2024 telephone conference and, subject to those discussions, have agreed in principle on a proposed briefing schedule for any appropriate letter-briefing (2 weeks for opposition; 1 week for reply).

  ° Plaintiffs identified certain asserted deficiencies in the responses provided by Transferee Defendants to Plaintiffs' April 25, 2024 Third Set of Interrogatories. Transferee Defendants provided a response regarding the asserted deficiencies this Monday, August 26, which Plaintiffs are reviewing.

  ° On July 30, 2024 following Sal D'Avola's deposition that day, Plaintiffs asked Neighborhood Restore to produce documents concerning an Internal Revenue Service ruling that Mr. D'Avola testified considered Neighborhood Restore to be a quasi-governmental entity. Neighborhood Restore has not responded to this request.[5]

  ° On August 9, 2024 following Jeffrey Shear's July 18, 2024 deposition, Plaintiffs asked MDs to produce information that they contend related to his testimony about New York City's tax lien sales lists and, as belt and suspenders, also served formal discovery concerning this request. MDs served responses and objections concerning these requests this Tuesday, August 27 objecting to them in their entirety. Plaintiffs will meet and confer with MDs and, if the impasse remains, promptly raise this issue with the Court.

---

[5] Plaintiffs are entitled to this information pursuant to their original discovery requests but, as belt and suspenders, also served formal discovery upon Neighborhood Restore.

    °   Plaintiffs are in the process of reviewing the over 40,000 documents third-party MHANY produced in July pursuant to the Court's June 21 and July 2, 2024 orders, and are still waiting for MHANY to produce its privilege log (and any additional non-privileged documents). Plaintiffs are still working with third-party Wavecrest to implement Wavecrest's document production.

    °   The parties have agreed in principle to stipulate to the authenticity of documents produced in this matter and anticipate agreeing to the terms of such a stipulation.

- <u>Depositions</u>

    °   Plaintiffs and MDs have conferred and are at an impasse concerning the potential deposition of former Mayor Bill de Blasio. In accordance with the Court's August 28 Order, ECF No. 369, the parties look forward to discussing this issue with Your Honor at the September 3, 2024 telephone conference.

    °   On August 14, 2024, Plaintiffs noticed a 30(b)(6) deposition of third-party MHANY for August 20, 2024. MHANY's counsel offered the week of September 9, 2024 due to a combination of counsel and witness unavailability during preceding weeks. Subject to the Court's allowance of completing this item after the close of fact discovery, Plaintiffs and MHANY have agreed to schedule the deposition on September 12, 2024.

**Dispositive Motion Practice**

Plaintiffs' position, as set forth above, is that the next phase of this case should concern briefing on class certification (and, at Plaintiffs' option, summary judgment on their Takings claims). Accordingly, Plaintiffs request that the Court set the briefing schedule set forth above.

    As noted above, MDs do not agree.

**Expert Discovery**

With respect to the parties' joint request for adjournment of expert discovery deadlines, Plaintiffs contend that some of the outstanding discovery issues will likely impact potential expert reports addressing valuation and damages and other issues. Moreover, class certification briefing (and, potential summary judgment briefing on Plaintiffs' Takings claims) will present case-dispositive issues whose resolution may encourage settlement and limit or even entirely obviate the need for expert opinion addressing Plaintiffs' other claims, such as Equal Protection. Plaintiffs provided several examples of how these motions could moot or alter the scope of expert discovery above, and there are many others. Therefore, Plaintiffs' position is that the Court should revisit expert discovery deadlines following a decision on the motion(s) described above.

As set forth above, MDs disagree with Plaintiffs' contentions concerning expert discovery and do not consent to Plaintiffs' proposal to prioritize their motion for class certification and, possibly, summary judgment. MDs believe that expert discovery should proceed as set forth in the case management order (and all prior amended case management orders), but for the brief extension agreed

to and necessitated by the recent extension of the fact discovery deadline.  MDs propose the following schedule for expert discovery:

- **Initial expert disclosures**: November 15, 2024

- **Rebuttal expert disclosures**: January 10, 2025

- **Depositions**: February 14, 2025

Plaintiffs oppose this schedule, which they contend would likely result in duplication and needlessly increase party litigation costs as expert opinions exchanged on this timeline would likely need to be updated based on the then-pending motion(s) (to the extent still relevant at all).  MDs should not be able to leverage their practically limitless resources to create unreasonable and unnecessary expense for Plaintiffs who have already suffered from their misconduct.  If the Court has concerns about the overall case schedule, Plaintiffs would be happy to address them at the upcoming status conference.

Respectfully submitted,

| | |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |

**PLAINTIFFS**

**ROPES & GRAY LLP**

By: */s/ Alexander B. Simkin*
Gregg L. Weiner
Alexander B. Simkin
Leon Kotlyar
Phillip G. Kraft
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000

Daniel A. Yanofsky (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
(617) 508-4600

*Attorneys for Plaintiffs McConnell Dorce and
Sherlivia Thomas-Murchison*

**WHITE & CASE LLP**

By: */s/ Keith H. Wofford*
Keith H. Wofford
200 South Biscayne Blvd, Suite 4900
Miami, FL 33131-2352
(305) 371-2700

*Attorneys for Plaintiffs McConnell Dorce and
Sherlivia Thomas-Murchison*

**VALLI KANE & VAGNINI LLP**

By: */s/ Matthew L. Berman*
Matthew L. Berman
Robert J. Valli, Jr.
Yolande I. Nicholson, Esq. *Co-Counsel*
600 Old Country Road
Garden City, NY 11530
(516) 203-7180

*Attorneys for Plaintiffs McConnell Dorce, Cecelia
Jones, and Sherlivia Thomas-Murchison*

**DEFENDANTS**

**OFFICE OF THE CORPORATION
COUNSEL**

By: */s/ Andrea B. Feller*
Andrea B. Feller
Daniel Crandall
100 Church Street
New York, NY 10007

*Attorneys for the Municipal Defendants*

**TARTER KRINSKY & DROGIN LLP**

By: */s/ Brian J. Markowitz*
Brian J. Markowitz
1350 Broadway
New York, NY 10018
(212) 216-8029

*Counsel for Defendants Neighborhood Restore
Housing Development Fund and BSDC Kings
Covenant Housing Development Fund Co.*

cc:       Counsel of Record (via ECF)