UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

McCONNELL DORCE, CECELIA JONES, and SHERLIVIA THOMAS-MURCHINSON, individually and on behalf of all other similarly situated,

                 Plaintiffs,

-against-

CITY OF NEW YORK, et al.,

                 Defendants.

Case No. 1:19-cv-02216 (JLR)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge

Plaintiffs McConnell Dorce, Cecelia Jones, and Sherlivia Thomas-Murchinson ("Plaintiffs"), on behalf of themselves and all others similarly situated, seek to compel the deposition of former New York City Mayor Bill de Blasio. Dkt. 368. On September 3, 2024, Magistrate Judge Cave ordered that the City of New York (the "City"); Louise Carroll, former Commissioner of the New York City Department of Housing Preservation and Development ("HPD"); and Sherif Soliman, former Commissioner of the New York City Department of Finance ("DOF," and together with the City and HPD, the "Municipal Defendants"), make available Mr. de Blasio for a two-hour deposition. Dkt. 371 ("Order").

Now before this Court are the Municipal Defendants' objections to Magistrate Judge Cave's September 3, 2024 Order pursuant to Federal Rule of Civil Procedure ("Rule") 72. Dkt. 380 ("Def. Obj."). For the reasons set forth below, the Court adopts Magistrate Judge Cave's Order in full and orders that Mr. de Blasio sit for a deposition lasting no longer than two hours of on-record time.

**BACKGROUND**

The Court presumes familiarity with the underlying events and procedural history and discusses only those facts required to provide context here.

On March 18, 2019, Plaintiffs commenced this action against, among others, Municipal Defendants, Dkt. 7, challenging the Municipal Defendants' operation of the Third-Party Transfer Program (the "TPT Program"), through which the City forecloses on tax-delinquent properties and transfers them to third-party real estate developers. Most relevant here, Plaintiffs allege that the Municipal Defendants discriminated against minority homeowners and neglected to provide adequate notice to homeowners prior to seizing their property. Dkt. 91 ¶¶ 289-320.

On August 27, 2024, Plaintiffs filed a letter-motion seeking to compel a four-hour deposition of Mr. de Blasio. Dkt. 368. The next day, Magistrate Judge Cave denied as moot Plaintiffs' motion to compel and instead construed Plaintiffs' motion as a pre-motion request for a discovery conference pursuant to Local Rule 37.2. Dkt. 369. She stated that the issue would be discussed at the currently scheduled conference on September 3, 2024. *Id.* Prior to the conference, the parties submitted a joint letter setting forth the status of discovery, outlining various pending disputes, and as relevant here, stating that they "have conferred and are at an impasse concerning the potential deposition of former Mayor Bill de Blasio" and "look forward to discussing this issue with Your Honor at the September 3, 2024 telephone conference." Dkt. 370 at 4.

The parties held a discovery conference on September 3, 2024, during which Magistrate Judge Cave heard from Defendants and Plaintiffs on the issue. Dkt. 380-1 ("Conf. Tr."); Dkt. 371. Magistrate Judge Cave ordered that a limited deposition of Mr. de Blasio go forward. Dkt. 371. Applying *Herrera v. New York City Department of Education*, Magistrate Judge Cave found that the former mayor had "unique firsthand knowledge related to the claims in this case,"

including "the decision whether or not to continue the TPT program." Conf. Tr. at 41:20-42:6 (citing *Herrera*, No. 21-cv-7555 (MKV), 2022 WL 2719186 (S.D.N.Y. June 15, 2022)). Magistrate Judge Cave emphasized that other HPD and DOF officials had given "ambiguous" testimony regarding the rationale for continuing the TPT program and found that there were "questions that could be posed to former Mayor De Blasio that would hopefully shed further light on this." *Id.* at 42:10-17. Magistrate Judge Cave also underscored that, because Mr. de Blasio was no longer mayor, a deposition "would not interfere with any 'greater' duties or [be] otherwise unduly burdensome." *Id.* at 42:18-21. Magistrate Judge Cave ordered, however, that the deposition be limited to two hours of on-the-record time. *Id.* at 42:23-25. The same day, Magistrate Judge Cave entered a written order memorializing her ruling. Dkt. 371.

Now before the Court are the Municipal Defendants' Rule 72 objections to Magistrate Judge Cave's September 3, 2024 Order, Dkt. 380 ("Def. Obj."), and Plaintiffs' opposition thereto, Dkt. 388 ("Pl. Opp."). The Municipal Defendants request that the Court either (1) sustain their objections to Magistrate Judge Cave's Order, vacate the Order, and deny the deposition request, or, failing that, (2) sustain their objections to the extent of vacating the Order and remanding the matter for further consideration, with opportunity provided to oppose the deposition application. Def. Obj. at 2. As explained below, the Court rejects the Municipal Defendants' requests and orders the Municipal Defendants to produce Mr. de Blasio for a deposition, not to exceed two hours on the record, consistent with Magistrate Judge Cave's September 3, 2024 Order.

## STANDARD OF REVIEW

"Matters concerning discovery are considered non-dispositive," *Edmonds v. Seavey*, No. 08-cv-5646 (HB), 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009), and are therefore subject to Federal Rule of Civil Procedure 72(a). For non-dispositive motions, a district court

3

must "consider timely objections and modify or set aside any part of the [Magistrate Judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  A finding is deemed clearly erroneous "only if the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Clerveaux v. E. Ramapo Cent. Sch. Dist*., 984 F.3d 213, 228 (2d Cir. 2021) (citation and quotation marks omitted).  "An order is contrary to law when it fails to apply or misapplies relevant statutes case law, or rules of procedure." *Edmonds*, 2009 WL 2150971, at *2 (citation and quotation marks omitted).  "Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes." *Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.*, 499 F. Supp. 2d 475, 477 (S.D.N.Y. 2007) (citation omitted).

## DISCUSSION

To depose a high-ranking government official, "a party must demonstrate exceptional circumstances justifying the deposition," for example, "that the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means." *Lederman v. N.Y.C. Dep't. of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013).  The doctrine applies to former officials, but the "fact that they are not current high-ranking officials is a factor when considering whether the information can be obtained through less burdensome means and whether the deposition will interfere with the official's government duties." *Herrera*, 2022 WL 2719186, at *1 (S.D.N.Y. June 15, 2022) (citation omitted).

The Court addresses each objection in turn.

### A. Magistrate Judge Cave's Application of the Legal Standard is Not Clearly Erroneous

Municipal Defendants argue that "Plaintiffs fall short of meeting the demanding standard for deposing a present or former high government official," and maintain that Magistrate Judge Cave misapplied the controlling legal standard in concluding otherwise. Def. Obj. at 9. The Court agrees with Magistrate Judge Cave's conclusion and finds no basis for holding that Magistrate Judge Cave committed "clear error" in compelling Mr. de Blasio's deposition.[1]

Magistrate Judge Cave referenced the appropriate test for determining whether high-ranking government officials should be subjected to depositions, namely, whether such officials have "unique first-hand knowledge related to the litigated claims" and whether that information "cannot be obtained through other, less burdensome, or intrusive means." *Herrera*, 2022 WL 2719186, at *1 (citation omitted). She then correctly applied that standard to the facts and evidence herein, which demonstrate that the former mayor has unique and non-duplicative information pertaining to the continuation and implementation of the TPT program.

Defendants do not contest that Mr. de Blasio was the key decision maker behind electing to continue foreclosure actions pursuant to the TPT program. *See* Def. Obj. at 12. To be sure, "that Mr. de Blasio was the ultimate decision-maker regarding the alleged policy is not, itself sufficient." *Herrera*, 2022 WL 2719186, at *2 (quotation marks omitted). However, on a review of the record, Magistrate Judge Cave properly concluded that DOF and HPD officials had given "ambiguous" testimony regarding the former mayor's decisional motivations. Conf. Tr. at 42:11-17. Those motivations in turn go to the heart of Plaintiffs' Equal Protection claim, which turns on whether Municipal Defendants acted with discriminatory animus, including how and

---

[1] Notably, as Plaintiffs point out in their opposition papers, Pl. Opp. at 11-12, the Municipal Defendants omit the requisite "clearly erroneous" standard for vacating a Magistrate Judge's non-dispositive ruling.

5

why certain foreclosures were pursued.  The Court is not persuaded that a written memorandum recommending the continuation of the TPT – prepared by HPD, not the former mayor – is a sufficient substitute for live testimony from Mr. de Blasio himself.  Because Magistrate Judge Cave is "best qualified to judge the entire atmosphere of the discovery process," the Court also gives "substantial deference" to her findings on whether a deposition of Mr. de Blasio would be merely additive or have important probative value.  *U2 Home Ent., Inc. v. Hong, Wei Int'l Trading, Inc.*, No. 04-cv-6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007) (citation and quotation marks omitted).

Magistrate Judge Cave also properly determined that the burden of sitting for a deposition is substantially lessened here, where Mr. de Blasio is no longer in office.  That is consistent with *Herrera*, which, in ordering a deposition of Mr. de Blasio, explicitly noted that "requiring Mr. de Blasio to sit for a single deposition would not interfere with any greater duties or otherwise unduly burden him" because he was no longer a government official.  *Herrera*, 2022 WL 2719186, at *2 (citation and quotation marks omitted).

Courts have ordered depositions of high-ranking government officials in similar circumstances.  *See, e.g.*, *Sanstrom v. Rosa*, No. 93-cv-7146 (RLC), 1996 WL 469589, at *5 (S.D.N.Y. Aug. 16, 1996) (compelling deposition of former Governor Mario Cuomo in a 42 U.S.C. § 1983 class action where he "possesse[d] particular information necessary to the development of the plaintiffs' case, which cannot be reasonably obtained by another discovery mechanism") (citation and punctuation omitted); *Gibson v. Carmody*, No. 89-cv-5358 (LMM), 1991 WL 161087, at *1 (S.D.N.Y. Aug. 14, 1991) (authorizing two-hour deposition of former New York City police commissioner where the commissioner "personally participated in proceedings relating to or stemming from the investigation of the facts underlying th[e] case").

6

Defendants' cited cases do not require a contrary result. In *Schiller v. City of New York*, the Court declined to compel the deposition of the former police commissioner because the record showed that policing strategies utilized at the RNC were "formulated in consultation with" other police officers, who offered "comprehensive testimony" on those decisions and were "able to describe the considerations" that went into them. No. 04-cv-7922 (KMK), 2006 WL 2708464, at *2 (S.D.N.Y. Sept. 20, 2006). Here, in contrast, Magistrate Judge Cave determined that HPD and DOF officials offered vague testimony as to Mr. de Blasio's motivations for continuing the TPT program and therefore could not adequately describe his rationale for doing so. *In re New York City Policing During Summer 2020 Demonstrations* involved a *Monell* claim that, unlike the Equal Protection claim at issue here, could be established by showing that the "actions or decisions at issue in [the] case were made by municipal officials with decision-making authority" – information that could be obtained from "the chain of command," without involving the former commissioner. 677 F. Supp. 3d 206, 208 (S.D.N.Y. 2023) (citation and quotation marks omitted).

### B. The Municipal Defendants Were Not Denied Due Process

Municipal Defendants separately argue that Magistrate Judge Cave compelled Mr. de Blasio's deposition "without providing adequate due process." Def. Obj. at 16. According to Municipal Defendants, Magistrate Judge Cave should have offered them a "full and fair opportunity to brief the issue" instead of rendering a determination at the conclusion of the parties' pre-motion conference. *Id.* at 18. Courts, however, may "construe pre-motion letters as motions, provided all parties are given notice and have an opportunity to be heard on the substantive issues." *Marquez v. Silver*, No. 18-cv-7315 (ALC), 2023 U.S. Dist. LEXIS 27544, at *9 (S.D.N.Y. Feb. 17, 2023).

7

A review of the record demonstrates that the Municipal Defendants had a fair opportunity to be heard. Magistrate Judge Cave notified the parties on August 28, 2024 that they would be discussing the issue of Mr. de Blasio's deposition at their September 3, 2024 conference. Dkt. 369. On August 28, 2024, the parties filed a joint letter acknowledging that they were at an impasse regarding Plaintiffs' request for Mr. de Blasio's deposition and stating that they "look[ed] forward to discussing" the issue of Mr. de Blasio's deposition with Magistrate Judge Cave. Dkt. 370 at 4. The Municipal Defendants therefore had sufficient notice that the parties would be addressing whether Plaintiffs were entitled to take Mr. de Blasio's deposition at the September 3, 2024 conference, and entered that conference with the benefit of Plaintiffs' authorities and legal arguments, as set forth in Plaintiffs' August 27, 2024 letter-motion. Dkt. 368. At the conference, the Municipal Defendants had a fair opportunity to present their position and the relevant authorities prior to Magistrate Judge Cave issuing her ruling on the record. *See* Conf. Tr. at 35:13-38:10. The Municipal Defendants argued that the deposition should not take place, presented what they characterized as contrary case law, and argued that the case law cited by Plaintiffs was distinguishable. *Id.* at 37:5-38:10. At no point during the conference did the Municipal Defendants assert that Magistrate Judge Cave should not decide the dispute nor did they ask to submit additional materials after Judge Cave heard argument from the parties on this issue. *See generally* Conf. Tr. The Municipal Defendants' reliance on cases where courts granted *dispositive* motions resulting in *dismissal* of claims without formal filing of motions or without the benefit of both parties' positions, Obj. at 11-14, are also inapposite in the context of a non-dispositive discovery dispute where both parties had a fair opportunity to be heard. Therefore, under these circumstances, the Court does not find that Magistrate Judge Cave's decision to resolve the discovery dispute at the conference, without the benefit of a letter from

8

the Municipal Defendants, constituted an "abuse of discretion." *See StreetEasy, Inc. v. Chertok*, 730 F. App'x 4, 6 (2d Cir. 2018) (summary order) (declining to find an abuse of discretion where district court ruled on pre-motion letters without full briefing).

In any event, vacating Magistrate Judge Cave's ruling to allow for further briefing would be a futile exercise. Even upon an independent review of the Municipal Defendants' legal authorities and arguments by this Court, for the reasons set forth above, this Court reaches the same conclusion as Magistrate Judge Cave, namely, that Mr. de Blasio has unique and non-additive information pertaining to the TPT program and that the burden is lessened given that Mr. de Blasio is no longer an elected official. Defendants have not suggested that they would present any arguments the Court has not already considered. *See StreetEasy*, 730 F. App'x at 6 (rejecting full briefing where defendant "[a]t no point . . . identified any additional arguments he would have pressed, or evidence he would have introduced").

## CONCLUSION

For the foregoing reasons, the Court REJECTS the Municipal Defendants' objections and fully ADOPTS Magistrate Judge Cave's Order granting Plaintiffs' request to depose Mr. de Blasio. Municipal Defendants shall make Mr. de Blasio available for a deposition not to exceed two hours on the record.

Dated: October 15, 2024
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge